**THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| MFB Fertility, Inc., | |
| Plaintiff, | Case No. 1:23-cv-03854 |
| v. | Dist. Judge Harry D. Leinenweber |
| Action Care Mobile Veterinary Clinic, LLC, | Mag. Judge Gabriel A. Fuentes |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ACTION CARE MOBILE VETERINARY CLINIC, LLC'S MOTION TO DISMISS PLAINTIFF MFB FERTILITY, INC.'S COPYRIGHT INFRINGEMENT CLAIM AND FOR ATTORNEYS' FEES**

Defendant Action Care Mobile Veterinary Clinic, LLC ("Action Care" or "Defendant") respectfully submits this Memorandum of Law in support of its Motion to Dismiss Plaintiff MFB Fertility, Inc.'s ("MFB" or "Plaintiff") Copyright Infringement Claim and for Attorneys' Fees ("Motion"), pursuant to Federal Rule of Civil Procedure 12(b)(6), principally on the grounds that there is no substantial similarity in protected expression between Action Care's digital properties marketing Action Care's OVUPROOF testing kits ("Action Care's Digital Properties") and Plaintiff's compilation of digital content comprising text, photographs, and artwork entitled "Proov" ("Proov Content" or "Copyrighted Work").[1] As a result, if Action Care is deemed the

---

[1] Action Care further maintains that Plaintiff's claim for trademark infringement is subject to dismissal with prejudice, including, without limitation, because Plaintiff's trademark registration of the standard character trademark "PROOV" should be cancelled, as it is a misspelling of the words "PROOF" or "PROVE" – generic or descriptive terms with respect to the parties' products: fertility tests. *See, e.g.*, *Miller Brewing Co. v. Jos. Schlitz Brewing Co.*, 605 F.2d 990, 996 (7th Cir. 1979) (affirming district court's cancellation of the trademark "LITE" for beer, because "a generic term cannot be appropriated through the device of misspelling it"); *Miller Brewing Co. v. G. Heileman Brewing Co.*, 561 F.2d 75, 79 (7th Cir. 1977) ("A generic or common descriptive term is one which is commonly used as the name or description of a kind of goods. It cannot become a trademark under any circumstances. Using the phonetic equivalent of a common descriptive word, *i.e.*, misspelling it, is of no avail.") (emphasis added and internal citations omitted). Action Care acknowledges, however, that MFB's success in obtaining a federal trademark registration creates certain presumptions that Action Care is unlikely to overcome at the motion-to-dismiss stage. As a result, Action Care expects to dispose of MFB's meritless trademark infringement claim at summary judgment.

prevailing party in this suit with respect to MFB's copyright claim, Action Care seeks compensation for Action Care's attorneys' fees and costs.[2]

## PRELIMINARY STATEMENT

Plaintiff improperly attempts to weaponize copyright law to limit legitimate competition within Plaintiff's industry. Merchants selling their products online, including through platforms such as Amazon, routinely showcase their products and services through graphics, product descriptions, and answers to frequently asked questions. Copyright law protects creativity and not facts, ideas, concepts, processes, methods of operation, or short phrases.

Plaintiff cannot claim copyright infringement here because, under multiple theories of copyright law, any potential similarities between Action Care's Digital Properties and the Proov Content consist of unprotectable elements. Furthermore, the nature of Plaintiff's and Action Care's market requires a closer analysis of the *differences* between the companies' respective digital properties. This analysis results in only one plausible conclusion – Action Care did not copy MFB's Proov Content as a matter of law.

In the Seventh Circuit, and throughout the country, courts routinely grant motions to dismiss copyright infringement cases for lack of substantial similarity based on a side-by-side comparison of the works. In any case turning on substantial similarity of protected expression, the actual works are the relevant evidence. "[C]ases in which the court need only compare works of authorship to determine whether the plaintiff's claims are plausible are excellent candidates for pre-discovery dismissal." *Culver Franchising v. Steak N Shake, Inc*., No. 16 CV 72, at *17 (N.D.

---

[2] On July 24, 2023, pursuant to Fed. R. Civ. P. 4(d), MFB sent Action Care a service waiver request, which was executed and returned to MFB on behalf of Action Care that same day. Pursuant to Fed. R. Civ. P. 4(d)(3), agreement to waive service provides the party waiving service with 60 days after the date of the service waiver request to answer a complaint, meaning that Action Care's deadline to file an answer to the Complaint is September 22, 2023. As a result, Action Care intends to file its Answer, Affirmative Defenses, and Counterclaims by September 22, 2023. Action Care's counterclaims include claims for misrepresentation under Section 512(f) of the DMCA, tortious interference with prospective economic advantage, defamation *per se*, defamation *per quod*, and cancellation of MFB's trademark.

Ill. Aug. 5, 2016) (internal quotations and citations omitted). This Court should dismiss MFB's copyright infringement claim with prejudice and award Defendant its costs and attorneys' fees as the prevailing party.

## ARGUMENT

## I.      PLAINTIFF'S COPYRIGHT INFRINGEMENT CLAIM MUST BE DISMISSED WITH PREJUDICE.

To establish copyright infringement, a plaintiff must prove (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publications, Inc. v. Rural Tel. Service Co.*, 499 U.S. 340, 361 (1991). Where, as here, a plaintiff does not plausibly allege facts directly establishing that the defendant copied from plaintiff's work, the plaintiff must allege facts sufficient to show that (1) the defendant had a reasonable opportunity to copy the work (*i.e.*, the defendant had "access"), and (2) the works at issue are substantially similar in their protectable expression. *Peters v. West*, 692 F.3d 629, 633 (7th Cir. 2012).

Action Care does not dispute at this stage that MFB owns a valid copyright in the Proov Content, nor that Action Care had access to the Proov Content. Action Care's Digital Properties are not, however, substantially similar (let alone strikingly similar) to the Proov Content as a matter of law. Though Plaintiff has chosen not to attach either of the parties' works to the Complaint, as discussed below, it is appropriate for the Court to take judicial notice of the works at the motion-to-dismiss stage. Consequently, Defendant has submitted the Proov Content and Action Care's Digital Properties to the Court for review.[3]

---

[3] Plaintiff has not, despite multiple requests by Action Care, provided Action Care with a copy of the deposit that Plaintiff submitted with its copyright registration application, nor with any evidence of any allegedly infringing publications by Action Care. Plaintiff was forced to obtain a certified copy of the deposit of the Proov Content from the U.S. Copyright Office. (Declaration of Ilya G. Zlatkin, ¶¶ 3–9.) Meanwhile, Action Care's Digital Properties, as submitted in support of this Motion, are Action Care's best attempts to compile content published by Action Care regarding its OvuProof products on Action Care's website and Action Care's Amazon listing. (*Id*., ¶ 14.) If Plaintiff believes that Action Care has not accurately represented what constitutes the digital properties that allegedly infringe

### a. It Is Appropriate for the Court to Take Judicial Notice of the Parties' Respective Works at the Motion to Dismiss Stage of This Litigation.

"A motion to dismiss under Rule 12(b)(6) can be based 'only on the complaint itself, documents attached [to] the complaint, documents that are critical to the complaint and referred to in it, and the information that is subject to proper judicial notice.'" *Hajim v. Endemol Shine UK, & House of Tomorrow Ltd.*, 545 F. Supp. 3d 643, 649 (N.D. Ill. 2021) (LEINENWEBER, J.) (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)). When a copyright infringement claim references the disputed works, the Court may review the two works on a motion to dismiss. *Hajim*, 545 F. Supp. 3d at 649 (citing *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012)). Accordingly, Action Care has submitted to the Court a certified deposit copy of the Proov Content from the Copyright Office (Registration No. TX 9-274-663) and submits concurrently with this Motion properly authenticated screenshots of Action Care's Digital Properties. (*See* Zlatkin Decl., ¶¶ 10–14, Exs. A–B; footnote 4, *supra*); *see also Hobbs v. John*, 722 F.3d 1089, 1091 n.2 (7th Cir. 2013) ("'[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim.'") (quoting *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir.1994)).

In addressing substantial similarity on a Rule 12(b)(6) motion, when a court reviews the works at issue, if that review reveals the works are not substantially similar in protectable expression, the court should dismiss the copyright claim with prejudice. *See Hobbs*, 722 F.3d at 1095–96 (affirming dismissal based on lack of substantial similarity at the pleading stage); *Peters v. West*, 692 F.3d 629, 630 (7th Cir. 2012) (same). Courts are fully equipped to assess substantial similarity on a motion to dismiss because "no discovery or fact-finding is typically necessary . . . .

---

upon Plaintiff's rights in the Proov Content, Action Care invites Plaintiff to include the allegedly infringing works in Plaintiff's responsive pleading(s) to this Motion.

[W]hat is required is only a visual comparison of the works." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010); *accord Hobbs*, 722 F.3d at 1094–95; *Peters*, 692 F.3d at 630. When comparing works at the pleading stage, "the works themselves supersede and control any contrary allegations, conclusions or descriptions of the works as contained in the pleadings." *Theotokatos v. Sara Lee Pers. Prod.*, 971 F. Supp. 332, 341 (N.D. Ill. 1997).

Since the determination of substantial similarity involves only a comparison of the works at issue, courts in the Seventh Circuit and around the country routinely dismiss meritless copyright infringement claims like Plaintiff's on Rule 12(b)(6) motions where, as here, a comparison of the works makes clear that the works are not substantially similar in their protectable expression. *See*, *e.g.*, *Hobbs*, 722 F.3d at 1096 (holding, "as a matter of law," that two songs are not "substantially similar" and affirming dismissal of copyright claims on a motion to dismiss); *Peters*, 692 F.3d at 636 (concluding that a plaintiff's "claim for copyright infringement fails as a matter of law" at the motion to dismiss stage); *Hajim*, 545 F. Supp. 3d at 649 (dismissing copyright claims with prejudice at the motion-to-dismiss stage because plaintiff's "long list of comparisons [did] not create a plausible claim of substantial similarity."); *Meynart-Hanzel v. Turner Broad. Sys.*, No. 17 C 6308, at *12 (N.D. Ill. Sep. 18, 2018) (Leinenweber, J.) ("In a copyright infringement case, a court may dismiss pursuant to 12(b)(6) when a plaintiff's complaint fails to establish substantial similarities between the works in question."). Because substantial similarity is determined based on an ordinary observer's comparison of the actual works, discovery is not necessary. Thus, if the Court compares the Proov Content and Action Care's Digital Properties and determines that substantial similarity is absent, Plaintiff's copyright infringement claim must be dismissed.

### B.  The Works Are Not Substantially Similar, Let Alone Strikingly Similar.

"When considering substantial similarity, it is essential to focus on protectable expression. Similarity by itself – even close similarity – should not automatically spark an inference of

unlawful copying." *Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1101 (7th Cir. 2017) (emphasis in original). Two identical works can exist without infringement, because both works can be "copies of the same thing in the public domain." *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1170 (7th Cir. 1997). Proving substantial similarity is even more important "where the field is crowded or where aesthetic choices may be secondary to consumer demands or functional requirements." *Lexington Homes*, 858 F.3d at 1101 (emphasis added).

In determining whether two works are substantially similar, courts in this Circuit apply the "ordinary observer test," which asks "whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectible expression." *Lexington Homes*, 858 F.3d at 1101. Similarity of "protectable expression" is key, because "despite what the ordinary observer might see, the copyright laws preclude appropriation of only those elements of the work that are protected by copyright." *Incredible Techs. v. Virtual Techs.*, 400 F.3d 1007, 1011 (7th Cir. 2005). Thus, when deciding substantial similarity, "unprotected, or unprotectable, elements of the work in question, even those that 'are most significant and most clearly similar,' are not taken into account." *Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc.*, 975 F. Supp. 2d 920, 927 (N.D. Ill. 2013) (quoting *Incredible Techs.*, 400 F.3d at 1012); *Meynart-Hanzel*, No. 17 CV 6308, at *16 ("The Court first considers certain elements and features of creative works that are excluded from protection."). With this framework in mind, there are several fundamental principles.

**First**, originality is a requirement for copyright protection. *Feist*, 499 U.S. at 345. "Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Id*. The standard for originality, therefore, is not high, "but it does exist." *Id*.

at 362. As a result, the U.S. Copyright Office has specified that "words and short phrases such as names, titles, and slogans" are not subject to copyright protection. 37 C.F.R. § 202.1; *see also*, *Alberto-Culver Company v. Andrea Dumon, Inc.*, 466 F.2d 705, 710–11 (7th Cir. 1972) (explaining that short phrases hardly qualify as an appreciable amount of original expression). The requirement of originality also means that <u>facts are not copyrightable</u>. *Feist*, 499 U.S. at 347.

**Second**, copyright protection does not "extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102. In short, while copyright prohibits unauthorized copying of an author's original expression of an idea, it does not bar anyone from using the idea itself. *Golan v. Holder*, 565 U.S. 302, 328 (2012) ("Due to this [idea/expression] distinction, every idea, theory, and fact in a copyrighted work becomes instantly available for public exploitation at the moment of publication; the author's expression alone gains copyright protection.") (internal quotations omitted). Furthermore, "[i]f an idea or procedure can be expressed in only a few ways, it is easy to copyright every form in which the idea can be expressed, indirectly protecting the idea itself." *Design Basics, LLC v. Signature Constr., Inc.*, 994 F.3d 879, 889 (7th Cir. 2021). When that happens, the idea "merges" with the expression, and the expression is deemed unprotectable. *Id*. This principle, known as the <u>merger doctrine</u>, requires courts to identify the idea that the work expresses, and then conduct an analysis to determine whether the idea and expression are essentially inseparable. *See id*. at 889–90.

**Third**, under the doctrine of *scènes à faire*, the Copyright Act does not protect "elements of a work that are 'indispensable, or at least standard, in the treatment of a given topic.'" *Lexington Homes*, 858 F.3d at 1102 (quoting *Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 102 (2d Cir. 2014)). Copyright owners cannot rely on features that are "so rudimentary, commonplace, standard, or

unavoidable that they do not serve to distinguish one work within a class of works from another." *Bucklew v. Hawkins, Ash, Baptie & Co.*, 329 F.3d 923, 929 (7th Cir. 2003). This applies even with respect to advertising. *Hearthware, Inc. v. E. Mishan & Sons, Inc.*, No.: 11 CV 5233, at *7 (N.D. Ill. Aug. 10, 2012) (citing *Reed-Union Corp. v. Turtle Wax, Inc.*, 77 F.3d 909, 914 (7th Cir. 1996)); *see also*, *Pampered Chef, Ltd. v. Magic Kitchen, Inc.*, 12 F. Supp. 2d 785, 791 (N.D. Ill. 1998) (deeming that, under the *scènes à faire* doctrine, a kitchen supply catalog has "certain core ideas that must be logically represented"); *Culver Franchising Sys.*, No. 16 CV 72, at *12–14 (applying the *scènes à faire* doctrine in comparing two commercials and deeming them not substantially similar).

**Fourth**, advertising materials, to the extent that they convey information about the products they promote, are generally given rather thin protection under copyright law. *See, e.g.*, *Alberto-Culver Co.*, 466 F.2d at 710–11 (affirming district court's ruling that "the textual part of a label generally requires different treatment than the pictorial aspects of the label. Where the text is merely descriptive matter that does not aid or augment the pictorial illustration, it is not subject to copyright."); *Pampered Chef*, 12 F. Supp. 2d at 792 ("[C]ourts have consistently observed that where catalogs are concerned, the similarity of expression may have to amount to a verbatim reproduction or very close paraphrasing before a factual work will be deemed infringed.") (internal quotation marks omitted); *Sassafras Enterprises, Inc., v. Roshco*, 889 F. Supp. 343, 346–47 (N.D. Ill. 1995) ("To the extent that [plaintiff's] booklet and pamphlet concern the use and care of [plaintiff's product], they lack originality in both respects and are therefore noncopyrightable.").

It is true that unique combinations of unprotectable elements may be protectable, but only if the unprotectable elements "are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship." *Peters v. West*, 776 F. Supp. 2d 742, 750 (N.D. Ill. 2011), *aff'd* 692 F.3d 629, 632 (7th Cir. 2012). This doctrine will be

8

of no help to Plaintiff. While the Proov Content in its entirety may be deemed copyrightable through its extensive compilation of unprotectable elements, the similarities (if any) to Action Care's Digital Properties are way too sparse to lead to a conclusion that Action Care copied those limited portions of the Proov Content in violation of any duty not to do so. *See Hobbs*, 722 F.3d at 1096 (quoting Seventh Circuit's *Peters* ruling and concluding that the works at issue "do not 'share enough unique features to give rise to a breach of the duty not to copy another's work.'").

Not only has MFB failed to include either MFB's or Action Care's works in the Complaint, but the Complaint does not even include any side-by-side comparison of the alleged similarities between the works. Plaintiff only states that the copied material consists of "text associated with FAQ's and product descriptions from MFB's Amazon website and the MFB corporate website, including text and information as to who might have a problem with ovulation, when to test, what constitutes a successful ovulation…" (Complaint, ¶ 12.) As described in the Complaint, these alleged similarities all consist of facts, ideas, procedures, and concepts, which are unprotectable by themselves. Considering that short phrases also would be unprotectable, the only way in which Action Care could potentially be deemed to have infringed upon MFB's copyright is through verbatim copying of long sentences and passages from the Proov Content. Nothing from what MFB has provided to date suggests that MFB's and Action Care's marketing materials contain any similarities in protectable subject matter.

Though the works themselves in their entirety are the ultimate evidence for determining substantial similarity, there is some precedent for courts' conducting side-by-side comparisons to evaluate whether particular elements of advertisements are unprotectable. *See, e.g.*, *Ready Productions, Inc. v. Cantrell*, 85 F. Supp. 2d 672, 686–90 (S.D. Tex. 2000) (dismissing copyright infringement claims after an itemized comparison of similarities in phrasing of advertisements,

including entire sentences); *Doskocil Mfg. Co. v. Make Ideas, LLC*, No. 3:21-CV-1098-B, at *27–29 (N.D. Tex. Feb. 1, 2023) (same); *accord*, *Alberto-Culver Co.*, 466 F.2d at 711 (denying protection to advertising phrase "most personal sort of deodorant" after comparing it to the accused advertisement); *Sassafras Enterprises*, 889 F. Supp. at 345–47 (citing *Alberto-Culver* and explaining that none of the compared language in two competitors' brochures and pamphlets was sufficiently original, because "instructions dictate themselves and flow from the characteristics and intended use of the product, not from the imagination of any independent author.").

Toward that end, Action Care submits with this Motion a table consisting of the aspects of the Proov Content and Action Care's Digital Properties that MFB claims infringe upon MFB's rights. (*See* Appendix 1.) Without any further specificity from MFB, the attached table is Action Care's good-faith attempt to compile anything resembling similar phrasing between the Proov Content and Action Care's Digital Properties. As is evident from the side-by-side comparisons, any similarities are limited only to unprotectable elements. An analysis of the works in their entirety leads only to further confusion as to why MFB thought it was a good idea to waste the Court's resources (and to expose itself to Action Care's counterclaims) with this lawsuit. In the absence of anything that could even remotely be considered substantial similarity as a matter of law, MFB's copyright infringement claim must be dismissed.

## II.    ATTORNEYS' FEES SHOULD BE AWARDED TO DEFENDANT

If the Court dismisses MFB's copyright infringement claim against Action Care, then Action Care will be deemed the prevailing party with respect to MFB's copyright infringement claims. Even though the case would not be dismissed in its entirety due to MFB's pending trademark infringement claim (and Action Care's counterclaims), this would not prevent Action Care from recovering fees and costs specifically relating to the copyright claim. The Court should award attorneys' fees and costs to Action Care, with the amounts to be proven in future filings.

#### a. Prevailing Defendants Are Entitled to Their Attorneys' Fees Under the Copyright Act

Section 505 of the Copyright Act provides that a court "in its discretion may allow the recovery of full costs" to any party in a copyright action, and "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. "A court may not treat prevailing plaintiffs and prevailing defendants any differently; defendants should be 'encouraged to litigate [meritorious copyright defenses] to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement.'" *Kirtsaeng v. John Wiley & Sons,* 136 S.Ct. 1979, 1985 (2016).

### I. There Is a Strong Presumption Action Care Is Entitled to Fees

The Seventh Circuit recently reinforced that "prevailing defendants in copyright cases are presumptively entitled (and strongly so) to recover attorney fees." *Live Face on Web, LLC v. Cremation Soc'y of Ill.*, No. 22-1641, at *3 (7th Cir. Aug. 11, 2023) (internal quotation marks omitted). A district court's discretion to the contrary is "very narrow." *Id*. As the *Live Face on Web* court made clear, the sole instance in which the Seventh Circuit has affirmed a denial of attorneys' fees to a prevailing defendant in a copyright infringement claim is when the defendants "never substantively litigated the claim, and they filed not one motion related to it." *Id*. at 4 (citing *Timothy O'Brien LLC v. Knott*, 962 F.3d 348 (7th Cir. 2020)). This very Motion evidences that Action Care has substantively litigated MFB's meritless copyright claim. The presumption can be overcome "only if the nonexclusive *Fogerty* factors manage to surmount it." *Live Face on Web*, No. 22-1641, at *3–4. Thus, while the evidentiary record at the motion-to-dismiss stage is limited, the burden with respect to attorneys' fees is shifted to MFB.

## II. The *Fogerty* Factors Also Weigh in Favor of Awarding Fees

Courts analyzing fee requests under Section 505 are guided by several nonexclusive factors, including frivolousness, motivation, objective reasonableness, and the need to advance considerations of compensation and deterrence. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). As set forth below, the *Fogerty* factors all favor Action Care, and MFB will not be able to come close to surmounting the presumption in favor of awarding attorneys' fees to Action Care.

### 1. MFB's Copyright Infringement Claim Was Frivolous and Objectively Unreasonable

Two of the *Fogerty* factors are frivolousness and objective unreasonableness of claims. While there is no clear definition for what exactly makes a copyright claim frivolous or objectively unreasonable, the Seventh Circuit has previously defined "frivolous" claims as being those that have "no reasonable basis, whether in fact or in law." *Roger Whitmore's Auto. Servs., Inc. v. Lake Cty.*, 424 F.3d 659, 675 (7th Cir. 2005). Thus, frivolity and unreasonableness of claims are interconnected. It is important to emphasize that the losing party's conduct does not need to be deemed "sanctionable" for the winner to be awarded attorneys' fees in a copyright suit. *Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 526 F.3d 1093, 1099 (7th Cir. 2008). Furthermore, a copyright infringement suit can be deemed frivolous, even if a copyright violation technically exists. *Eagle Serv. Corp. v. H20 Ind. Serv*, 532 F.3d 620, 623 (7th Cir. 2008) ("When a plaintiff is just suing for money and he has no ground at all for obtaining a money judgment, the fact that his rights may have been violated does not save his suit from being adjudged frivolous.").

MFB's Complaint includes demands for relief from which it is statutorily barred. Specifically, MFB states in its Complaint that it is entitled to attorneys' fees. (Compl., ¶ 23.) Even if MFB's copyright claim had any merit, MFB would be barred from obtaining attorneys' fees and costs under the Copyright Act, because MFB obtained its copyright registration more than three

months after first publication of the Proov Content and because Action Care's alleged infringement began before MFB obtained its copyright registration. *See* 17 U.S.C. § 412; Dkt. 6-1 (showing that the Proov Content was first published in November 2022 and that the effective date of registration was June 14, 2023).

Also, at least one court in this District found frivolousness when a plaintiff failed to provide essential files to the defendant. *Malibu Media, LLC v. Mullins*, No. 18-cv-06447, at \*7 (N.D. Ill. Jan. 13, 2021) (deeming "continued failure to share with [defendant] and his counsel the digital files from [plaintiff's] pre-filing investigation" as a factor contributing to a finding of frivolousness of a copyright claim). Not only did MFB choose not to attach the parties' works to the Complaint, but when Action Care requested to receive copies of MFB's copyright deposit and the digital properties that MFB alleged had infringed upon MFB's rights, MFB refused to do so. Plaintiff was forced to order the deposit from the Copyright Office. More importantly, the only reason that Action Care was able to obtain a copy of Action Care's own Amazon listing was because Action Care's counsel wrote a letter to Amazon explaining Action Care's position on the case. Amazon proceeded to reinstate Action Care's listing for about five days, during which Action Care's counsel was able to capture screenshots of the listing. The listing was subsequently again removed due to MFB's pending copyright infringement claim, and Action Care continues to incur damages.

Neither frivolousness nor bad faith, however, are requirements for attorneys' fees to be awarded to the prevailing party in a copyright suit. *JCW Investments, Inc. v. Novelty, Inc.*, 509 F.3d 339, 342 (7th Cir. 2007); *Susan Wakeen Doll v. Ashton Drake Galleries*, 272 F.3d 441, 457 (7th Cir. 2001). "Even if the lawsuit were not frivolous, this does not distinguish it from a great many copyright infringement cases." *Live Face on Web*, No. 22-1641, at \*7 (internal quotation marks omitted). Objective unreasonableness of a copyright claim, in turn, relates to the weakness

13

of the losing party's position. *See Kirtsaeng*, 136 S. Ct. at 1987. Regardless of whether MFB's suit was frivolous, at a minimum, it was objectively unreasonable for all of the reasons set forth above as to why there is no substantial similarity between the parties' works.

### 2. MFB's Motivation in Filing This Action Was Improper

MFB's motivation in initiating this litigation was to eliminate a competitor from the marketplace. As set forth in more detail in Action Care's counterclaims, MFB first submitted a DMCA takedown notice to Amazon, and after Action Care submitted a counter-notice, MFB proceeded to file this suit, resulting in Amazon's removal of Action Care's listing of its fertility test strips. The Seventh Circuit has previously awarded fees when a losing plaintiff sought to use meritless copyright claims to eliminate competition. *See Klinger v. Conan Doyle Estate, Ltd.*, 761 F.3d 789, 792 (7th Cir. 2014) (noting that losing copyright claimant "was playing with fire in asking Amazon . . . to cooperate with it in enforcing its nonexistent copyright claims against [prevailing defendant]."); *Eagle Serv. Corp. v. H20 Ind. Serv*, 532 F.3d 620, 623 (7th Cir. 2008) (reversing district court's denial of prevailing defendant's attorneys' fees when "[i]t is apparent that the suit was filed in order to cramp the style of a competitor").

### 3. The Need to Advance Considerations of Compensation and Deterrence Are Met with a Fee Award

An award of attorneys' fees here promotes the purpose of the Copyright Act and is warranted by considerations of compensation and deterrence. *Kirtsaeng*, 136 S.Ct. at 1986–87 ("When a litigant – whether plaintiff or defendant – is clearly correct, the likelihood that he will recover fees from the opposing (*i.e.*, unreasonable) party gives him an incentive to litigate the case all the way to the end. [T]hose results promote the Copyright Act's purposes, by enhancing the probability that both creators and users (*i.e.*, potential plaintiffs and defendants) will enjoy the substantive rights the statute provides."). "The availability of compensation to a 'clearly correct'

party provides 'an incentive to litigate the case all the way to the end,' thereby serving the goals of the Copyright Act and strengthening the body of copyright law." *Kirtsaeng*, 139 S.Ct. at 1986. Here, an award of attorneys' fees to Action Care would promote the goals of the Copyright Act, as articulated in *Kirtsaeng*, to compensate Action Care for defending against MFB's meritless claims, and to deter MFB from pursuing unreasonable or frivolous claims in any future litigation. As for deterrence, in exercising its discretion to award fees, the Court "must take into account a range of considerations beyond the reasonableness of litigating positions." *Id.* at 1989. For example, the Court may award fees "to deter repeated instances of overaggressive assertions of copyright claims, again even if the losing position was reasonable in a particular case." *Id.*

### b. Action Care Is Also Entitled to Reimbursement for Costs and Non-Taxable Expenses

Under Section 505 of the Copyright Act, Action Care is also entitled to costs and non-taxable expenses. The amount will be proved up through subsequent filings.

## <u>CONCLUSION</u>

Based on the foregoing, Defendant respectfully requests that the Court dismiss Plaintiff's copyright infringement claim with prejudice. Defendant further requests an award of its costs and attorneys' fees as the "prevailing party," in an amount to be proven at a subsequent date.

Dated: September 15, 2023

Respectfully submitted,

ACTION CARE MOBILE VETERINARY CLINIC, LLC

By: /s/ Ilya G. Zlatkin
Ilya G. Zlatkin
ZLATKIN CANN ENTERTAINMENT
4245 North Knox Avenue
Chicago, Illinois 60641
Email: ilya@zce.law

*Attorney for Defendant Action Care Mobile Veterinary Clinic, LLC*

15