## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MFB Fertility, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:23-cv-03854 |
| | ) | |
| v. | ) | |
| | ) | Dist. Judge Harry D. Leinenweber |
| Action Care Mobile Veterinary Clinic, LLC, | ) | |
| | ) | Mag. Judge Gabriel A. Fuentes |
| Defendant. | ) | |
| | ) | |

## ANSWER, AFFIRMATIVE DEFENSES, & COUNTERCLAIMS

Defendant/Counter-Plaintiff, Action Care Mobile Veterinary Clinic, LLC ("Action Care" or "Plaintiff"), by and through its attorneys, ZLATKIN CANN ENTERTAINMENT, submits the following Answer, Affirmative Defenses, & Counterclaims in response to the Complaint filed by Plaintiff/Counter-Defendant MFB Fertility, Inc. ("Plaintiff" or "MFB"):

## ANSWER TO COMPLAINT

1.     MFB is a Colorado corporation with a principal place of business in Boulder, Colorado.

**ANSWER: Admitted.**

2.     Action Care is a Maryland limited liability company and an online retailer specializing in the sale of Action Care PdG ovulation test strips under the trade name Action Care Wellness. The Action Care Wellness trade name was registered on December 5, 2022.

**ANSWER: Admitted.**

3.     This Court has jurisdiction over the subject matter of this action pursuant to the Copyright Act of 1976, as amended, 17 U.S.C. § 101, et seq and the Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq. (the "Lanham Act"). This Court has original jurisdiction over this action under 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a). This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of a different state than Defendant.

**ANSWER: Admitted.**

4.     This Court has personal jurisdiction over Action Care because Action Care does and transacts business in this District, and Action Care's infringing products and have been promoted, distributed, offered for sale, and sold within this District.

**ANSWER: Action Care admits that it has made Action Care's products available for purchase in this District, as a result of which the Court has personal jurisdiction over Action Care. Action Care denies the remaining allegations of this paragraph.**

5.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(a) because Defendant does business in this District and is subject to personal jurisdiction in this District.

**ANSWER: The allegations in paragraph 5 constitute legal conclusion(s) to which no response is required. To the extent a response is required, Action Care denies the allegations in paragraph 5.**

6.     MFB researches, develops, and sells in-home tests for fertility tracking purposes. Plaintiff's founder and CEO, Dr. Amy Beckley, is a scientist with a PhD in Pharmacology and is a nationally recognized fertility expert. In 2016, after experiencing her own fertility challenges, Dr. Beckley invented a test that measures the presence of progesterone metabolites in urine and allows women to confirm successful ovulation by tracking progesterone (PdG) levels at home. MFB promotes, offers for sale, and sells products utilizing such tests under the trademark PROOV®.

**ANSWER: Action Care is without knowledge or information sufficient to admit or deny the allegations in this paragraph and therefore denies the same.**

7.     Products offered under the PROOV brands were the first to obtain FDA clearance as an at-home ovulation confirmation test and have been utilized by tens of thousands of women across the United States to assist with ovulation confirmation. PROOV branded products are particularly concerned with simple practical procedures that can readily be applied by unskilled persons, e.g., in the home, to provide reliable information concerning confirmation of whether or not ovulation has occurred, whether progesterone levels are sufficient to support a pregnancy, and other information relating to or deriving from the presence of progesterone in the body.

**ANSWER: Action Care is without knowledge or information sufficient to admit or deny the allegations in this paragraph and therefore denies the same.**

8.     Since the PROOV branded products were first introduced to the market, MFB has made significant investments toward marketing and promoting its test products under the PROOV name and, as a result, PROOV has become uniquely associated within the in-home ovulation test

DEFENDANT'S/COUNTER-PLAINTIFF'S ANSWER, AFFIRMATIVE DEFENSES & COUNTERCLAIMS
PAGE 2

market as being a source-indicating designation for MFB and its products. Potential purchasers of in-home test products have come to exclusively associate PROOV-branded products as being synonymous with MFB and genuine MFB goods. Accordingly, MFB has built up considerable goodwill in connection with the PROOV brand, which has become valuable intellectual property.

**ANSWER: Action Care is without knowledge or information sufficient to admit or deny the allegations in this paragraph and therefore denies the same.**

9.      MFB is the exclusive owner of an original copyright-protected work of authorship with respect to a compilation of digital content comprising text, photographs, and artwork ("Copyrighted Work"). Such Copyrighted Work was registered with the United States Copyright Office on June 14, 2023 and given registration number TX0009274663. (the "Copyright Registration"). A copy of the Unofficial Certificate Preview setting forth the Copyright Registration is attached as **Exhibit A**.

**ANSWER: To the extent the allegations in paragraph 9 purport to describe or characterize the contents of documents, those documents speak for themselves. Action Care lacks knowledge and information sufficient to form a belief as to the truth or falsity of any remaining allegations in paragraph 9 and therefore denies them.**

10.      Plaintiff's Copyrighted Work is an original work of authorship in the form of a compilation comprising text, photographs, and artwork fixed in a tangible medium.

**ANSWER: Action Care admits that Plaintiff's Copyrighted Work consists of a compilation comprising text, photographs, and artwork fixed in a tangible medium. Plaintiff also admits that the U.S. Copyright Office has issued a copyright registration certificate for the Copyrighted Work. Action Care is without knowledge or information sufficient to admit or deny the allegation of whether the Copyrighted Work is an original work of authorship and therefore denies the same.**

11.      Over the course of several years, MFB promoted, offered for sale, and sold at-home hormone testing products under the registered trademark "PROOV." PROOV-branded products have become the leading at-home hormone testing products on the market. MFB has registered the PROOV mark with the United States Patent and Trademark Office (U.S. Registration Number:

5,622,245; International Registration Number: 1,444,237) ("Trademark Registration"). A copy of the Trademark Registration is attached as **Exhibit B**.

**ANSWER: To the extent the allegations in paragraph 11 purport to describe or characterize the contents of documents, those documents speak for themselves. Action Care lacks knowledge and information sufficient to form a belief as to the truth or falsity of any remaining allegations in paragraph 11 and therefore denies them.**

12.      In an effort to maximize its profits, minimize its overhead expenses, and trade off the goodwill of MFB's PROOV Trademark, Action Care copied MFB Fertility's Copyrighted Work (including text associated with FAQ's and product descriptions from MFB's Amazon website and the MFB corporate website, including text and information as to who might have a problem with ovulation, when to test, what constitutes a successful ovulation, and represented that information as its own on its (Action Care's) Amazon listing website page ("Action Care Amazon Product Listing Page").

**ANSWER: Denied.**

13.      Action Care used and published portions of MFB's Copyrighted Work to the public on its own website and its Action Care Amazon Product Listing Page to promote and sell Action Care products.

**ANSWER: Denied.**

14.      Action Care has caused a likelihood of consumer confusion among consumers and prospective consumers of products bearing MFB Fertility's USA and internationally registered trademark "PROOV" by its unauthorized use of MFB's copyrighted materials as part of the Action Care Amazon Product Listing Page.

**ANSWER: Denied.**

## Count I – Copyright Infringement

15.      Plaintiff repeats and realleges the allegations contained in paragraphs 1-14 above as the allegations of this paragraph 15.

**ANSWER: Action Care incorporates by reference Action Care's responses to paragraphs 1 through 14 as set forth above.**

16.     MFB's Copyrighted Work has been and is displayed on the MFB website and has been accessible to the general public including Action Care. Accordingly, Action Care has had access to MFB's Copyrighted Work.

**ANSWER: To the extent the allegations in paragraph 16 constitute legal conclusions, no response is required. To the extent a response is required, Action Care lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 and therefore denies them.**

17.     Action Care never sought, and MFB has never granted to Action Care, any license or other authorization to publish the Copyrighted Work or otherwise use the Copyrighted Work in connection with the advertisement, promotion, offer for sale and sale of any Action Care products or services.

**ANSWER: Action Care admits that it never sought or obtained any license from MFB to publish the Copyrighted Work. Action Care denies that Action Care was not authorized to publish the material that Action Care published.**

18.     Action Care's website and Amazon Product Listing Page contains portions of MFB's Copyrighted Work that are substantially and strikingly similar to the original portions of MFB's Copyrighted Work, including text passages related to FAQs and product descriptions.

**ANSWER: The allegations in paragraph 18 constitute legal conclusion(s) to which no response is required. To the extent a response is required, Action Care denies the allegations in paragraph 18.**

19.     Action Care's copying, publication, and use of portions of MFB's Copyrighted Work in connection with the Action Care Amazon Product Listing Page and other conduct set forth herein has been and/or continues to be an infringement of Plaintiff's Copyright in violation of Section 106 and 501 of the Copyright Act.

**ANSWER: The allegations in paragraph 19 constitute legal conclusion(s) to which no response is required. To the extent a response is required, Action Care denies the allegations in paragraph 19.**

20.     Action Care's infringement was willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights. More particularly, Action Care's unauthorized acts

constitute presently, and will continue to constitute, willful infringement of MFB's exclusive rights under copyright to the Copyrighted Work. Action Care has unlawfully derived, and will continue to derive, income and profits from its infringing acts. MFB has sustained, and will continue to sustain, substantial injury, loss, and damage from Action Care's infringement of MFB's Copyrighted Work.

**ANSWER: The allegations in paragraph 20 constitute legal conclusion(s) to which no response is required. To the extent a response is required, Action Care denies the allegations in paragraph 20.**

21.     As a direct and proximate result of Action Care's infringement, Plaintiff is entitled to damages in an amount to be proven at trial.

**ANSWER: The allegations in paragraph 21 constitute legal conclusion(s) to which no response is required. To the extent a response is required, Action Care denies the allegations in paragraph 21.**

22.     Plaintiff is also entitled to Action Care's profits attributable to the infringement, including an accounting of and a constructive trust with respect to such profits.

**ANSWER: The allegations in paragraph 22 constitute legal conclusion(s) to which no response is required. To the extent a response is required, Action Care denies the allegations in paragraph 22.**

23.     Plaintiff is also entitled to its attorneys' fees and costs.

**ANSWER: The allegations in paragraph 23 constitute legal conclusion(s) to which no response is required. To the extent a response is required, Action Care denies the allegations in paragraph 23.**

24.     As a direct and proximate result of the foregoing conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law.

**ANSWER: The allegations in paragraph 24 constitute legal conclusion(s) to which no response is required. To the extent a response is required, Action Care denies the allegations in paragraph 24.**

## Count II – Federal Trademark Infringement (15 U.S.C. § 1114(1))

25.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-14 above as the allegations of this paragraph 25.

**ANSWER: Action Care incorporates by reference Action Care's responses to paragraphs 1 through 14 as set forth above.**

26.     MFB consistently and prominently displays and advertises its Trademark in connection with its brand and services and has spent significant sums of money promoting and advertising the PROOV Trademark in connection with its services and has generated significant revenue as a result thereof.

**ANSWER: Action Care is without knowledge or information sufficient to admit or deny the allegations in this paragraph and therefore denies the same.**

27.     The MFB Trademark is distinctive and recognized by consumers and is therefore an asset of incalculable value as an identifier of MFB Fertility and its high-quality brand, services, and goodwill.

**ANSWER: The allegations in paragraph 27 constitute legal conclusion(s) to which no response is required. To the extent a response is required, Action Care denies the allegations in paragraph 27.**

28.     The term "OVUPROOF" in reference to MFB's near-identical PdG testing products bearing the registered trademark "PROOV" has caused actual confusion, and is likely to cause confusion, or to cause mistake or to deceive consumers as to the origin, sponsorship, or approval of the Action Care goods with those of and/or by MFB. MFB has evidence from consumers that there has been actual confusion by consumers of the "OVUPROOF" brand due to

the near identical nature of the products offered under MFB Fertility's "PROOV" brand and the similarity of the marks, marketing and advertising channels, and similar sales channels.

**ANSWER: The allegations in paragraph 28 constitute legal conclusion(s) to which no response is required. To the extent a response is required, Action Care denies the allegations in paragraph 28.**

29. Defendant's aforesaid acts constitute willful and intentional infringement of Plaintiff's rights in and to the federally registered PROOV mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

**ANSWER: The allegations in paragraph 29 constitute legal conclusion(s) to which no response is required. To the extent a response is required, Action Care denies the allegations in paragraph 29.**

30. Defendant's infringing acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.

**ANSWER: The allegations in paragraph 30 constitute legal conclusion(s) to which no response is required. To the extent a response is required, Action Care denies the allegations in paragraph 30.**

31. By reason of Defendant's acts and practices in violation of Section 32(1) of the Lanham Act, Plaintiff has suffered and will continue to suffer monetary damages in an undetermined amount as well as irreparable injury, including damage to its business, goodwill, reputation, and profits.

**ANSWER: The allegations in paragraph 31 constitute legal conclusion(s) to which no response is required. To the extent a response is required, Action Care denies the allegations in paragraph 31.**

32. Defendant's aforesaid wrongful acts also constitute unfair competition in violation of Section 43 of the Lanham Act. Defendant's unlawful acts have occurred in commerce and have

caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.

**ANSWER: The allegations in paragraph 32 constitute legal conclusion(s) to which no response is required. To the extent a response is required, Action Care denies the allegations in paragraph 32.**

33.     By reason of Defendant's acts and practices in violation of Section 43(a) of the Lanham Act, Plaintiff has suffered and will continue to suffer monetary damages in an undetermined amount as well as irreparable injury, including damage to its business, goodwill, reputation, and profits.

**ANSWER: The allegations in paragraph 33 constitute legal conclusion(s) to which no response is required. To the extent a response is required, Action Care denies the allegations in paragraph 33.**

## JURY DEMAND

MFB's request for a jury requires no answer. To the extent that a trial may be appropriate, Action Care has no objection to it.

## PRAYER FOR RELIEF

Action Care denies that MFB is or could be entitled to any relief MFB seeks in the Complaint or otherwise.

## OMNIBUS DENIAL

Unless expressly admitted herein, Action Care denies the remainder of MFB's Complaint.

## GENERAL AND AFFIRMATIVE DEFENSES

Action Care asserts the following defenses and reserves its right to assert other defenses not asserted herein of which Action Care becomes aware through discovery or other investigation as may be appropriate at a later time. In asserting these defenses, Action Care does not assume any

burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon Plaintiff. Action Care states as follows:

1. The Complaint fails to state a claim upon which relief can be granted, or Plaintiff cannot establish the elements of proof for copyright infringement and trademark infringement.

2. The case is subject to dismissal for improper venue because the parties and the alleged acts are centered outside of Illinois. Specifically, Action Care is based in Maryland, and MFB is based in Colorado.

3. Upon information and belief and subject to further investigation in discovery, MFB's claims are or may be barred in whole or in part to the extent that MFB was not the owner of any exclusive right under 17 U.S.C. § 106 at the time of the alleged infringement, or the work was not subject to copyright protection due to lack of sufficient creativity or derivation from other works.

4. MFB has failed to allege MFB's purported actual damages with the requisite particularity.

5. MFB is not entitled to recover any of Action Care's profits because any such profits are not attributable to any alleged infringement.

6. MFB is not entitled to recover any of Action Care's profits because, if there has been any infringement (which Action Care denies), any such profits are duplicative of MFB's actual damages, if any.

7. MFB is not entitled to statutory damages or attorneys' fees of any kind because MFB filed MFB's application to register the Copyrighted Work with the U.S. Copyright Office more than three months after first publication of the Copyrighted Work and after the beginning of Action Care's alleged infringement (which Action Care denes).

8.      MFB's damages, if any, are limited by Action Care's innocent intent.

9.      MFB's copyright infringement claim fails because Action Care's digital properties were independently created.

10.      To the extent that Action Care's digital properties share any similarities with MFB's Copyrighted Work, any such similarities are of elements that are unoriginal or otherwise unprotectable, including because such elements are unprotectable ideas, unprotectable facts, unprotectable concepts, unprotectable methods of operation, unprotectable short phrases or slogans, are subject to the merger doctrine, are in the public domain, and/or are *scenes a faire*. Any such use of these elements and ideas is constitutionally protected free speech.

11.      To the extent that Action Care's digital properties share any similarities with MFB's Copyrighted Work, any such similarities are permissible under the fair use doctrine embodied in 17 U.S.C. § 107.

12.      To the extent that Action Care's digital properties share any similarities with MFB's Copyrighted Work, any such similarities are not actionable under the doctrine of *de minimis non curat lex*.

13.      MFB's requests for injunctive relief are barred by the lack of any irreparable harm that could possibly stem from the alleged conduct (which Action Care denies), and by the First Amendment.

14.      MFB is barred from any type of relief based upon the doctrine of copyright misuse, given that MFB has attempted to enforce copyrights in an anticompetitive manner with respect to unprotectable elements of MFB's work.

15.      MFB is barred from any type of relief based upon the doctrine of unclean hands.

16.     MFB is barred from any type of relief because Defendant will not be damaged and is not likely to be damaged by Action Care's continued use of trademarks and digital properties rightfully belonging to Action Care.

17.     MFB's trademark infringement claim fails because MFB does not own a valid trademark. Specifically, the PROOV mark is unprotectable with respect to Plaintiff's goods, because it consists of misspelled terms "PROOF" and/or "PROVE" which are generic for tests, considering that dictionary definitions for "test" include the word(s) "proof" and/or "prove," and vice versa.

18.     To the extent that the PROOV mark is not generic with respect to fertility tests, MFB's trademark infringement claim fails because the PROOV mark is descriptive of fertility tests and has not acquired secondary meaning.

19.     MFB's trademark infringement claim fails because the PROOV mark and the OVUPROOF mark differ in the numbers of syllables, spellings, and overall impressions, such that there is no likelihood of consumer confusion.

## COUNTERCLAIMS

1.     Capitalized terms used in these counterclaims ("Counterclaims") have the same definition set forth in Plaintiff's Complaint unless otherwise indicated.

2.     As set forth below, these Counterclaims are stated against MFB, who is the Plaintiff/Counter-Defendant in this case.

3.     The Counterclaims arise out of the same occurrences regarding digital properties and the sale of the parties' products through Amazon's marketplace, as alleged in the Complaint. Therefore, this Court has jurisdiction over the Counterclaims pursuant to 28 U.S.C. § 1367(a) and Fed. R. Civ. P. 13(a).

4.      In November 2022, Action Care's manager Diane Krasznay ("Krasznay") contacted Shanghai Eugene Biotech Co., Ltd. ("SEB"), a manufacturer based in China, to learn more about the Pregnanediol Glucuronide (PdG) -based ovulation test strips that SEB had developed previously ("SEB Strips"). Specifically, upon information and belief, SEB had been manufacturing the SEB Strips since at least 2019 and had been selling the SEB Strips in Europe.

5.      In doing her due diligence on the SEB Strips, Krasznay inquired with SEB how SEB made the SEB Strips. Being aware of the products offered for sale by MFB, Krasznay specifically inquired with SEB how the SEB Strips were different from the products offered by MFB.

6.      In addition, while conducting her due diligence on the SEB Strips, Krasznay engaged a patent agent to conduct an analysis of whether the SEB Strips could in any way be construed to violate the patent associated with MFB's products. After a substantive analysis, the patent agent engaged by Action Care concluded that the SEB Strips did not in any way violate any patent owned by MFB or MFB's representatives.

7.      Having received confirmation that the SEB Strips did not violate any patents associated with MFB's products, Action Care entered into an agreement with SEB, permitting Action Care to white label and distribute SEB Strips in the United States.

8.      Action Care proceeded to start preparing to distribute the SEB Strips using the "OVUPROOF" mark.

9.      Action Care engaged a website developer to develop the buyovuproof.com website, including the drafting of original text for the website. The buyovuproof.com website was published around March 22, 2023.

10.      Action Care also proceeded to set up a profile on Amazon.com and develop a listing page for the sale of Action Care's products ("Action Care Amazon Product Listing Page"). On or around March 15, 2023, Action Care joined Amazon's Brand Registry and FBA program, and ordered Action Care's first shipment of SEB Strips from overseas. In late April to early May 2023, Action Care shipped its first products to Amazon. Participation in the Amazon VINE review program resulted in consumers receiving free product starting in early May 2023 and providing product reviews. This also served to build Action Care's feedback rating and organic search ranking, as well as good account health.

11.      Action Care's first sale of Action Care's products occurred on or around May 7, 2023, via Amazon, after which additional sales occurred exponentially.

12.      On or around June 2, 2023, MFB, through one of MFB's authorized representatives, submitted a takedown notice to Amazon under the Digital Millennium Copyright Act ("DMCA" and such takedown notice, "DMCA Takedown Notice"). This resulted in the automatic, immediate takedown/removal of the Action Care Amazon Product Listing Page.

13.      In addition to including language mandated by the DMCA and by Amazon for submission of takedown notices under the DMCA, MFB's DMCA Takedown Notice included the following statements: "They found a cheap Chinese manufacturer to copy our tests then used all of our wording on the product page and product inserts. Copyrighted content: They copied all of our FAQs and product description from this product page https://amazon.com/proov-pdg-progesterone-metabolite-fda-cleared/dp/b08b698tdw They also took wording from our FAQ on our website: https://proovtest.com/products/proov-test-strips including the 'who might have a problem with ovulation, comment FAQ, when to test, and what is successful ovulation. ASIN: B0BYKF95LN."

14.     On or around June 2, 2023, Action Care submitted a counternotice under the DMCA ("Action Care's Counternotice").

15.     Upon information and belief, on or around June 14, 2023, Jeffrey Schell ("Schell"), who is a licensed patent attorney and a managing director of MFB, submitted an application to register the Copyrighted Work with the U.S. Copyright Office.

16.     On or around June 20, 2023, MFB filed the Complaint and forwarded the Complaint to Amazon via email.

17.     The deactivation of the Action Care Amazon Product Listing Page on or around June 2, 2023, resulted in Action Care's inability to distribute Action Care's products through Amazon.

18.     Deactivation of the Action Care Amazon Product Listing Page further resulted in at least 174 units of Action Care's products being stranded or lost.

19.     Deactivation of the Action Care Amazon Product Listing Page also resulted in Action Care's Amazon storefront suffering significant negative impact on account health and complete loss of sales.

20.     On or around July 27, 2023, counsel for Action Care sent a letter to Amazon, explaining Action Care's position and why Action Care believed MFB's suit was baseless.

21.     On or around August 5, 2023, Amazon reinstated the Action Care Amazon Product Listing Page.

22.     On or around August 9, 2023, Amazon again deactivated the Action Care Amazon Product Listing Page, citing MFB's pending allegations of copyright infringement by Action Care as the reason for the delisting. Just prior to Amazon's second delisting of the Action Care Amazon

Product Listing Page, Action Care shipped 450 additional units to Amazon, resulting in such additional units being stranded as well.

23.     Meanwhile, as a result of the pending copyright infringement allegations, Amazon began shipping boxes of Action Care's products back to Action Care in multiple small envelopes, which caused physical damage to much of Action Care's inventory.

**First Claim for Relief**

**Misrepresentation Under 17 U.S.C. § 512(f)**

24.     The allegations of paragraphs 1 to 23 of the Counterclaims are incorporated as part of this claim.

25.     MFB has an intellectual property attorney (Schell) as part of its management team.

26.     When MFB submitted the DMCA Takedown Notice, MFB stated, *inter alia*, that Action Care "used all of [MFB's] wording on the product page and product inserts. Copyrighted content: [Action Care] copied all of [MFB's] FAQs and product description from this product page https://amazon.com/proov-pdg-progesterone-metabolite-fda-cleared/dp/b08b698tdw       [Action Care]   also   took   wording   from   [MFB's]   FAQ   on   our   website: https://proovtest.com/products/proov-test-strips including the 'who might have a problem with ovulation, comment FAQ, when to test, and what is successful ovulation."

27.     Upon information and belief, MFB's representative submitting the DMCA Takedown Notice knew that any content that may have been contained on the Action Care Amazon Product Listing Page did not contain the entirety of MFB's wording from MFB's product page and product insert.

28.     Upon information and belief, MFB's representative submitting the DMCA Takedown Notice also knew that any content that may have been contained on the Action Care

Amazon Product Listing Page did not contain the entirety of the FAQs and product description from the product page https://amazon.com/proov-pdg-progesterone-metabolite-fda-cleared/dp/b08b698tdw.

29.     Upon information and belief, MFB's representative submitting the DMCA Takedown Notice knew the meaning of the word "all," as showcased by the fact that, after using the word "all" with respect to the two items above, the DMCA Takedown Notice was completed with the statements "also took wording" (as opposed to "used all" or "copied all").

30.     Upon information and belief, MFB knew that material contained on the Action Care Amazon Product Listing Page did not infringe upon MFB's copyright.

31.     Accordingly, MFB violated 17 U.S.C. § 512(f) by knowingly and materially misrepresenting that the content contained on the Action Care Amazon Product Listing Page infringed upon MFB's copyrights.

32.     The DMCA Takedown Notice ultimately resulted in deactivation of the Action Care Amazon Product Listing Page and an inability to sell Action Care's products (including inventory in possession of Amazon's fulfilment center).

33.     As a direct and proximate result of MFB's actions, Action Care has been injured substantially and irreparably. Such injury includes, but is not limited to, the financial and personal expenses associated with responding to the takedown notice, reputational damage resulting from a lower seller rating and lower account health, and lost revenues from an inability to sell Action Care's products through Amazon.

### Second Claim for Relief

### Tortious Interference with Prospective Economic Advantage

34.    The allegations of paragraphs 1 to 23 of the Counterclaims are incorporated as part of this claim.

35.    Action Care is in the business of selling fertility test strips under the mark "OVUPROOF."

36.    Having sold hundreds of units of Action Care's products through the Action Care Amazon Product Listing Page, Action Care had a reasonable expectation of entering into a valid business relationship with more consumers who would have purchased Action Care's products through the Action Care Amazon Product Listing Page.

37.    As an Amazon seller itself, MFB knew of Action Care's expectancy of selling Action Care's products to consumers through Amazon's platform, and specifically through the Action Care Amazon Product Listing Page.

38.    MFB purposefully interfered with Action Care's business expectancy through numerous inappropriate actions, including without limitation falsely claiming to Amazon that Action Care violated MFB's intellectual property rights.

39.    Action Care suffered damages as a result of MFB's conduct, including without limitation deactivation of the Action Care Amazon Product Listing Page, lost revenues, physical damage to Action Care's inventory, and reputational damage.

40.    Additionally, MFB will continue to injure Action Care's business if MFB continues to falsely allege to third parties that Action Care has violated MFB's rights.

41.    Action Care has no adequate remedy at law because it is impossible to determine how much business Action Care will lose as a result of MFB conduct concerning Action Care.

**Third Claim for Relief**

**Defamation *per se***

42.     The allegations of paragraphs 1 to 23 of the Counterclaims are incorporated as part of this claim.

43.     Among the many false statements contained in the DMCA Takedown Notice was the assertion that "[Action Care] found a cheap Chinese manufacturer to copy [MFB's] tests," which is not a statement concerning alleged infringement of MFB's rights in the Copyrighted Work.

44.     Action Care did not engage SEB to copy MFB's products. In fact, SEB had been selling the SEB Strips since 2019 at the latest. When Action Care began communicating with SEB in November 2022, Action Care explicitly conducted due diligence with respect to how the SEB Strips were different from MFB's products, including ensuring that the manufacture of the SEB Strips did not infringe upon any patent(s) owned by MFB or MFB's representatives.

45.     MFB's statement that Action Care found anybody to copy MFB's products is false.

46.     MFB published that false statement to a third party (*i.e.*, to Amazon) through the DMCA Takedown Notice.

47.     MFB's false assertion of fact about Action Care's causing the copying of MFB's products prejudiced Action Care by imputing a lack of Action Care's ability in Action Care's trade, profession, or business, and/or Action Care's want of integrity in business.

**Fourth Claim for Relief**

**Defamation *per quod***

48.     The allegations of paragraphs 1 to 23 of the Counterclaims are incorporated as part of this claim.

49.     Among the many false statements contained in the DMCA Takedown Notice was the assertion that "[Action Care] found a cheap Chinese manufacturer to copy [MFB's] tests," which is not a statement concerning alleged infringement of MFB's copyright.

50.     Action Care did not engage SEB to copy MFB's products. In fact, SEB had been selling the SEB Strips since 2019 at the latest. When Action Care began communicating with SEB in November 2022, Action Care explicitly conducted due diligence with respect to how the SEB Strips were different from MFB's products, including ensuring that the manufacture of the SEB Strips did not infringe upon any patent(s) owned by MFB or MFB's representatives.

51.     MFB's statement that Action Care found anybody to copy MFB's products is false.

52.     MFB published that false statement to a third party (*i.e.*, to Amazon) through the DMCA Takedown Notice.

53.     MFB's false assertion of fact about Action Care's causing the copying of MFB's products caused damages to Action Care when Amazon removed the Action Care Amazon Product Listing Page and subsequently lowered Action Care's account health.

### Fifth Claim for Relief

### Cancellation of the "PROOV" Trademark

54.     The allegations of paragraphs 1 to 23 of the Counterclaims are incorporated as part of this claim.

55.     MFB's standard character trademark "PROOV" is a misspelling of the words "PROOF" and/or "PROVE" and is pronounced either identically or substantially similarly thereto. This is evidenced by the specimen that MFB submitted to the United States Patent and Trademark Office (USPTO) on or around August 9, 2018 ("Proov Specimen"), in which MFB includes the

statement, "Stop guessing if you've ovulated. Proov™ it!" A true and correct copy of the Proov Specimen is attached hereto as Exhibit A.

56.     The products sold by MFB using the "PROOV" mark are ovulation tests. As evidenced by the Proov Specimen, MFB refers to its products as "progesterone ovulation tests" and "ovulation test strips." The URL for MFB's website is also www.proovtest.com.

57.     Upon information and belief, the words "PROOF" and "TEST" are synonyms and/or are used to define each other. Specifically, and without limitation, definitions of the word "PROOF" in the Merriam-Webster dictionary include "the quality or state of having been tested or tried," "a test applied to articles or substances to determine whether they are of standard or satisfactory quality," "used in proving or testing or as a standard of comparison," and "to make or take a proof or test of." The definitions of the word "PROVE" in the Merriam-Webster dictionary include "to test the truth, validity, or genuineness of," "to test the worth or quality of," "to turn out especially after trial or test," and "to test by an experiment or a standard." Meanwhile, definitions of the word "TEST" in the Merriam-Webster dictionary include "to put to test or proof" and "the procedure of submitting a statement to such conditions or operations as will lead to its proof or disproof or to its acceptance or rejection."

58.     Upon information and belief, any mark that sounds like "PROOF" and/or "PROVE" is generic with respect to tests and testing products. Alternatively, at most, any mark that sounds like "PROOF" and/or "PROOV" is merely descriptive of tests and testing products.

59.     Because the "PROOV" mark is generic, it is subject to cancellation under 15 U.S.C. § 1064(3).

60.     Further, under 15 U.S.C. § 1052(e)(1), a merely descriptive mark is ineligible for registration on the USPTO's Principal Register.

61.     U.S. Registration No. 5,622,245 should be cancelled pursuant to 15 U.S.C. § 1064(3) because the "PROOV" mark is generic and is ineligible for trademark protection. Alternatively, U.S. Registration No. 5,622,245 should be cancelled because it is ineligible for registration on the USPTO's Principal Register.

62.     MFB is causing irreparable harm to Action Care for which there is no adequate remedy at law.

63.     In view of the foregoing, this Court should exercise its authority to order the USPTO to cancel U.S. Registration No. 5,622,245.

## ACTION CARE'S PRAYER FOR RELIEF

WHEREFORE, Counter-Plaintiff Action Care Mobile Veterinary Clinic, LLC respectfully requests that the Court:

A.  Enter a judgment that MFB takes nothing by way of its Complaint;

B.  Dismiss MFB's Complaint in its entirety with prejudice;

C.  Enter judgment in Action Care's favor and against MFB on all of Action Care's Counterclaims;

D.  Issue an injunction barring MFB from falsely claiming, on the Internet or anywhere else, that Action Care has violated MFB's rights;

E.  Cancel MFB's U.S. Registration No. 5,622,245;

F.  Award Action Care's damages in an amount to be proven at trial;

G.  Award Action Care its attorneys' fees and costs under 17 U.S.C. § 512(f); and

H.  Grant all such other and further relief as the Court deems just and proper.

Dated: September 22, 2023

Respectfully submitted,

**ZLATKIN CANN ENTERTAINMENT**

By: _____/s/ Ilya G. Zlatkin_____
Ilya G. Zlatkin (ARDC No. 6314344)
ZLATKIN CANN ENTERTAINMENT
4245 North Knox Avenue
Chicago, Illinois 60641
Tel: (312) 809-8022
Fax: (312) 809-6918
ilya@zce.law

*Attorney for Plaintiff Action Care Mobile Veterinary Clinic, LLC*