MIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MFB FERTILITY INC., <br><br>                      Plaintiff, <br><br>   v. <br><br>ACTION CARE MOBILE VETERINARY CLINIC, LLC, <br><br>                      Defendant. | Case No. 1:23-cv-03854 <br><br>Judge Harry D. Leinenweber <br>Magistrate-Judge Gabriel A. Fuentes |

**MOTION FOR LEAVE TO AMEND THE COMPLAINT
BY PLAINTIFF, MFB FERTILITY INC.**

MFB Fertility, Inc. ("MFB") respectfully moves, pursuant to Fed. R. Civ. P. 15(a)(2), for leave to amend the Complaint regarding the copyright infringement claim. A new copyright registration has been issued to MFB which more clearly depicts the infringement by Defendant, Action Care Mobile Veterinary Clinic, LLC ("Action Care"). The claim for trademark infringement under 15 U.S.C. § 1051 et seq. has not substantively changed in the Amended Complaint. A copy of the Amended Complaint is attached as Exhibit 1.

In support of its motion, MFB states:

1. On June 20, 2023, MFB filed a Complaint for Copyright and Trademark Infringement. (Doc. 6).

2. On September 15, 2023, Action Care filed a motion to dismiss MFB's copyright infringement claims and for attorney's fees. (Doc. 10). Action Care then filed an Answer, Affirmative Defenses and Counterclaims on September 22, 2023. (Doc. 15).

3. On November 9, 2023, MFB filed a motion for an extension of time to file responsive pleadings in which it indicated that it would be "seeking leave to file an amended complaint (which

may negate the need for the motion to dismiss), and Plaintiff is in the process of adding co-counsel, who will be filing an appearance within the next week and is in the process of familiarizing himself with the case." (Doc. 18). Action Care reserved the right to oppose any motion for leave to amend. (Id.).

4. MFB is the exclusive owner of United States Copyright Registration Number TX0009274663 which issued on June 14, 2023. (the "Original Copyright Registration"). The Original Copyright Registration related to an 88-page printout of the MFB website.

5. The Complaint alleged copyright infringement of the Original Copyright Registration by Action Care through Action Care's website and Amazon Product Listing Page that contained portions of MFB's Copyrighted Work which were substantially similar to original portions of the Original Copyrighted Work, including the text passages related to FAQs and product descriptions.

6. The Amended Complaint does not assert a claim for copyright infringement of the Original Copyright Registration. Thus, Action Care's motion to dismiss the copyright infringement claim on the Original Copyright Registration is moot.

7. On November 21, 2023, MFB was issued United States Copyright Registration Number TX 9-332-600 with an effective date of registration of November 9, 2023. (Ex. B to Exhibit 1, Copyright registration) (the "New Copyright Registration").

8. The New Copyright Registration relates to an advertising placement made by MFB with Amazon in 2022. It contains a condensed version of the printed materials subject of the Original Copyright Registration concentrated on the advertising materials. The New Copyright Registration is more concise and focused as to the claims of copyright infringement in that the claims now focus on the relevant portion of the copyrighted material, rather than the 88-page printout of the entire webpage.

9. The Action Care product Amazon advertisement and product description that were the encompassed by the copyright infringement claim involving the Original Copyright Registration in the Complaint ***is the same OvuProof Amazon advertisement and product description*** subject to the claim of copyright infringement of the New Copyright Registration in the Amended Complaint. (see Ex. 1, ¶¶ 52-58).

10. The Amended Complaint details some of the substantial similarities between the Action Care product advertisements and the product description and the New Copyright Registration, for example:

> 54. Defendant has copied Plaintiff's Copyrighted Material. As can be seen below, Defendant's product advertisement and product description under the "OvuProof" name uses a combination and sequence of descriptions and phrases that are substantially similar to Plaintiff's Copyrighted Material:

| Plaintiff's Copyrighted Material | Defendant's Infringing Material |
|---|---|
| Proov PdG - Progesterone Metabolite – Test \| Only FDA-Cleared Test to Confirm Successful Ovulation at Home \| 4 Cycle Pack \| Works Great with Ovulation Tests \| 18 PdG Test Strips | OvuProof PdG Tests/Progesterone Metabolite/FDA Registered Rapid Test to Confirm Successful Ovulation/Monitor Pregnancy/ 5 Tests/1Cycle/ Works Well with Ovulation/LH Tests/ 5 PdG Test Strips per Box<br>Brand: OvuProof |



55. The phrase "Proov PDG – Progesterone Metabolite" is substantially similar to the phrase "OvuProof PDG Tests/Progesterone Metabolite," and each term is used in the first of five key points in their respective works:

56. The phrase "FDA-Cleared Test to Confirm Successful Ovulation" is substantially similar to the phrase "FDA Registered Rapid Test to Confirm Successful Ovulation."



57. The term "Cycle" is identical to the term "Cycle."



58. The phrase "Works Great with Tests" is substantially similar to the phrase "Works Well with Ovulation/LH Tests."



59. The term "PdG Test Strips" is identical to the term "PdG Test Strips."



(Ex. 1, ¶¶ 54-59).

13. There are more examples setting forth the substantial similarities between the New Copyright Registration and the Action Care Ovuproof Amazon advertisements and product descriptions in the Amended Complaint. (Id., ¶¶ 60-62).

14. Fed. R. Civ. P. 15(a)(2) provides that: "[t]he Courts should freely give leave when justice so requires." Rule 15(a) instructs a district court to freely grant parties leave to amend when justice so requires. *Foman v. Davis*, 371 U.S. 178 (1962) (reversing denial of leave to amend by citing to Rule 15(a)(2)'s mandate to freely give leave to amend and stating "this mandate is to be heeded").

15. Courts should exercise their discretion under Rule 15(a) to "liberally grant permission to amend pleadings" absent certain factors which include: (1) whether there has been any undue delay on the part of the moving party; (2) whether the moving party has acted in bad faith; (3) whether there existed any dilatory motive on the part of the moving party; (4) whether the moving party has failed repeatedly to cure deficiencies by previously allowed amendments; (5) whether any undue prejudice to the opposing party might result; and (6) whether it would be futile to amend the pleading. *Cutler v. Quality Terminal Servs., Ltd. Liab. Co.*, 2011 U.S. Dist. LEXIS 2927, at *3 (N.D. Ill. Jan. 12, 2011).

16. Here, the amendment is not sought in bad faith. The Amended Complaint focuses on the copyright infringement claim, the essential portions of the copyrighted work and the Action Care Amazon advertisement and product descriptions.

17. There has been no undue delay in filing the amendment. Discovery has not commenced and there is no trial date set.

18. This is MFB's first request to amend the Complaint.

19. There is no undue prejudice caused to Action Care. The New Copyright Registration addresses the same Action Care product Amazon advertisement as encompassed in the Complaint. Moreover, the New Copyright Registration is concise and focused as to the claims of copyright infringement.

20. As shown above, the amendment is not futile.

21. The Court should not deny a plaintiff an opportunity to amend its pleadings. *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015) ("a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed."). The Court in *Runnion* recognized that "[i]n the face of that uncertainty, applying the liberal standard for amending pleadings, especially in the early stages of a lawsuit, is the best way to ensure that cases will be decided justly and on their merits." *Id.* at 520 citing 5A *Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure* § 1357 (2d ed. 1990) ("The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that plaintiff be given every opportunity to cure a formal defect in his pleading.").

21. This Court has granted leave to amend a complaint after a copyright registration has been issued while the suit was pending. *Wilson v. Electro Marine Sys., Inc.*, 1985 U.S. Dist. LEXIS 12459, at *2-3 (N.D. Ill. Dec. 20, 1985) ("Even if we were to grant defendants' motion, Legat would simply amend the complaint on the basis of the now-valid registration. Because the effective date of the registration is the date of application, see 17 U.S.C. § 410(d),[2] the outcome would be the same as if we had denied defendants' motion.").

22. Likewise, leave to amend is appropriate here and the case should proceed with the New Copyright Registration.

WHEREFORE, for the reasons set forth above, MFB respectfully requests that its Motion for Leave be granted.

Respectfully submitted,

/s/ Arthur A. Gasey
Dean D. Niro (ARDC # 6208064)
Arthur A. Gasey (ARDC # 6210605)
VITALE, VICKREY, NIRO, SOLON & GASEY LLP
311 S. Wacker Dr., Suite 2470
Chicago, IL 60606
Tel.: (312) 236-0733
Fax: (312) 236-3137
dniro@vvnlaw.com
gasey@vvnlaw.com

Gary I. Blackman (ARDC # 6187914)
Erin M. Mayer (ARDC # 6313447)
LEVENFELD PEARLSTEIN, LLC
130 N. Riverside Plaza, Suite 1800
Chicago, IL 60606
Tel.: (312) 346-8380
Fax: (312) 346-8434
gblackman@lplegal.com
emayer@lplegal.com

*Attorneys for Plaintiff,*
*MFB Fertility, Inc.*