**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MFB FERTILITY INC.,<br><br>                         Plaintiff,<br><br>      v.<br><br>ACTION CARE MOBILE VETERINARY<br>CLINIC, LLC,<br><br>                  Defendant. | Case No. 1:23-cv-03854<br><br>Judge Harry D. Leinenweber<br>Magistrate-Judge Gabriel A. Fuentes |

**MFB FERTILITY INC.'S RESPONSE TO DEFENDANT'S
PARTIAL MOTION TO DIMISS AND FOR ATTORNEYS' FEES**

## I.  INTRODUCTION

MFB Fertility Inc. ("MFB") provides the following response to Action Care Mobile Veterinary Clinic, LLC's ("Action Care" or "Defendant") partial motion to dismiss and for attorneys' fees. (D.I. 11).  Defendant's Motion to Dismiss Plaintiffs Complaint (the "Motion") should be denied  and/or MFB should be afforded the opportunity to proceed on its Amended Complaint filed herewith. MFB filed an Amended Complaint substituting copyright registration number TX9-332-600, which is a more focused work showing Defendant's copyright infringement than the 88-page copyright registration referenced in the original Complaint. (D.I. 22).  The Amended Complaint accuses the same OvuProof Amazon advertisement of copyright infringement that was addressed by the Motion and encompassed by the original Complaint. (D.I. 6).  The trademark claim has not substantively changed in the Amended Complaint.  The Amended Complaint renders the motion to dismiss the original Complaint moot.

MFB's Amended Complaint has sufficiently and plausibly pleaded that MFB's copyrighted "Proov Marketplace" (the "Proov Amazon Ad"), and Defendant's OvuProof Amazon advertisement (the "OvuProof Amazon Ad") share substantially similar copyrightable elements.

Defendant's Motion does not challenge MFB's ownership of its work, nor does its Motion allege that it did not have access to MFB's work. Rather, Defendant's sole ground for its Motion is a purported lack of similarity between MFB's copyrightable work and its advertisements such as its OvuProof Amazon Ad, arguing that any points of similarity are: "short phrases," "ideas" or "scenes a faire" which are not protectible under copyright law. (D.I. 11 at 6-8).

Defendants' motion to dismiss should be denied because:

1.      The Motion obfuscates the supposed noncopyrightable nature of "facts" or "short phrases" without analyzing whether there exists selections or arrangements of fact which may themselves be copyrightable. That is, even if Defendants' arguments about any "nonprotectible" element of a copyrighted work were correct, its analysis ignores the synergy of those elements may be nonetheless the basis for copyright protection. See *Stillman v. Leo Burnett Co.*, 720 F.Supp. 1353, 1361 (N.D.Ill. 1989).

2.      The Motion does not account for the proposed Amended Complaint (attached as Exhibit A) which renders allegations against the original Complaint moot. The Amended Complaint lays out a more concise example of the unauthorized copying by the OvuProof Amazon Ad of MFB's copyrighted work, including the selection or arrangement of elements and a side-by-side comparison of elements and the works as a whole; and

3.      Defendant seeks attorneys' fees for a copyright registration that has been voluntarily removed from the case, and MFB's proposed amended pleading shows a clearer case of infringement against the same accused OvuProof Amazon Ad. Defendant is not a "prevailing party" for purposes of an award of attorneys' fees, and the reasonableness of MFB's assertions against the OvuProof Amazon Ad is demonstrated in the specific allegations provided in the attached Amended Complaint. Thus, Defendant's motion for attorneys' fees should be denied.

- 2 -

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the purpose of Rule 8(a)(2) is "to give the Defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In ruling on Rule 12(b)(6) motions, the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party. The Seventh Circuit has described Rule 12(b)(6) and the Supreme Court' *EEOC v. Concentra Health Services, Inc.* decisions interpreting the rule as "impos[ing] two easy-to-clear hurdles. First, the complaint must describe the claim in sufficient detail to give the Defendant 'fair notice of what the ... claim is and the grounds upon which it rests' ... Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'", 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); see also *Firestone Financial Corp. v. Meyer*, 796 F.3d 822, 826-827 (7th Cir. 2015). The sufficiency of a complaint must be evaluated in the light most favorable to the nonmovant, with all inferences being drawn in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). As this analysis suggests, the plausibility standard does not allow a court to question or otherwise disregard nonconclusory factual allegations simply because they may seem unlikely. *Firestone*, 796 F.3d at 827.

To state a claim for copyright infringement, Plaintiff need only allege (1) ownership of a valid copyright and (2) copying of the copyrighted material by Defendant. See *Store Décor Div. of Jas Intern., Inc., v Stylex Worldwide Industries, Ltd.*, 767 F. Supp. 181, 185 (N.D. Ill. 1991); see also *Bell v. Combined Registry*, 397 F. Supp. 1241 (N.D. Ill. 1975).  To establish copying, a

plaintiff must show (1) access, and (2) substantial similarity between the works "when compared in their entirety including both protectible and unprotectible material." *Stillman v. Leo Burnett Co.*, 720 F. Supp. 1353, 1358 (N.D. Ill. 1989) (quoting 3 *Nimmer on Copyright* § 13.03[e] at 13-55 (1988)). Finally, to show unlawful appropriation (i.e., substantial similarity as a matter of law), the plaintiff must demonstrate that Defendant's copying extended to the plaintiff's protectible expression. *Id.*

## III. ARGUMENT

### A. The Motion to Dismiss Is Moot

MFB filed a motion for leave to file an Amended Complaint contemporaneous with the filing of this response paper. MFB's Amended Complaint shows a comparison of the works as a whole enumerating points of substantial similarity including arrangement of the elements involved. MFB's Amended Complaint goes through its Proov Amazon Ad, and provides side by side pictures showing similarities between its copyrighted work and Defendant's OvuProof Amazon Ad. As set forth below and in Exhibit A, the Amended Complaint lays out detailed textual allegations identifying a host of points supporting a conclusion of substantial similarity:

> 54. Defendant has copied Plaintiff's Copyrighted Material. As can be seen below, Defendant's product advertisement and product description under the "OvuProof" name uses a combination and sequence of descriptions and phrases that are substantially similar to Plaintiff's Copyrighted Material:

Plaintiff's Copyrighted Material

Proov PdG - Progesterone Metabolite – Test | Only FDA-Cleared Test to Confirm Successful Ovulation at Home | 4 Cycle Pack | Works Great with Ovulation Tests | 18 PdG Test Strips

Defendant's Infringing Material

OvuProof PdG Tests/Progesterone Metabolite/FDA Registered Rapid Test to Confirm Successful Ovulation/Monitor Pregnancy/ 5 Tests/1Cycle/ Works Well with Ovulation/LH Tests/ 5 PdG Test Strips per Box
Brand: OvuProof

Plaintiff's Copyrighted Material

- DON'T JUST PREDICT OVULATION, CONFIRM OVULATION SUCCESS: Unlike traditional ovulation tests which measure LH, Proov Confirm measures PdG, a urine marker of progesterone. Understanding PdG levels provides insight into ovulation that can affect your chance at successful pregnancy — a key piece of the puzzle when you're trying to conceive.
- WORKS WITH THE FREE PROOV INSIGHT APP: Take your knowledge further and get lab-level numeric results at home in minutes, including your Proov-exclusive Ovulation Quality Score. You'll also get details on what your results mean and action plans to help you meet your goals.
- THE ONLY FDA-CLEARED PdG TEST: No other brand can test PdG (a urine marker of progesterone) to Proov's standard, thanks to our patented, Proov-exclusive protocol.
- WORKS ALONGSIDE OVULATION TESTS (OPKs) AND PREGNANCY TESTS: Use OPKs to understand your fertile window (the best time to "try), and a pregnancy test at the end of your cycle to check for pregnancy. Proov Confirm fills the gap between the two, confirming if your ovulation set the stage for an optimum chance at success.
- 1:1 SUPPORT INCLUDED WITH EVERY PURCHASE: We're here to help you reach your fertility goals faster. Join our community and connect with fertility hormone experts by following our social media or just calling us at 1-877-PROOVIT.

Defendant's Infringing Material

About this item
- CONFIRM OVULATION with OvuProof PdG rapid urine test strips at home! Unlike traditional ovulation tests which measure LH (luteinizing hormone) and attempt to predict ovulation, OvuProof actually confirms ovulation by measuring PdG, a metabolite of progesterone.
- Progesterone rises after ovulation, and its elevated levels over 3-4 days confirm that you have ovulated. Seeing your (PdG) levels rise after an LH surge can give you peace of mind or let you know that it may be time to talk with a fertility specialist.
- OvuProof is FDA registered, 96.4% accurate in the lab, fast, and convenient to use! 5 individually wrapped PdG strips are included in each box, along with 5 urine cups and easy-to-understand directions.
- OvuProof is designed to work with LH tests, pregnancy tests, and other hormone tests to better understand a woman's ovulatory cycle and help confirm ovulation and a healthy pregnancy progesterone level. We recommend to download a free ovulation cycle tracking app to chart and input all your test results.
- 100% SATISFACTION GUARANTEED - Try OvuProof brand PdG rapid urine strips to help track your ovulation cycle and be 100% satisfied or we'll extend a full, prompt, friendly refund or replacement – whatever makes you happiest.

55.     The phrase "Proov PDG – Progesterone Metabolite" is substantially similar to the phrase "OvuProof PDG Tests/Progesterone Metabolite," and each term is used in the first of five key points in their respective works:

| Plaintiff's Copyrighted Material | Defendant's Infringing Material |
|---|---|
| Proov PdG - Progesterone Metabolite – Test \| Only FDA-Cleared Test to Confirm Successful Ovulation at Home \| 4 Cycle Pack \| Works Great with Ovulation Tests \| 18 PdG Test Strips | OvuProof PdG Tests/Progesterone Metabolite/FDA Registered Rapid Test to Confirm Successful Ovulation/Monitor Pregnancy/ 5 Tests/1Cycle/ Works Well with Ovulation/LH Tests/ 5 PdG Test Strips per Box<br>Brand: OvuProof |

(Exhibit A, pp. 11-13). In other words, the Amended Complaint sets forth specific points of similarity and the layout, sequencing and arrangement of key points to support a plausible claim of copyright infringement. These are just a few examples of the side-by side comparison made between the copyright registration and the OvuProof Amazon Ad. The Amended Complaint provides several additional instances of the substantial similarities between the copyrighted Proov Amazon Ad and the OvuProof Amazon Ad. (*Id*. pp. 11-18).

Should this Court grant leave for MFB to file the Amended Complaint, it would become the operative pleading in the case. Defendant's Motion to Dismiss would become moot. An amended complaint supersedes an original complaint and renders the original complaint void. *Flannery v. Recording Indus. Assoc. of America*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004) ("It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void."); *Trading Techs. Int'l, Inc. v. BGC Partners, Inc.*, 2010 U.S. Dist. LEXIS 84138 at *3 (N.D. Ill. Aug. 17, 2010) ("Courts routinely deny motions to dismiss as moot after an

amended complaint is filed, unless a defendant wishes to apply that same motion to the amended complaint because the amended complaint has not remedied the previous deficiencies."). If any deficiencies existed in the originally filed Complaint, they have been cured in the Amended Complaint.

The Amended Complaint presented for filing in this case not only moots the original filed Complaint as a matter of law, but also addresses alleged deficiencies argued in this motion. The Amended Complaint performs a side-by-side analysis between the copyrighted and accused works. (Ex. A, Amended Complaint ¶¶ 52-64). The Amended Complaint identifies specific points of substantial similarity in a majority of the paragraphs of the two works. (Id.). The Amended Complaint points out similarities that are not just recitations of fact of the products related to the advertisements, but also includes references to arbitrary points not found in the products (e.g., using the term "CONFIRM OVULATION" and affirmatively using that term as a way to distinguish from predicting ovulation, as alleged in paragraph 60 of the Amended Complaint; see also ¶ 61 of the Amended Complaint commenting that the products are "unlike traditional ovulation tests which measure LH"). Moreover, the Amended Complaint shows a factual basis for setting forth a claim of substantial similarity in the selection or arrangement of elements making up the respective works. (Id. ¶¶48-50). Thus, Defendant's arguments against the Complaint simply do not apply to the analysis and factual support provided in the Amended Complaint and Defendant's motion should be denied for that reason alone.

MFB has amended the complaint to assert a more concise and focused copyright claim against the OvuProof Amazon Ad. MFB's Amended Complaint focuses on the litigation and lays out detailed facts supporting its copyright infringement claim.

**B.     The Motion to Dismiss Should Be Denied**

Defendant's motion to dismiss obfuscates the supposed noncopyrightable nature of "facts" or "short phrases" without analyzing whether there exists selections or arrangements of fact which may themselves be copyrightable. That is, even if Defendants' arguments about any "nonprotectible" element of a copyrighted work were correct, its analysis which ignores the synergy of those elements may be nonetheless the basis for copyright protection. See *Stillman v. Leo Burnett Co.*, 720 F. Supp. 1353, 1361 (N.D. IL1989) ("substantial similarity can refer to the likeness between two works sufficient to give rise to an inference, when supported by evidence of access, that the defendant took ideas from the plaintiff's work.").  As the case here, the Court in *Stillman* held that an author can "protect the creative arrangement and interaction of the techniques composing the expression." *Id*. When this combination of elements is used in a way that is not "indispensable, or at least standard, in the treatment of a given topic," no idea-expression unity exists, and the requirement of near-identical similarity does not come into play. *Atari, Inc. v. North American Philips Consumer Electronic Corp.*, 672 F.2d 606, 616 (7th Cir. 1982).

Contrary to Defendant's arguments, the copied subject of the original Complaint includes various selections or arrangement of elements.  (see D.I. 11-2).  The copyrighted material of the original Complaint contains various compilations of elements, such as listings of "who might have a problem with ovulation":

## Who Might Have a Problem with Ovulation

- Women with PCOS or endometriosis
- Women over 35
- Women with a history of early miscarriage
- Women who are taking fertility medications
- Women who have been trying to conceive, but without success

(Id. p.22).  The copyrighted work also describes why baseline testing is important:

When do I use Proov Predict & Confirm?
Since Proov Predict & Confirm requires testing different hormones at different phases of your cycle, we strongly recommend downloading the free Proov Insight app for all-month digital tracking and testing reminders. While the app is a great way to manage your testing, each kit includes detailed instructions.
Why do I need to use a baseline PdG test?
Great question! Elevated PdG during the period after peak fertility (the "implantation window") suggests that successful ovulation occurred and your body is prepared for conception. However, every woman's natural levels are different. To understand what "elevated" means, you must first establish a PdG reading early in the cycle when we expect levels to be low (right after your period or on cycle day 5 - whichever comes

later). This is your baseline, and it's essential for accurately interpreting your Proov PdG results later in your cycle. The free Proov Insight app makes it easy to know when to test your baseline and provides all-month digital tracking, immediate numerical results, details on what your results mean, and action plans to help you meet your goals.
Why do I need to test PdG on days 7-10 past peak fertility?
The patented Proov PdG testing protocol recommends testing on days 7-10 past peak fertility because these are the days during your cycle when having elevated PdG levels is critical for successful conception. Elevated PdG is a marker of elevated progesterone, which supports implantation. Studies show that elevated levels of PdG during the 7-10 day window correlate to higher chances of successful pregnancy.
Do I need to use first morning urine with Proov Predict & Confirm?
Proov Confirm PdG tests do require first morning urine after at least a 6 hour hold. Using anything other than first morning urine with Proov Confirm PdG tests will cause inaccurate results. Proov Predict LH tests, on the other hand, can be used with urine collected at any time of day. Our protocol suggests using LH tests twice per day as you approach your day of suspected ovulation, and many women find it convenient to test morning and evening during those days.

(Id. pp. 11-12).  The copyright of the original Complaint extends beyond the "idea, procedure, process, system, method of operation, concept, principle, or discovery" expressed in the copyrighted work and includes the creative arrangement and interaction of the techniques composing the expression of the Proov product.

The copyright of the original Complaint does not focus on the "indispensable" treatment of a given topic.  Rather, the copyrighted work of the original Complaint is substantially similar to ads such as those found on the OvuProof website.  For example, Defendant arranges points on its website in a similar fashion as the "who might have a problem with ovulation" selection cited above, for example, providing an identical listing and sequence of points for three of four bullet points as set forth below (i.e., for a) PCOS or endometriosis; b) women over 35 years old; and c) women with a history of early miscarriage):




## WHO NEEDS AN OVUPROOF PDG (PROGESTERONE) TEST?

Any woman who is trying to get pregnant without success. PdG at-home tests or serum progesterone tests will help validate and confirm your ovulation. Reasons for not ovulating may include:
- hormonal imbalance or irregular cycles
- PCOS or endometriosis
- Women over 35 years old
- Women with a history of early miscarriage

**SHOP NOW**

Results you can trust

(Ex. B, https://web.archive.org/web/20230722212913/https://buyovuproof.com/). Moreover, the

baseline testing description is similar, i.e.:

## RECOMMENDATIONS FOR URINE OVUPROOF PDG URINE TESTING

✓ Track your menstrual cycle with a free app

✓ Take a baseline PdG sample after your period ends (this test will be negative: 2 lines will show)

✓ Predict your fertile period and take a LH (luteinizing hormone) test approx. 4-6 days before the mid-point of your cycle. Example: for a 28 day cycle, mid-point is 14 days, so you would start taking an LH test around day 8-10. The LH surge can be short and therefore it can be missed. Some women like to LH test twice a day. It will help if the urine is concentrated (first morning urine) or limited fluids for 2 hours prior to testing.

✓ Once you have a positive LH test, we recommend taking an PdG test starting 7 days after the first positive LH test. We recommend testing for 3-4 days in a row, from that point. 3-4 days of positive PdG tests (one line) in a row will confirm ovulation!

(Id.).  The OvuProof Amazon Ad uses the "free app" feature described in the copyrighted work.

Compare Ex. C to D.I. 11-12 pp. 11-12).  The OvuProof Amazon Ad includes the same "baseline

PdG sample" that forms the "baseline" which is essential for accurately interpreting your PROOV

PgD results in your later cycle." (Id.).  The OvuProof Amazon Ad also uses the same "protocol"

which "suggests using LH tests twice per day as you approach your day of suspected ovulation,

and many women find it convenient to test morning and evening during those days." (Id.).  These

are just a few of the similarities between the copyright registration in the original Complaint and

the OvuProof Amazon Ad.

Defendant's motion pays lip service to the copyrightability of compilations of facts (D.I. 11 at 8-9) but then argues that "the similarities (if any) to Action Care's Digital Properties are way too sparse to lead to a conclusion that Action Care copied those limited portions of the Proov Content in violation of any duty not to do so." (D.I. 11 at 9). Setting aside the conclusory nature of Defendant's argument, the examples above demonstrate that there is a claim for copyright infringement. Moreover, a simple review of the body of the subject of the copyright in the Amended Complaint, and Defendant's OvuProof Amazon Ad show: 1) both works show a majority of elements which are substantially similar; 2) both works show a listing of five key elements, i.e., an arrangement of element which have 120 different permutations for listing (i.e., mathematically 5! or 1x2x3x4x5); and 3) only two out of the possible 120 permutations would have the first, third and fourth paragraphs (i.e, the substantially similar paragraphs) *in the same order* in both works. In other words, even if there existed only five key features for each product (which in fact have more key features), the two works still have the same selection or arrangement of features to support a claim of substantial similarity. Thus, MFB's Amended Complaint sets for a plausible claim of copyright infringement.

The cases relied on by Defendant are inapposite. For example, the case of *Meynart-Hanzel v. Turner Broad. Sys*., 2018 U.S. Dist. LEXIS 158764 at *12 (N.D. Ill. Sep. 18, 2018) involves a television program that was "very similar" to the alleged copyrighted work based on the overall plot of the two works which the Court found to be "too commonplace and general to be protected." *Id.* (case dismissed without prejudice with leave to file an Amended Complaint). Here, the copyrighted work of the original complaint is not based upon any "plot." Moreover, the Court permitted the Plaintiff to amend the complaint just as MFB requests here. Likewise, in *Peters v. West*, 692 F.3d 629, 633 (7th Cir. 2012) the phrase "what don't kill me make me stronger" used in a song was determined to be a common saying based on several works that were in existence dating

back to the 19th Century.  Finally, in *Hobbs v. John*, 722 F. 3d 1089 (7th Cir. 2013), the Court determined that the unique selection, arrangement and combination of individually unprotectable elements in song lyrics were not protectable because the lyrics related to general ideas and incidents, characters or settings which are as a practical matter indispensable, or at least standard, in the treatment of a given topic.  That is not the case here.

There is a factual basis for asserting a claim of copyright infringement of Defendant's OvuProof Amazon Ad.  However, there is a more concise and practical copyright registration that can be applied to the OvuProof Amazon Ad. That is the subject of the Amended Complaint.  MFB seeks a determination of infringement of the concise copyright to more efficiently and adeptly determine whether the OvuProof Amazon Ad infringes MFB's copyrights in the advertisement of its Proov Amazon Ad.

## C.      Defendant Is Not a Prevailing Party Entitled to Attorneys' Fees

Defendant filed the present motion on September 15, 2023.  Defendant then proceeded to file its answer to the initial complaint a week later (on September 22, 2023), even though the filing of its motion stayed any requirement to answer the complaint, including those counts (e.g., trademark infringement) not addressed in its motion.  *Oil Express Nat'l Inc. v. D'Alessandro*, 173 F.R.D. 219, 220 (N.D. Ill. 1997).   Consistent with the purpose of the Federal Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed R. Civ. P. 1, the nonmoving party should have the ability to review the motion to dismiss and to consider exercising, as appropriate, its ability to amend under Rule 15. MFB has done so and has withdrawn its allegation on the copyright certificate in the original complaint in favor of the more apt copyright certificate in its amended complaint.

MFB's Amended Complaint sets forth specific facts identifying the basis for MFB's copyright infringement claim, including a detailed comparison of the copyrighted work and the

accused work which identifies the basis for claiming unauthorized copying and substantial similarity. Moreover, this Amended Complaint accuses the same OvuProof Amazon Ad which was the subject of the original complaint and Defendant's motion to dismiss. That is, the withdrawal of the original copyright certificate does not eliminate MFB's copyright infringement claim, nor does it eliminate the Ovuproof Amazon Ad which is already in this case, nor does it eliminate the trademark claim which is not part of the present motion.

Defendant argues strenuously that it is "presumptively entitled" to an award of attorneys' fees. In fact, Defendant's motion devotes fully a third of its 15-page allotment to its request for attorneys' fees, while relegating any purported analysis of the substantive copyright infringement claim to an afterthought "appendix" which lacks specific citations to the pages of the copyrighted work or Defendant's publication that it purports to compare. (See D.I. 11-4, Appendix 1). Regardless, the Amended Complaint sets forth the factual support that Defendant's analysis is missing, comparing the copyrighted Proov Amazon and Ovuproof Amazon Ad works as a whole as well as the specific points of arrangement and phrasing which support a conclusion of substantial similarity. Defendant complains about a lack of analysis or supporting documentation supporting MFB's copyright infringement claim (D.I. 11 at 13), yet MFB's amended complaint provides a high level of detail and analysis (as shown above and in Exhibit A) about MFB's basis for alleging copyright infringement by the OvuProof Amazon Ad. MFB's copyright claim, as set forth in its First Amended Complaint, is not frivolous.

Perhaps more importantly, Defendant is not a "prevailing party" such that an award of attorneys' fees would be possible under the Copyright Act. That is, the elimination of the initial copyright in this case does nothing to create "a material alteration of the legal relationship of the parties[,]'" which is the touchstone for a prevailing party. *CRST Van Expedited, Inc. v. EEOC*, 136 S. Ct. 1642, 1646 (2016) (quoting *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489

U.S. 782, 791-92 (1989) and *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001)). Here, there is no such material alteration simply by withdrawal of the copyright certificate which was part of the original case. That is, MFB still has a copyright claim, and it still claims infringement by Defendants' OvuProof Amazon Ad.

Moreover, MFB's original Complaint and its Amended Complaint still allege trademark infringement based upon its unauthorized use of "OvuProof," both in the OvuProof Amazon Ad and elsewhere. Indeed, this is a case which is primarily about trademark infringement. That is, the accused work which is the subject of MFB's copyright claim is also one of the subjects of MFB's trademark infringement allegations. Even if MFB did not prevail on its copyright claim, this case would not justify an award of attorneys' fees given: 1) the minimal litigation over the matter (as the present motion was filed even before Defendant filed its answer); and 2) the trademark claim being the primary focus of the case. See *Timothy B. O'Brien LLC v. Knott*, 962 F.3d 348, 349-350. (7th Cir. 2020) (affirming a denial of an award of attorneys' fees for a frivolous copyright claim, noting, *inter alia,* the district court's findings "that the case was primarily about[] trademark and trade dress claims" and that Defendant had only had to file an answer to the withdrawn copyright claim). Thus, Defendant is not entitled to attorneys' fees on its motion.

## IV.     CONCLUSION

Plaintiff, MFB Fertility, has submitted an Amended Complaint which highlights the similarities between the OvuProof Amazon Ad and the concise copyright relating to the Proov Amazon Ad. The motion to dismiss is mooted by the Amended Complaint. The motion should alsobe denied because there was ample support for infringement of the copyright in the original Complaint; it was just a more cumbersome document to work with. Defendants are not a prevailing party to this action and therefore the request for fees is improper and should be denied.

Respectfully submitted,

<u>        /s/ Arthur A. Gasey                    </u>
Dean D. Niro (ARDC # 6208064)
Arthur A. Gasey (ARDC # 6210605)
VITALE, VICKREY, NIRO, SOLON & GASEY LLP
311 S. Wacker Dr., Suite 2470
Chicago, IL 60606
Tel.: (312) 236-0733
Fax: (312) 236-3137
dniro@vvnlaw.com
gasey@vvnlaw.com

Gary I. Blackman (ARDC # 6187914)
Erin M. Mayer (ARDC # 6313447)
LEVENFELD PEARLSTEIN, LLC
130 N. Riverside Plaza, Suite 1800
Chicago, IL 60606
Tel.: (312) 346-8380
Fax: (312) 346-8434
gblackman@lplegal.com
emayer@lplegal.com

*Attorneys for Plaintiff,*
*MFB Fertility, Inc.*