**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MFB FERTILITY INC.,

                    Plaintiff,

       v.

ACTION CARE MOBILE VETERINARY
CLINIC, LLC,

               Defendant.

Case No. 1:23-cv-03854

Judge Harry D. Leinenweber
Magistrate-Judge Gabriel A. Fuentes

**MFB FERTILITY INC.'S MEMORANDUM IN SUPPORT**
**OF ITS MOTION TO DISMISS**

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................ 1

II.     BACKGROUND ................................................................................................. 2

III.    RELEVANT FACTS .......................................................................................... 3

IV.    LEGAL STANDARD ......................................................................................... 5

V.     ARGUMENT ...................................................................................................... 6

      A.     The Counterclaim for "Misrepresentation" Must Be Dismissed (First Claim) ...... 6

      B.     The Counterclaim for Tortious Interference with Prospective Economic Advantage Should Be Dismissed (Second Claim)............. 9

      C.     The Counterclaim for Defamation *Per Se* Should Be Dismissed (Third Claim).. 10

      D.     The Counterclaim for Defamation *Per Quod* Should Be Dismissed (Fourth Claim) ................................................................... 12

      E.     The Counterclaim for Cancellation Should Be Dismissed (Fifth Claim)............. 14

VI.    CONCLUSION................................................................................................... 14

## TABLE OF AUTHORITIES

### Federal Cases

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937 (2009) ...................................................................5, 6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955 (2007) ...............................................................1, 2, 5

*Bonnstetter v. City of Chi.*,
    811 F.3d 969 (7th Cir. 2016) ....................................................................................9

*Brown v. CACH, LLC*,
    No. 20-cv-4579, 2021 U.S. Dist. LEXIS 172037 (N.D. Ill. Sep. 10, 2021) .............6

*Burlet v. Baldwin*,
    452 F. Supp. 3d 801 (N.D. Ill. 2020) .....................................................................11

*Columbia Trading Corp. v. Green Elecs., LLC*,
    Civil Action No. 17-1309 (JMV) (MF), 2018 U.S. Dist. LEXIS 129048
    (D.N.J. July 27, 2018) ..............................................................................................9

*Dornhecker v. Ameritech Corp.*,
    99 F. Supp. 2d 918 (N.D. Ill. 2000) .......................................................................13

*Eagle Forum v. Phyllis Schlafly's Am. Eagles*,
    No. 3:16-cv-946-DRH-RJD, 2017 U.S. Dist. LEXIS 170817 (S.D. Ill. Oct. 16,
    2017) ........................................................................................................................14

*Equis Corp. v. Staubach Co.*,
    No. 99 C 7046, 2000 U.S. Dist. LEXIS 3229 (N.D. Ill. Mar. 10, 2000). While
    Action Care .............................................................................................................13

*Foster v. Principal Life Ins. Co.*,
    806 F.3d 967 (7th Cir. 2015) ....................................................................................9

*Holbrook Mfg. Ltd. Liab. Co. v. Rhyno Mfg.*,
    497 F. Supp. 3d 319 (N.D. Ill. 2020) ..................................................................9, 10

*Hosseinzadeh v. Klein*,
    276 F.Supp.3d 34 (S.D.N.Y. 2017). Action Care ....................................................7

*Hughes v. Benjamin*,
    437 F. Supp. 3d 382 (S.D.N.Y. 2020)...................................................................7, 8

*Ketab Corp. v. Mesriani & Assocs.*,
No. 2:14-cv-07241-RSWL (MRW), 2015 U.S. Dist. LEXIS 163133 (C.D.
Cal. Dec. 4, 2015) ..........................................................................................14

*Kshetrapal v. Dish Network, LLC*,
No. 14-cv-3527 (PAC), 2018 U.S. Dist. LEXIS 48493, 2018 WL 1474375
(S.D.N.Y. Mar. 23, 2018) ................................................................................8

*Lewis v. School Dist. #70*,
523 F.3d 730 - 46 (7th Cir. 2008) ..................................................................11

*Madison v. Frazier*,
539 F.3d 646 (7th Cir. 2008) .....................................................................11, 12

*Milo Enters. v. Bird-X, Inc.*,
No. 18 C 6315, 2022 U.S. Dist. LEXIS 53097 (N.D. Ill. Mar. 24, 2022) ..............12

*Ningbo Mizhihe I&E Co. v. Does*,
2020 U.S. Dist. LEXIS 76724 (S.D.N.Y. Apr. 30, 2020) .......................................7

*Rossi v. Motion Picture Ass'n of Am., Inc.*,
391 F.3d 1000 (9th Cir. 2004). Action Care ......................................................6

*Shield Techs. Corp. v. Paradigm Positioning, LLC*,
No. 11 C 6183, 2012 U.S. Dist. LEXIS 134115 (N.D. Ill. Sep. 19, 2012) ............10

*The Sunny Factory, LLC v. Haoyi Chen*,
No. 21 C 3648, 2022 U.S. Dist. LEXIS 43969 (N.D. Ill. Mar. 11, 2022) .........6, 11

*Van Vliet v. Cole Taylor Bank, No. 10 CV 3221*,
2011 U.S. Dist. LEXIS 4640 (N.D. Ill. Jan. 18, 2011) ......................................11

**State Cases**

*Becker v. Zellner*,
292 Ill. App. 3d 116, 684 N.E.2d 1378, 226 Ill. Dec. 175 (Ill. App. Ct. 1997) .......13

*Bryson v. News America Publications, Inc.*,
174 Ill. 2d 77, 672 N.E.2d 1207, 220 Ill. Dec. 195 (Ill. 1996) ...............................11

*Green v. Rogers*,
234 Ill. 2d 478, 334 Ill. Dec. 624, 917 N.E.2d 450 (2009) .............................10, 11

*Pease v. Int'l Union of Operating Eng'rs Local 150*,
208 Ill. App. 3d 863, 153 Ill. Dec. 656, 567 N.E.2d 614 (1991) ...........................11

*Voyles v. Sandia Mortgage Co.*,
196 Ill. 2d 288, 751 N.E.2d 1126, 256 Ill. Dec. 289 (Ill. 2001) ...............................9

## I.      INTRODUCTION

This action originates from claims brought by Plaintiff/Counter-Defendant MFB Fertility Inc. ("MFB") against Defendant/Counter-Plaintiff Action Care Mobile Veterinary Clinic, LLS ("Action Care") for Trademark Infringement under 15 U.S.C. § 1114 and Copyright Infringement under 17 U.S.C. § 501.  The claims center on the advertisement of Action Care's fertility tracking product sold on Amazon under the "OVUPROOF" brand name.  MFB filed takedown notices regarding the "OVUPROOF" product through the Amazon portal, resulting in Amazon deactivating Action Care's product listing page. (D.I. 6 ¶¶ 12-23).  Frustrated with Amazon's procedure, Action Care filed a hodgepodge of counterclaims against MFB, including Misrepresentation Under 17 U.S.C. § 512(f), Tortious Interference with Prospective Economic Advantage, Defamation *per se*, Defamation *per quod*, and Cancellation of MFB's registered trademark.  However, Action Care has not alleged facts beyond mere conclusory allegations. Action Care's counterclaims lack the required specificity to overcome the level of speculation proscribed by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).

First, Action Care has not sufficiently pleaded facts to demonstrate that MFB knowingly made misrepresentations that Action Care's material infringed MFB's registered copyrights.  Nor has Action Care pleaded facts that MFB subjectively believed that the alleged material did not infringe MFB's copyrights.

Second, Action Care fails to state a claim for Tortious Interference with Prospective Economic Advantage because it does not allege facts to identify how MFB engaged in an intentional and unjustified interference that included or caused a breach or termination of the expectancy.

Third, Action Care fails to state a claim for Defamation *per se* because the alleged statements made by MFB to Amazon are absolutely privileged. In addition, the alleged statements are capable of innocent construction.

Fourth, Action Care fails to state a claim for Defamation *per quod* because Action Care failed to allege specific damages.

Fifth, Action Care fails to state a claim for Cancellation, because Action Care lacks the required standing to bring a claim for Cancellation against MFB.

For the reasons stated herein, MFB respectfully requests that this Court grant its motion to dismiss each of the counterclaims asserted by Action Care.

## II.    BACKGROUND

MFB is a company who researches, develops, and sells in-home tests for fertility tracking purposes. (D.I. 22-1 ¶ 2). MFB sells its products under the trademark PROOV®, United States Federal Trademark Registration No. 5,622,245. (Id. at ¶ 27, 31). MFB sells its products on its website and on Amazon.com. (Id. at ¶ 37-38). MFB has made significant investments toward marketing and promoting its fertility testing products under its registered trademark PROOV®. (Id. at ¶ 30). MFB's extensive marketing efforts have resulted in the consuming public recognizing the PROOV® trademark as being a source identifier for MFB's fertility products. (Id.). MFB also owns a copyright in its advertisement for the product, United States Registered Copyright No. TX 9-332-600. (Id. at ¶¶ 37-38, 50).

Action Care is an online retailer that promotes, advertises, offers for sale, and sells on its website and on Amazon.com progesterone strips called "OVUPROOF" (Id. at ¶ 7, 40-42). MFB has filed this lawsuit against Action Care alleging that (1) the name "OvuProof" is confusingly similar to the PROOV® trademark and is likely to cause consumer confusion with the PROOV® trademark (Id. at ¶ 43-44), and (2) that Action Care copied MFB's registered copyright by using

- 2 -

in its product advertisement and product descriptions on Amazon.com a combination and sequence of descriptions and phrases that are substantially similar to MFB's Copyright material. (Id. at ¶ 51-63).

## III.   RELEVANT FACTS

In its Counterclaims against MFB, Action Care alleges that on or around June 2, 2023, MFB submitted to Amazon a takedown notice under the Digital Millenium Copyright Act ("DMCA") resulting in the "automatic, immediate takedown/removal of the Action Care Amazon Product Listing Page." (D.I. 15, p. 14 at ¶ 12). Action Care alleges that in its takedown notice, MFB included the following language:

> They found a cheap Chinese manufacturer to copy our tests then used all of our wording on the product page and product inserts. Copyrighted content: They copied all of our FAQs and product description from this product page … They also took wording from our FAQ on our website: https://proovtest.com/products/proov-test-strips including the 'who might have a problem with ovulation, comment FAQ, when to test, and what is successful ovulation. ASIN: B0BYKF95LN.

(Id. at ¶ 13). Action Care responded to MFB's takedown notice by submitting a counternotice to Amazon. (Id. at ¶ 14). Action Care does not provide any facts detailing the alleged counternotice.

On June 19, 202, MFB filed a Complaint in this Court for copyright and trademark infringement against Action Care. (D.I. 6). MFB's copyright claims are based, in part, on Action Care's infringing product descriptions on Amazon, as can be seen below:

**Plaintiff's Copyrighted Material**

Proov PdG - Progesterone Metabolite – Test | Only FDA-Cleared Test to Confirm Successful Ovulation at Home | 4 Cycle Pack | Works Great with Ovulation Tests | 18 PdG Test Strips

**Defendant's Infringing Material**

OvuProof PdG Tests/Progesterone Metabolite/FDA Registered Rapid Test to Confirm Successful Ovulation/Monitor Pregnancy/ 5 Tests/1Cycle/ Works Well with Ovulation/LH Tests/ 5 PdG Test Strips per Box
Brand: OvuProof

**Plaintiff's Copyrighted Material**

- DON'T JUST PREDICT OVULATION, CONFIRM OVULATION SUCCESS: Unlike traditional ovulation tests which measure LH, Proov Confirm measures PdG, a urine marker of progesterone. Understanding PdG levels provides insight into ovulation that can affect your chance of successful pregnancy —a key piece of the puzzle when you're trying to conceive.
- WORKS WITH THE FREE PROOV INSIGHT APP: Take your knowledge further and get lab-level numeric results at home in minutes, including your Proov-exclusive Ovulation Quality Score. You'll also get details on what your results mean and action plans to help you meet your goals.
- THE ONLY FDA-CLEARED PdG TEST: No other brand can test PdG (a urine marker of progesterone) to Proov's standard, thanks to our patented, Proov-exclusive protocol.
- WORKS ALONGSIDE OVULATION TESTS (OPKs) AND PREGNANCY TESTS: Use OPKs to understand your fertile window (the best time to "try), and a pregnancy test at the end of your cycle to check for pregnancy. Proov Confirm fills the gap between the two, confirming if your ovulation set the stage for an optimum chance at success.
- 1:1 SUPPORT INCLUDED WITH EVERY PURCHASE: We're here to help you reach your fertility goals faster. Join our community and connect with fertility hormone experts by following our social media or just calling us at 1-877-PROOVIT.

**Defendant's Infringing Material**

**About this item**
- CONFIRM OVULATION with OvuProof PdG rapid urine test strips at home! Unlike traditional ovulation tests which measure LH (luteinizing hormone) and attempt to predict ovulation, OvuProof actually confirms ovulation by measuring PdG, a metabolite of progesterone
- Progesterone rises after ovulation, and its elevated levels over 3-4 days confirm that you have ovulated. Seeing your (PdG) levels rise after an LH surge can give you peace of mind or let you know that it may be time to talk with a fertility specialist.
- OvuProof is FDA registered, 96.4% accurate in the lab, fast, and convenient to use! 5 individually wrapped PdG strips are included in each box, along with 5 urine cups and easy-to-understand directions.
- OvuProof is designed to work with LH tests, pregnancy tests, and other hormone tests to better understand a woman's ovulatory cycle and help confirm ovulation and a healthy pregnancy progesterone level. We recommend to download a free ovulation cycle tracking app to chart and input all your test results.
- 100% SATISFACTION GUARANTEED - Try OvuProof brand PdG rapid urine strips to help track your ovulation cycle and be 100% satisfied or we'll extend a full, prompt, friendly refund or replacement – whatever makes you happiest.

(D.I. 22-1 ¶ 54). Action Care alleges that on or around June 20, 2023, MFB emailed the Complaint to Amazon. (D.I. 15, p. at 15 ¶ 16). Action Care alleges that on or around July 27, 2023, counsel for Action Care sent a letter to Amazon explaining why Action Care "believed MFB's suit was baseless." (Id. at ¶ 20). Action Care alleges that on August 5, 2023, Amazon reinstated Action Care's product listing page. (Id. at ¶ 21). MFB filed a Motion for Leave to Amended the Complaint on November 27, 2023 (D.I. 22) which was not opposed by Action Care (D.I. 24). The motion for leave is currently pending before the Court.

Action Care further alleges that on around August 9, 2023, Amazon once again deactivated Action Care's product listing page based on MFB's pending copyright suit against Action Care. (D.I. 15, p. 15 at ¶ 22). Action Care provides the following conclusory allegations regarding purported difficulties they experienced in dealing with Amazon and its DMCA policy and procedure:

- Deactivation of the Action Care Amazon Product Listing Page further resulted in at least 174 units of Action Care's products being stranded or lost. (Id. at ¶ 18).

- Deactivation of the Action Care Amazon Product Listing Page also resulted in Action Care's Amazon storefront suffering significant negative impact on account health and complete loss of sales. (Id. at ¶ 19).

- Just prior to Amazon's second delisting of the Action Care Amazon Product Listing Page, Action Care shipped 450 additional units to Amazon, resulting in such additional units being stranded as well. (Id. at ¶ 22).

- Meanwhile, as a result of the pending copyright infringement allegations, Amazon began shipping boxes of Action Care's products back to Action Care in multiple small envelopes, which caused physical damage to much of Action Care's inventory. (Id. at ¶ 23).

## IV.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss allegations that fail to state a claim upon which relief can be granted. A Plaintiff must "nudge[] their claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). In order to survive a motion to dismiss for failure to state a claim, a Plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). In *Iqbal,* the Supreme Court mandated a two-step approach towards evaluating whether pleadings rise to the level of specificity necessary to allege a cause of action.

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a

complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009).  In essence, the Court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Brown v. CACH, LLC*, No. 20-cv-4579, 2021 U.S. Dist. LEXIS 172037, at *3-4 (N.D. Ill. Sep. 10, 2021).  Here, Action Care's amalgamation of counterclaims are conclusory, unsupported by fact.  There is no causal connection between MFB's alleged conduct and any harm purportedly experienced by Action Care set out in the counterclaims.

## V.  ARGUMENT

### A.  The Counterclaim for "Misrepresentation" Must Be Dismissed (First Claim)

Count I of the counterclaim must be dismissed because action care has failed to plead that MFB made knowing misrepresentations or subjectively believed that the alleged material did not infringe MFB's copyrights.  The Northern District of Illinois maintains a high pleading standard for alleging Copyright Misrepresentation Under 17 U.S.C. § 512(f).  *The Sunny Factory, LLC v. Haoyi Chen*, No. 21 C 3648, 2022 U.S. Dist. LEXIS 43969, at *11-12 (N.D. Ill. Mar. 11, 2022).  "A copyright owner cannot be liable simply because an unknowing mistake is made, even if the copyright owner acted unreasonably in making the mistake...Rather, there must be a demonstration of some actual knowledge of misrepresentation on the part of the copyright owner.'" *Id.* citing *Rossi v. Motion Picture Ass'n of Am., Inc.,* 391 F.3d 1000, 1005 (9th Cir. 2004).  Action Care has failed to allege that MFB had actual knowledge of a misrepresentation made to Amazon.  Moreover, Action Care has failed to identify which set of facts give rise to its claim for misrepresentation.

Action Care does not dispute that MFB is the owner of a valid United States registered copyright.  Further, Action Care fails to allege facts demonstrating that MFB subjectively believed

that Action Care's product advertisements and descriptions ***did not infringe*** MFB's registered copyrights. A "copyright holder is not liable for misrepresentation under the DMCA if they subjectively believe the identified material infringes their copyright, even if that belief is ultimately mistaken." *Ningbo Mizhihe I&E Co. v. Does,* 2020 U.S. Dist. LEXIS 76724, at *6 (S.D.N.Y. Apr. 30, 2020) quoting *Hosseinzadeh v. Klein*, 276 F.Supp.3d 34, 43 (S.D.N.Y. 2017). Action Care rather alleges in conclusory the following:

- Upon information and belief, MFB's representative submitting the DMCA Takedown Notice knew that any content that may have been contained on the Action Care Amazon Product Listing Page did not contain the entirety of MFB's wording from MFB's product page and product insert. (D.I. 15, p. 16 at ¶ 27).

- Upon information and belief, MFB's representative submitting the DMCA Takedown Notice also knew that any content that may have been contained on the Action Care Amazon Product Listing Page did not contain the entirety of the FAQs and product description from the product page https://amazon.com/proov-pdg-progesterone-metabolite-fdacleared/dp/b08b698tdw. (Id. at ¶ 28).

- Upon information and belief, MFB's representative submitting the DMCA Takedown Notice knew the meaning of the word "all," as showcased by the fact that, after using the word "all" with respect to the two items above, the DMCA Takedown Notice was completed with the statements "also took wording" (as opposed to "used all" or "copied all"). (Id. at ¶ 29).

Action Care's pleadings are similar to the allegations asserted in *Hughes v. Benjamin,* 437 F. Supp. 3d 382, 395 (S.D.N.Y. 2020). In *Hughes,* a plaintiff brought claims for copyright misrepresentation against a defendant based on a DMCA counternotice asserting that the defendant's use was "entirely transformative." *Id.* at 388, 395. The plaintiff argued that this statement was a misrepresentation, because the defendant described its use of the copyrighted work as being "entirely transformative" as opposed to merely "transformative." *Id.* at 394-395. The Court reasoned that the defendant's characterization of its use as being "entirely transformative" versus "transformative" was "immaterial as a matter of law" because any "exaggeration" used in the DMCA counternotice was "mere hyperbole or a matter of opinion, and not false." *Id.* at 395

citing *Kshetrapal v. Dish Network, LLC,* No. 14-cv-3527 (PAC), 2018 U.S. Dist. LEXIS 48493, 2018 WL 1474375, at *15 (S.D.N.Y. Mar. 23, 2018).

Action Care has presented nearly identical allegations in its counterclaims. Action Care alleges that a misrepresentation occurred because MFB used the words "all" in some areas of its DMCA notice but used "also took wording" in other areas of the notice. (D.I. 15, p. 17 at ¶ 29). Action Care has not alleged facts showing that MFB knowingly submitted any false statements to Amazon. Nor can the alleged statements made by MFB be construed to go beyond mere exaggeration or opinion. Action Care's argument regarding any alleged misrepresentation is therefore "immaterial as a matter of law," and its counterclaim for copyright misrepresentation must fail. *Hughes,* 437 F. Supp. 3d at 395.

Further, MFB has not substantiated its basis for misrepresentation. Action Care alleges that "On or around June 2, 2023, MFB, through one of MFB's authorized representatives, submitted a takedown notice to Amazon under the Digital Millennium Copyright Act ("DMCA" and such takedown notice, "DMCA Takedown Notice"). This resulted in the automatic, immediate takedown/removal of the Action Care Amazon Product Listing Page." (D.I. 15, p. 14 at ¶ 12). Action Care also alleges that while Amazon eventually reinstated Action Care's page on August 5, 2023, Action Care's page was again deactivated on August 9, 2023 based on Amazon's knowledge of this lawsuit. (Id. at ¶¶ 21, 22). Action Care has not alleged facts showing that MFB made any representations resulting in the second deactivation of Action Care's Amazon page. Although Action Care alleges that the initial "[d]eactivation of the Action Care Amazon Product Listing Page further resulted in at least 174 units of Action Care's products being stranded or lost", Action Care has not alleged any facts establishing the causal relationship between MFB's conduct and the purported lost 174 units. (Id. at ¶ 18). Nor has Action Care alleged how the 174 units became "stranded or lost." (Id.). Action Care's pleading deficiencies are telling.

- 8 -

Moreover, Action Care's counterclaim allegations made in paragraphs 27 through 30 fail to provide any misrepresentations; the allegations are based on "information and belief." Action Care simply does not provide any factual basis for these claims beyond formulaic recitations of the law. "A formulaic recitation of the elements of a cause of action" is insufficient to state a claim for relief. *Bonnstetter v. City of Chi.,* 811 F.3d 969, 973 (7th Cir. 2016); See also *Columbia Trading Corp. v. Green Elecs., LLC,* Civil Action No. 17-1309 (JMV) (MF), 2018 U.S. Dist. LEXIS 129048, at *12-13 (D.N.J. July 27, 2018) (Granting dismissal of claims brought under 17 U.S.C. § 512(f) for failing to state the basis of allegations predicated on "information and belief.").

For the reasons stated above, MFB respectfully requests that the Court dismiss Action Care's Counterclaim I for Misrepresentation.

**B.     The Counterclaim for Tortious Interference with
        Prospective Economic Advantage Should Be Dismissed (Second Claim)**

The counterclaim for tortious interference with prospective economic advantage should be dismissed because Action Care fails to plead that MFB engaged in an intentional and unjustified interference. Under Illinois law, in order to state a claim for tortious interference, a plaintiff must plead the following:

> (1) a reasonable expectancy of entering into a valid business relationship, (2) the defendant's knowledge of the expectancy, (3) an intentional and unjustified interference by the defendant that induced or caused a breach or termination of the expectancy, and (4) damages to the plaintiff resulting from the defendant's interference.

*Holbrook Mfg. Ltd. Liab. Co. v. Rhyno Mfg.*, 497 F. Supp. 3d 319, 337 (N.D. Ill. 2020) citing *Foster v. Principal Life Ins. Co.*, 806 F.3d 967, 971 (7th Cir. 2015) (*citing Voyles v. Sandia Mortgage Co.*, 196 Ill. 2d 288, 751 N.E.2d 1126, 1133, 256 Ill. Dec. 289 (Ill. 2001)).

Action Care in its counterclaims merely alleges that "MFB purposefully interfered with Action Care's business expectancy through numerous inappropriate actions, including without

limitation falsely claiming to Amazon that Action Care violated MFB's intellectual property rights." (D.I. 15, p. 18 ¶ 38). Action Care is attempting to aggregate a number of different allegations, some of which are presumably unidentified given the language "including without limitation," into a claim for tortious interference. Yet, MFB has not alleged any supporting facts establishing that MFB "falsely claim[ed] to Amazon that Action Care violated MFB's intellectual property rights." (Id.). Action Care has not contested that MFB is the owner of the registered copyrights at issue in this case. To the extent that Action Care is claiming that the alleged tortious interference is based on any issues stemming from the filing of this lawsuit, Illinois law does not recognize tortious interference claims based on the filing of a lawsuit. *Shield Techs. Corp. v. Paradigm Positioning, LLC,* No. 11 C 6183, 2012 U.S. Dist. LEXIS 134115, at *11-13 (N.D. Ill. Sep. 19, 2012) To the extent that Action Care is arguing the misrepresentation is based on the initial DMCA notice, Action Care has not pleaded any facts establishing MFB made any false statements to Amazon. Action Care may not therefore establish that MFB engaged in an intentional and unjustified interference.

Therefore, MFB respectfully requests that the Court dismiss Action Care's counterclaim for Tortious Interference, because Action Care failed to allege intentional and unjustified interference.

### C. The Counterclaim for Defamation *Per Se* Should Be Dismissed (Third Claim)

Count III of Action Care's counterclaims for Defamation *per se* should be dismissed because the alleged statements were made pursuant to litigation and the alleged statements are subject to innocent construction. "To state a defamation claim, a plaintiff must present facts showing that the defendant made a false statement about the plaintiff, that the defendant made an unprivileged publication of that statement to a third party, and that this publication caused damages." *Green v. Rogers,* 234 Ill. 2d 478, 491, 334 Ill. Dec. 624, 633, 917 N.E.2d 450, 459

(2009) (emphasis added). "Statements made in the course of litigation are absolutely privileged from claims of defamation." *Lewis v. School Dist. #70*, 523 F.3d 730, 745 - 46 (7th Cir. 2008)." "Words that are mere name calling or found to be rhetorical hyperbole or employed only in a loose, figurative sense have been deemed nonactionable." *Madison v. Frazier*, 539 F.3d 646, 654 (7th Cir. 2008) quoting *Pease v. Int'l Union of Operating Eng'rs Local 150,* 208 Ill. App. 3d 863, 870, 153 Ill. Dec. 656, 661, 567 N.E.2d 614, 619 (1991).

The alleged statements made by MFB are privileged statements immune from liability. At the heart of Action Care's claim for defamation is the alleged DMCA takedown notice submitted by MFB to Amazon. (D.I. 15, p. 19 at ¶¶ 43-44). As explained by the Court in *The Sunny Factory, LLC v. Haoyi Chen*, No. 21 C 3648, 2022 U.S. Dist. LEXIS 43969, at *7-8 (N.D. Ill. Mar. 11, 2022), DMCA takedown notices submitted to Amazon are "absolutely privileged" because "the notice and takedown period may result in litigation if either party disagrees with Amazon's." Action Care's continued infringement of MFB's copyrights resulted in the present litigation. Because MFB's alleged statements were made to Amazon with the anticipation of filing an action for copyright infringement against Action Care, MFB's alleged statements are not actionable.

Further, the alleged defamatory statements are subject to innocent construction. "A defamatory statement is a statement that harms a person's reputation to the extent it lowers the person in the eyes of the community or deters the community from associating with her or him." *Burlet v. Baldwin*, 452 F. Supp. 3d 801, 811 (N.D. Ill. 2020) quoting *Green v. Rogers,* 234 Ill. 2d 478, 491, 334 Ill. Dec. 624, 633, 917 N.E.2d 450, 459 (2009). Even where an alleged statement may fall within the purview of defamation *per se*, "it will not be found actionable per se if it is reasonably capable of an innocent construction." *Van Vliet v. Cole Taylor Bank, No. 10 CV 3221,* 2011 U.S. Dist. LEXIS 4640, at *13 (N.D. Ill. Jan. 18, 2011) quoting *Bryson v. News America Publications, Inc.,* 174 Ill. 2d 77, 90, 672 N.E.2d 1207, 220 Ill. Dec. 195 (Ill. 1996). "A statement

that may innocently or reasonably be construed as referring to a person other than the plaintiff cannot be actionable *per se.*" *Madison v. Frazier*, 539 F.3d 646, 654 (7th Cir. 2008).

Action Care asserts that "Among the many false statements contained in the DMCA Takedown Notice was the assertion that '[Action Care] found a cheap Chinese manufacturer to copy [MFB's] tests,' which is not a statement concerning alleged infringement of MFB's rights in the Copyrighted Work." (D.I. 15, p. 19 at ¶ 43). However, the actual language from the quote asserted in allegation 13 does not identify the names of any parties: "***They*** found a cheap Chinese manufacturer to copy our tests then used all of our wording on the product page and product inserts." (Id.) (emphasis added). Courts in this jurisdiction have declined to proceed with allegations of defamation made through Amazon takedown notices where alleged false statements fail to identify a definitive party. See *Milo Enters. v. Bird-X, Inc.,* No. 18 C 6315, 2022 U.S. Dist. LEXIS 53097, at *27 (N.D. Ill. Mar. 24, 2022) (Granting summary judgment on alleged defamatory statements made to Amazon: "they have literally just copied our items and now offer them on HomeDepot.com . . . BELOW are 6 products that infringe on Bird-X products and are direct knockoffs."). Because MFB's alleged statements do not reasonably identify Action Care, MFB's statements are capable of innocent construction, and are thus not subject to a claim for defamation *per se*.

Therefore, MFB respectfully requests that the Court dismiss Action Care's Counterclaims for Defamation *per se*, because the alleged statements were made in anticipation of litigation and are capable of innocent construction.

### D.  The Counterclaim for Defamation *Per Quod* Should Be Dismissed (Fourth Claim)

Count IV of Action Care's counterclaims for Defamation *per quod* should be dismissed because action care failed to allege special damages. "A *per quod* defamation claim may be

brought where, as in this case, the defamatory character of the statement is not apparent on its face, and resort to extrinsic circumstances is necessary to demonstrate its injurious meaning." *Dornhecker v. Ameritech Corp.,* 99 F. Supp. 2d 918, 933 (N.D. Ill. 2000). "It is well settled that, in order to prevail on a claim for defamation *per quod*, a plaintiff must allege special damages with particularity." *Becker v. Zellner,* 292 Ill. App. 3d 116, 684 N.E.2d 1378, 1387, 226 Ill. Dec. 175 (Ill. App. Ct. 1997).

Here, Action Care's counterclaim for Defamation *per quod* is unsupported and fails to allege special damages with particularity. Action Care, in vague and conclusory fashion, alleges that "MFB's false assertion of fact about Action Care's causing the copying of MFB's products caused damages to Action Care when Amazon removed the Action Care Amazon Product Listing Page and subsequently lowered Action Care's account health." (D.I. 15, p. 20 at ¶ 53). This statement fails to identify the particular facts upon which Action Care is relying to support its claim for Defamation *per quod*. Action Care's counterclaim vaguely identifies "MFB's false assertion of fact about Action Care's causing the copying of MFB's products." However, it is unclear whether Action Care's Defamation *per quod* claim is based on the alleged former or latter DMCA takedown notices.

In addition, "General allegations such as damage to one's health or reputation, economic loss, and emotional distress are insufficient to state a cause of action for defamation per quod." *Equis Corp. v. Staubach Co.,* No. 99 C 7046, 2000 U.S. Dist. LEXIS 3229, at *7 (N.D. Ill. Mar. 10, 2000). While Action Care vaguely references the lowering of the health of its account, as stated above, such general allegations are insufficient. *Id.* Action Care's counterclaim for Defamation *per quod* must therefore fail on the pleadings, as it does not describe special damages with particularity.

- 13 -

### E.    The Counterclaim for Cancellation Should Be Dismissed (Fifth Claim)

Count V of Action Care's counterclaims for Cancellation should be dismissed because Action Care lacks standing to assert cancellation.  In order to plead a claim for Cancellation, a plaintiff must have standing to assert the claim. 15 USC § 1064; *Eagle Forum v. Phyllis Schlafly's Am. Eagles,* No. 3:16-cv-946-DRH-RJD, 2017 U.S. Dist. LEXIS 170817, at *5 (S.D. Ill. Oct. 16, 2017). "Courts have found standing to exist where the cancellation petitioner asserts a likelihood of confusion between the petitioner's mark and the registered mark at issue, or where the petitioner's application is rejected during prosecution." *Ketab Corp. v. Mesrani & Assocs.,* No. 2:14-cv-07241-RSWL (MRW), 2015 U.S. Dist. LEXIS 163133, at *20 (C.D. Cal. Dec. 4, 2015).

Action Care has failed to allege that a likelihood of confusion exists between MFB's Registered Trademark PROOV®, and Action Care's "OVUPROOF" product name. To the contrary, Action Care has asserted there is no likelihood of confusion between the marks at issue: "MFB's trademark infringement claim fails because the PROOV mark and the OVUPROOF mark differ in the numbers of syllables, spellings, and overall impressions, such that there is no likelihood of consumer confusion." (D.I. 15, p. 12 ¶ 19).  Action Care's assertion of no likelihood of confusion therefore contradicts its pleading that the registration of the PROOV® trademark "is causing irreparable harm to Action Care."  (D.I. 15, p. 22 at ¶ 62).  In addition, Action Care has also failed to allege that MFB's application for the PROOV® trademark was rejected during prosecution.  Thus, Action Care has not pleaded facts to confer standing. Action Care's Counterclaim for Cancellation should accordingly be dismissed.

## VI.    CONCLUSION

For the reasons set forth in more detail above, MFB respectfully requests that the Court dismiss every counterclaim made by Action Care in the Answer to the Complaint.  (D.I. 15).

Respectfully submitted,

_____/s/ *Dean D. Niro*_____

Dean D. Niro (ARDC # 6208064)
Arthur A. Gasey (ARDC # 6210605)
Nicholas D. Niro (ARDC # 6345897)
VITALE, VICKREY, NIRO, SOLON & GASEY LLP
311 S. Wacker Dr., Suite 2470
Chicago, IL 60606
Tel.: (312) 236-0733
Fax: (312) 236-3137
dniro@vvnlaw.com
gasey@vvnlaw.com

Gary I. Blackman (ARDC # 6187914)
Erin M. Mayer (ARDC # 6313447)
LEVENFELD PEARLSTEIN, LLC
130 N. Riverside Plaza, Suite 1800
Chicago, IL 60606
Tel.: (312) 346-8380
Fax: (312) 346-8434
gblackman@lplegal.com
emayer@lplegal.com

*Attorneys for Plaintiff,*
*MFB Fertility, Inc.*