IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MFB FERTILITY INC.,<br><br>                Plaintiff,<br><br>   v.<br><br>ACTION CARE MOBILE VETERINARY CLINIC, LLC,<br><br>                Defendant. | Case No. 1:23-cv-03854<br><br>Judge Harry D. Leinenweber<br>Magistrate-Judge Gabriel A. Fuentes |

**MFB FERTILITY INC.'S REPLY BRIEF IN SUPPORT
OF ITS MOTION TO DISMISS**

Plaintiff/Counter-Defendant MFB Fertility, Inc. ("MFB") respectfully requests the Court grant MFB's motion to dismiss Action Care Mobile Veterinary Clinic, LLC's ("Action Care") Counterclaims because Action Care has failed to state claims for Misrepresentation Under 17 U.S.C. § 512(f), Tortious Interference with Prospective Economic Advantage, Defamation *per se*, Defamation *per quod*, and Cancellation of MFB's registered trademark.

**I.    INTRODUCTION**

MFB researches, develops, and sells in-home tests for fertility tracking purposes. (D.I. 22-1 ¶ 2). MFB is the owner of United States Registered Trademark No. 5,622,245 (the "'245 trademark") for the name "Proov," and United States copyright registrations Nos. TX0009274663 and TX 9-332-600. *Id.* at ¶¶ 31, 50. Action Care is a competitor of MFB. *Id.* at 47. Action Care does not own any federally registered trademarks or copyrights. Action Care seeks to punish MFB for properly enforcing its intellectual property rights by asserting a series of Counterclaims. Action Care has failed to provide any support for its Counterclaims in its Response Brief. (D.I. 32). For the reasons stated herein, and in MFB's opening brief, each of Action Care's Counterclaims must be dismissed.

## II. ACTION CARE HAS NOT SUFFICIENTLY PLEADED KNOWLEDGE

In its Response Brief, Action Care seeks to fill in the many shortcomings of its Counterclaims. For instance, Action Care seeks to insert new arguments about knowledge to rescue its flawed claim for Misrepresentation Under 17 U.S.C. § 512(f). (D.I. 32 pp. 3-5). However, it is well-established law that "a plaintiff may not amend his complaint in his response brief." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.,* 631 F.3d 436, 448 (7th Cir. 2011). Action Care's pleadings amount to nothing more than conclusory allegations regarding knowledge, which are insufficient to satisfy the requirement of plausibility needed to survive a motion to dismiss. *Worix v. Medassets, Inc.,* 857 F. Supp. 2d 699, 703 (N.D. Ill. 2012).

Action Care provides a lengthy analysis regarding the concept of willful blindness, presumably because it recognizes it has not satisfied the heightened standard for pleading knowledge under § 512(f). (D.I. 32, pp. 3-4); *The Sunny Factory, LLC v. Haoyi Chen*, No. 21 C 3648, 2022 U.S. Dist. LEXIS 43969, at *11-12 (N.D. Ill. Mar. 11, 2022). Action Care cites *Lenz v. Universal Music Corp.,* 815 F.3d 1145 (9th Cir. 2015) to suggest that the knowledge requirement under a § 512(f) claim may be satisfied through a showing of willful blindness. Notably, the Court in *Lenz* determined that Lenz could not proceed under a theory of willful blindness because Lenz did not demonstrate that the defendant subjectively believed that the copyright at issue was subject to fair use. *Id.* at 1163. Although Action Care is not required to prove willful blindness at this stage in the case, it has not provided any allegations supporting this theory of knowledge.

Action Care cites *Global-Tech Appliances, Inc. v. SEB S.A.,* 563 U.S. 754, 766–70 (2011) in support of its theory of willful blindness. Interestingly, *Global-Tech* resulted in a jury verdict of patent infringement against a company who purchased competing products at lower production costs from an overseas manufacturer. *Id.* at 757-758. Assuming the standard set forth by Action Care is proper in determining willful blindness, which is not the case, Action Care has not alleged

that MFB (1) "subjectively believe[d] that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." *Minemyer,* Civil Action No. 07-CV-1763, 2012 U.S. Dist. LEXIS 197044, at *4 (N.D. Ill. Feb. 15, 2012). Action Care refers to instances where the Seventh Circuit has found willful blindness: "conscious avoidance of information," failure "to inquire into relevant circumstances," and "circumstantial evidence." (D.I. 32, p. 4). Action Care has not, however, supported any of these factors in its pleading. Further, Action Care proposes that "ostrich-like" business practices as described in *Microsoft Corp. v. Rechanik,* 249 F. App'x 476, 478-79 (7th Cir. 2007) amount to willful blindness. In *Microsoft Corp.*, the defendant "admitted at his deposition that he purchased the products from unauthorized distributors, did not ask whether they were authentic, and did not examine them to satisfy himself that they were not counterfeit." *Id.* Here, Action Care has not made any allegations regarding any similar conduct as described in *Microsoft Corp*.

The core of Action Care's argument seemingly rests on the notion that willful blindness exists where the copyright holder fails to "consider fair use before sending a takedown notification." (D.I. 32, p. 4). Action Care would like this Court to read allegations into its Counterclaims which simply do not exist; that MFB failed to consider whether Action Care's use of the copyright at issue was fair use. Moreover, if this Court were to adopt Action Care's proposed logic given its lack of relevant pleadings, every copyright misrepresentation claim would inherently entail at the pleading stage: (1) a presumption of fair use by an accused infringer, and (2) a presumption that fair use was not considered by the copyright holder. Such an interpretation would impose an automatic validation of § 512(f) claims at the pleading stage, thereby negating the pleading requirements set forth in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Action

Care has not provided any allegations that MFB failed to consider fair use before submitting the DMCA notice.

Action Care argues that the DMCA "statement that MFB had a good faith belief that the material contained on Action Care's Amazon Listing Page infringed on MFB's materials" somehow demonstrates that MFB lacked a good faith basis. Taken alone, this allegation merely supports the notions that MFB followed the proper investigative procedures before submitting the DMCA notice, and that MFB subjectively believed it had a good faith basis that Action Care's material infringed. (D.I. 32, p. 5). Action Care is apparently dissatisfied with the negative consequences it purportedly experienced after MFB submitted a proper DMCA notice to Amazon. However, "§ 512(f) protects against bad-faith misrepresentations of copyright infringement not against a desire to see negative downstream consequences from properly-filed claims of copyright infringement." *Moonbug Entm't Ltd. v. Babybus (Fujian) Network Tech. Co.,* No. 21-cv-06536-EMC, 2022 U.S. Dist. LEXIS 33613, at *31 (N.D. Cal. Feb. 25, 2022). Thus, this Court should not infer facts absent from Action Care's pleadings.

Realizing the vulnerability of its willful blindness argument, Action Care argues that it has also sufficiently pleaded actual knowledge, emphasizing the significance of its inclusion of the word "knew." Courts have rejected Action Care's conclusory allegations that a copyright owner "knowingly" made misrepresentations. ("But aside from the conclusory allegations as to Plaintiff 'knowingly' making misrepresentations, this contention effectively is one accusing Plaintiff of failing to perform an adequate investigation of the available prior art, which sounds merely in negligence.") *Ningbo Mizhihe I&E Co. v. Does,* 2020 U.S. Dist. LEXIS 76724, at *7-9 (S.D.N.Y. Apr. 30, 2020) citing *Cabell v. Zimmerman,* 09 Civ. 10134, 2010 U.S. Dist. LEXIS 25486, 2010 WL 996007, at *4 (S.D.N.Y. 2010). Actual knowledge must be pleaded with particularity.

*Alizadeh v. Tellabs, Inc.,* No. 13 C 537, 2015 U.S. Dist. LEXIS 15553, at *28 (N.D. Ill. Feb. 9, 2015). The mere inclusion of the word "knew" does not clear the hurdle for plausibility.

Action Care argues that "[w]here pleadings concern matters peculiarly within the knowledge of the defendants, conclusory pleadings on 'information and belief' should be liberally viewed." *Brown v. Budz,* 398 F.3d 904, 914 (7th Cir. 2005). However, adopting this approach would enable plaintiffs to routinely evade the high pleading standard for § 512(f) claims. *The Sunny Factory, LLC v. Haoyi Chen*, No. 21 C 3648, 2022 U.S. Dist. LEXIS 43969, at *11-12 (N.D. Ill. Mar. 11, 2022); see also *Rossi v. Motion Picture Ass'n of Am., Inc.,* 391 F.3d 1000, 1004-05 (9th Cir. 2004) ("Congress . . . impos[ed] liability only if the copyright owner's notification is a knowing misrepresentation" as opposed to an objective reasonableness standard).

Action Care's arguments are a distraction from the lack of specificity in its Counterclaims, where it fails to plead knowledge under § 512(f). Action Care argues that MFB "abus[ed] the takedown process" by following Amazon's established takedown notice policy. (D.I. 32, p. 10). Amazon has established a takedown policy in accordance with 17 U.S.C. § 512(c). (Ex. A). Any implication of impropriety in simply submitting a takedown notice pursuant to the DMCA as opposed to firstly filing a federal lawsuit is speculative and lacks the plausibility needed to survive a motion to dismiss.

Therefore, MFB respectfully requests that this Court dismiss Action Care's claim under § 512(f) because it has not sufficiently pleaded actual knowledge.

### III. ACTION CARE HAS FAILED TO ALLEGE A CLAIM FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

Action Care attacks MFB for properly enforcing its intellectual property rights after MFB discovered Action Care's acts of infringement. Action Care alleges in conclusory fashion "MFB purposefully interfered with Action Care's business expectancy through numerous inappropriate

actions, ***including without limitation*** falsely claiming to Amazon that Action Care violated MFB's intellectual property rights."(emphasis added) (D.I. 15 Counterclaims, ¶ 38). Action Care has not clarified which alleged conduct by MFB gives rise to its claim for tortious interference. Action Care argues that "MFB's interference with Action Care's dealings with Amazon will be found to have the requisite lack of justification." (D.I. 32, p. 10). However, this cannot be possible without first specifying the "intentional and unjustified" acts of interference. See *Bonser v. Cazador, Ltd. Liab. Co.,* No. 12-cv-4889, 2012 U.S. Dist. LEXIS 169156, at *13 (N.D. Ill. Nov. 28, 2012) (Dismissing a counter-plaintiff's claims for tortious interference with a prospective economic relationship for failing to allege claims of "improper interference.").

Action Care argues MFB did not follow the proper legal procedures in enforcing its copyrights. However, the DMCA enables and encourages copyright owners to submit takedown notices to service providers when the copyright owner suspects infringement of its works. *Rossi v. Motion Picture Ass'n of Am.,* Inc., 391 F.3d 1000, 1003 (9th Cir. 2004). Action Care's pleadings merely allege that MFB has appropriately exercised its legal right to enforce its copyright protection and "give notice to potential infringers in order to preserve [its] rights." *The Sunny Factory, LLC v. Haoyi Chen,* No. 21 C 3648, 2022 U.S. Dist. LEXIS 43969, at *10 (N.D. Ill. Mar. 11, 2022) citing *Wildlife Exp. Corp. v. Carol Wright Sales, Inc.,* 18 F.3d 502, 508 (7th Cir. 1994). Further, registered copyrights are presumed valid. *Gallery House, Inc. v. Yi,* 582 F. Supp. 1294, 1297 (N.D. Ill. 1984). Here, Action Care presumes its pending motion will be granted. Yet, Action Care has not alleged facts demonstrating that MFB's decision to enforce its registered copyright was unjustified.

Further, Action Care has not clarified the facts upon which it is relying to support its tortious interference claim. Action Care claims that the deactivation in response to the copyright infringement lawsuit is a proper basis for its tortious interference claim (D.I. 32, p. 10):

> 22. On or around August 9, 2023, Amazon again deactivated the Action Care Amazon Product Listing Page, citing MFB's pending allegations of copyright infringement by Action Care as the reason for the delisting. Just prior to Amazon's second delisting of the Action Care Amazon Product Listing Page, Action Care shipped 450 additional units to Amazon, resulting in such additional units being stranded as well.
>
> 23. Meanwhile, as a result of the pending copyright infringement allegations, Amazon began shipping boxes of Action Care's products back to Action Care in multiple small envelopes, which caused physical damage to much of Action Care's inventory.

(D.I. 15, Counterclaims ¶¶ 22-23). As discussed in MFB's prior brief, "Illinois law does not recognize tortious interference claims based on the filing of a lawsuit." *Shield Techs. Corp. v. Paradigm Positioning, LLC,* No. 11 C 6183, 2012 U.S. Dist. LEXIS 134115, at *11-13 (N.D. Ill. Sep. 19, 2012). Confusingly, Action Care appears to agree, arguing MFB would have avoided "purposefully interfering with Action Care's prospective economic advantage" had it merely filed the lawsuit, despite having cited allegations arising from this lawsuit as a basis for its tortious interference claim. (D.I. 32, p. 10). Action Care's position is inconsistent and should be rejected.

Additionally, the Seventh Circuit has established that "interference designed to protect one's financial interest is generally privileged." *Dawson v. Gen. Motors Corp.,* 977 F.2d 369, 375 (7th Cir. 1992). Even if Action Care had sufficiently pleaded interference by MFB, Action Care's allegations merely demonstrate that MFB was engaging in the proper course of action to enforce its intellectual property interests.

Lastly, to the extent this Court allows Action Care's § 512(f) claims to proceed, many courts have recognized that state law tortious interference claims are preempted by federal § 512(f) claims. See *Amaretto Ranch Breedables, LLC v. Ozimals, Inc.,* No. C 10-05696 CRB, 2011 U.S. Dist. LEXIS 73853, at *14 (N.D. Cal. July 8, 2011) citing *Online Policy Grp. v. Diebold, Inc.,* 337 F. Supp. 2d 1195, 1206 (N.D. Cal. 2004). ("If adherence to the DMCA's provisions simultaneously subjects the copyright holder to state tort law liability, there is an irreconcilable conflict between

state and federal law."). The Seventh Circuit has also found preemption where the state law claims are equivalent to the federal copyright claims. *Balt. Orioles, Inc. v. Major League Baseball Players Ass'n,* 805 F.2d 663, 676 (7th Cir. 1986).

MFB respectfully requests that this Court dismiss Action Care's claim for tortious interference with a prospective economic advantage because its pleadings are inadequate.

### IV. ACTION CARE HAS FAILED TO STATE A CLAIM FOR DEFAMATION *PER SE*

As Action Care admits, the DMCA request was a measure taken by MFB in anticipation of this litigation. (D.I. 32, p. 9). According to Action Care, the DMCA request was submitted on June 2, 2023. (D.I. 15, Counterclaims p. 12). On or around two weeks later, MFB filed this lawsuit, which involves the same copyright infringement at issue in the DMCA notice. (D.I. 6). Otherwise defamatory statements are privileged when made "preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if he has some relation to the proceeding. (citation omitted). A private litigant enjoys the same privilege concerning a proceeding to which he is a party." *Johnson v. Johnson & Bell, Ltd.,* 2014 IL App (1st) 122677, ¶ 15, 379 Ill. Dec. 626, 630, 7 N.E.3d 52, 56. "Specifically, the Seventh Circuit has repeatedly held parties are also immune to defamation for statements made during the course of a legal proceeding." *Owens v. GLH Capital Enter.*, No. 3:16-CV-1109-NJR-SCW, 2017 U.S. Dist. LEXIS 109620, at *5 (S.D. Ill. July 14, 2017) citing *Novoselsky v. Brown,* 822 F.3d 342, 353 (7th Cir. 2016). "The privilege applies to communications made before, during (citation omitted) and after litigation." *O'Callaghan v. Satherlie,* 2015 IL App (1st) 142152, ¶ 26, 394 Ill. Dec. 708, 717, 36 N.E.3d 999, 1008; see also *Malevitis v. Friedman,* 753 N.E.2d at 406-407. "Any doubt as to whether the statement was made during the course of a judicial proceeding is resolved in favor of finding that the matter is related." *NSB Techs., Inc. v.*

*Specialty Direct Mktg.,* No. 03 C 2323, 2004 U.S. Dist. LEXIS 16830, at *13 (N.D. Ill. Aug. 17, 2004). Here, any alleged statements by MFB were made pursuant to this ligation. Therefore, the alleged statements were privileged, and are not subject to defamation claims.

Notwithstanding privilege, in arguing that Action Care has alleged MFB made false statements, Action Care refers to purported efforts it engaged in to avoid patent infringement. Notably, this action does not involve patent infringement. Action Care has not submitted counterclaims for declaration of non-infringement of any products it sells. Action Care has also not alleged that Amazon disabled Action Care's Amazon page based on allegations of patent infringement by MFB. Nor has Action Care alleged that MFB submitted a notice to Amazon accusing MFB of patent infringement. Action Care has merely alleged that MFB submitted to Amazon a DMCA takedown notice concerning MFB's copyrights. (D.I. 15 Counterclaims ¶ 12, 13, 26). Amazon offers a report infringement form for sellers to report copyright and trademark infringement. (Ex. A). Under Amazon's policy for reporting infringement, "If your notice of infringement is accepted, we will remove the content you reported and take appropriate action against the responsible sellers. Amazon does not share details of actions which are not already public in nature." (Ex. B). Verifying the falsity of whether Action Care engaged in patent infringement is not an issue to be resolved in this case. Action Care's argument regarding this issue is therefore improper.

Further, Action Care concedes in its counterclaims that as early as November 2022, Action Care had its own concerns regarding whether the products it was selling infringed MFB's patents.

> 4. In November 2022, Action Care's manager Diane Krasznay ("Krasznay") contacted Shanghai Eugene Biotech Co., Ltd. ("SEB"), a manufacturer based in China, to learn more about the Pregnanediol Glucuronide (PdG) -based ovulation test strips that SEB had developed previously ("SEB Strips"). Specifically, upon information and belief, SEB had been manufacturing the SEB Strips since at least 2019 and had been selling the SEB Strips in Europe.

>5. In doing her due diligence on the SEB Strips, Krasznay inquired with SEB how SEB made the SEB Strips. Being aware of the products offered for sale by MFB, Krasznay specifically inquired with SEB how the SEB Strips were different from the products offered by MFB.
>
>6. In addition, while conducting her due diligence on the SEB Strips, **Krasznay engaged a patent agent to conduct an analysis of whether the SEB Strips could in any way be construed to violate the patent associated with MFB's products.** After a substantive analysis, the patent agent engaged by Action Care concluded that the SEB Strips did not in any way violate any patent owned by MFB or MFB's representatives.

(emphasis added); (D.I. 15, Counterclaims ¶¶ 4-6). Thus, even if MFB had alleged patent infringement, it would have had a reasonable basis to do so.

Action Care cites *Pippen v. NBCUniversal Media, LLC,* 734 F.3d 610, 614 (7th Cir. 2013) in arguing that Action has identified a concrete loss. However, the amended complaint in *Pippen* alleged facts with far greater specificity than what Action Care has alleged here. "In a proposed amended complaint, Pippen itemized losses that in his view flowed from defendants' statements; he identified specific business opportunities that had been available to him earlier but that, following the defendants' statements, were available no more." *Pippen v. NBCUniversal Media, LLC,* 734 F.3d 610, 614 (7th Cir. 2013). Action Care has alleged "MFB's false assertion of fact about Action Care's causing the copying of MFB's products caused damages to Action Care when Amazon removed the Action Care Amazon Product Listing Page and subsequently lowered Action Care's account health." (D.I. 15 Counterclaims ¶ 53). *Id.* As stated above, this is not an action for patent infringement, and Action Care has not alleged any facts showing that Amazon deactivated MFB's account based on patent infringement allegations. Action Care has therefore failed to establish a causal connection between alleged statements by MFB and any harm suffered by Action Care.

Lastly, Action Care fails to allege that MFB submitted a takedown notice where they specifically referenced Action Care. As Action Care admits, "the DMCA Takedown Notice does

not mention any party by name." (D.I. 32, p. 13). Action Care merely states that MFB submitted a DMCA notice to Amazon and that sometime thereafter Action Care's Amazon Product Listing Page was deactivated. (D.I. 15, ¶ 12). Nowhere in the language of the alleged DMCA notice does Action Care demonstrate that MFB identified Action Care.

For the various deficiencies stated above, MFB respectfully requests that this Court dismiss MFB's claim for Defamation *per se*.

## V. ACTION CARE HAS FAILED TO STATE A CLAIM FOR DEFAMATION *PER QUOD*

Action Care does not establish any causal connection with any specific damages it suffered in result of actions by MFB. To the extent that Action Care is claiming damages with regard to 450 additional units being "stranded" in association with its Defamation *per quod* claim, any such damages cannot as a matter of law be attributed to the filing of this lawsuit. Further, Action Care does not allege that MFB submitted any false statements resulting in the second deactivation of its Amazon page. Action Care concedes that MFB forwarded the original Complaint to Amazon, and that Amazon deactivated Action Care's page based on its knowledge of the original Complaint. (D.I. 15, ¶¶ 16, 22). In addition, Action Care attributes the allegation that "Amazon began shipping boxes of Action Care's products in multiple small envelopes, which caused physical damage to much of Action Care's inventory" to the filing of this lawsuit, and not to any statements made by MFB. *Id.* at ¶ 23. As stated above, Action Care has not alleged damages as a result of any potentially false statements. Even if it were to amend its pleadings, "defamatory statements made in a pleading filed in a judicial proceeding enjoy an absolute privilege if they are relevant, pertinent, or bear some relation to the subject in controversy." *Defend v. Lascelles,* 149 Ill. App. 3d 630, 640, 102 Ill. Dec. 819, 825, 500 N.E.2d 712, 718 (1986). See also *Mannix v. Wessel,* 2016

IL App (1st) 131114-U, ¶ 43. ("It is well-settled that allegedly libelous material contained in court documents generated during the course of litigation is absolutely privileged.").

Therefore, MFB respectfully requests that this Court dismiss Action Care's Counterclaims for Defamation *per quod*.

## VI. ACTION CARE FAILS TO ASSERT A CLAIM FOR CANCELLATION

Action Care's Counterclaim of Cancellation contradicts its affirmative defense that "MFB's trademark infringement claim fails because the PROOV mark and the OVUPROOF mark differ in the numbers of syllables, spellings, and overall impressions, such that there is no likelihood of consumer confusion." (D.I. 15, Affirmative Defenses ¶ 19). On one hand, Action Care has asserted there is no likelihood of confusion between the marks at issue here, while on the other, it has brought claims for Cancellation of the 'registration of United States Registered Trademark No. 5,622,245 (the "'245 trademark") because the registration is causing Action Care irreparable harm. The two positions are inapposite.

Therefore, MFB respectfully requests that this Court dismiss Action Care's Counterclaim for Cancellation.

Respectfully submitted,

    /s/ Nicholas D. Niro
Dean D. Niro (ARDC # 6208064)
Arthur A. Gasey (ARDC # 6210605)
Nicholas D. Niro (ARDC # 6345897)
VITALE, VICKREY, NIRO, SOLON & GASEY LLP
311 S. Wacker Dr., Suite 2470
Chicago, IL 60606
Tel.: (312) 236-0733
Fax: (312) 236-3137
dniro@vvnlaw.com
gasey@vvnlaw.com

Gary I. Blackman (ARDC # 6187914)
Erin M. Mayer (ARDC # 6313447)
LEVENFELD PEARLSTEIN, LLC

130 N. Riverside Plaza, Suite 1800
Chicago, IL 60606
Tel.: (312) 346-8380
Fax: (312) 346-8434
gblackman@lplegal.com
emayer@lplegal.com

*Attorneys for Plaintiff,
MFB Fertility, Inc.*