IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MFB FERTILITY INC., <br><br> Plaintiff, <br><br> v. <br><br> ACTION CARE MOBILE VETERINARY CLINIC, LLC, <br><br> Defendant. | Case No. 1:23-cv-03854 <br><br> Judge Harry D. Leinenweber <br> Magistrate-Judge Gabriel A. Fuentes |

**PLAINTIFF, MFB FERTILITY INC.'S, OPPOSITION TO DEFENDANT'S MOTION TO CLARIFY**

Plaintiff, MFB Fertility Inc. ("MFB"), submits its opposition to Defendant's motion to Clarify (Doc. 36) and respectfully requests that the Court deny the request made by Action Care Mobile Veterinary Clinic, LLC ("Action Care") to "include a grant of Action Care's petition for attorney's fees and costs" and to "provide substantive reasoning applying the *Fogerty* factors in this case." In support, MFB states the following:

1. Action Care improperly claims that since the Court's Order states that "Defendant's Motion to Dismiss is fully GRANTED," it should be deemed the prevailing party in the case. It is not the prevailing party of all claims asserted in the Complaint.

2. The Complaint includes counts for trademark infringement of the registered PROOV® trademark under 15 U.S.C. § 1114(1). (Doc. 6 paragraphs 25-33). The count of trademark infringement remains in the case. Indeed, Action Care filed an answer to the trademark infringement count and did not move to dismiss that claim. (Doc. 15, ¶¶25-33). The trademark claim is still pending.

3. Under Fed.R.Civ.P 54(d)(2)(B), a motion for attorney's fees can be filed only after entry of judgment. The Court's Order dismissing the copyright claims is an interlocutory order.

As an interlocutory order, MFB can neither appeal the Court's decision, nor can Action Care apply for attorney's fees. *Liberty Mutual Ins. Co. v. Wetzel,* 424 U.S. 737, 96 S.Ct. 1202 (1976) (where other relief remains to be resolved after partial relief for summary judgment, the judgment is never considered to be final within the meaning of 28 U.S.C. §1291.) The Court did not issue judgment either in part or in full which would have allowed MFB to seek an interlocutory appeal or permit MFB to seek attorney's fees under Rule 54(d)(2) as a prevailing party (at least in part) under 17 U.S.C. §505 of the copyright statute.

4. In the motion to dismiss, Action Care asserted that "Plaintiff's claim for trademark infringement is subject to dismissal with prejudice, including, without limitation, because Plaintiff's trademark registration of the standard character trademark 'PROOV' should be cancelled, as it is a misspelling of the words 'PROOF' or 'PROVE' – generic or descriptive terms with respect to the parties' products: fertility tests." (Doc. 11, fn1). The Courts Opinion dismissed Action Care's counterclaim for cancellation of the PROOV trademark. (Doc. 35, p. 22). As such the trademark claim stands. Action Care is not a prevailing party on the trademark infringement claim.

5. Moreover, the accused work, which is the subject of MFB's copyright claim, is also the same work that is the subject of MFB's trademark infringement allegations. The facts of the copyright claim overlap with the trademark claim.

6. A motion for the award of attorney fees and costs is premature at this time.

7. If the Court decides that it would like to entertain Action Care's motion at this time, MFB would like an opportunity to comply with Local Rule 54.3(d), which Action Care failed to comply with.

8. Regardless, The Court's interlocutory ruling dismissing the copyright claims does not justify an award of attorneys' fees given: 1) the minimal litigation over the matter (as the

present motion was filed even before Defendant filed its answer); and 2) the trademark claim being the primary focus of the case. See *Timothy B. O'Brien LLC v. Knott*, 962 F.3d 348, 349-350. (7th Cir. 2020) (affirming a denial of an award of attorneys' fees for a frivolous copyright claim, noting the district court held "that the case was primarily about trademark and trade dress claims"). Similar to *Knott*, the fact that the trademark claims were the primary focus of this case warrants the denial of attorney fees. *Id.* (Affirming the denial of the award of fees were "The court noted that there was no evidence that Apple Wellness had filed its suit with an improper motive, and that there was no need to deter Apple Wellness from future frivolous filings. The court further found that the case was primarily about the ***trademark*** and trade dress ***claims***;...") (emphasis added).

9. Defendant argues that it is "presumptively entitled" to an award of attorneys' fees. (Doc. 36 ¶ 2).

10. This Court should follow the holding in *Timothy B. O'Brien LLC v. Knott,* 962 F. 3d 348, 351 (7th Cir. 2020). The Court in *Knott* held that the district court properly preformed its analysis when denying the award of fees where the dismissal occurred before substantial discovery regarding the contested issue was substantially litigated:

> Complying with that precedent, the district court explicitly addressed each of the four Fogerty factors as part of its analysis. On the one hand, it noted that Apple Wellness's copyright claims were frivolous and objectively unreasonable, both of which weighed in favor of awarding fees. On the other, the district court noted that Apple Wellness's claims seemed to have been brought in good faith and that there were minimal concerns regarding compensation and deterrence: Defendants expended little energy defending against the quickly dismissed copyright claims and there was no chance of Apple Wellness re-raising the claims in the future. Finally, the district court observed that the rationale for our "strong presumption" in favor of prevailing copyright defendants did not apply: As the claims had already been voluntarily dismissed, the defendants were under no pressure to abandon a meritorious defense and settle.

*Id.* at 351-352.  Here, the claims were brought in good faith along with the assertion of trademark infringement of the Federally Registered Trademark in the name PROOV®.  Action care extended little if any energy in the litigation, in fact agreeing to the filing of an amended copyright claim.

11. The court must give substantial weight to the objective reasonableness of the losing party's position. *Kirtsaeng v. John Wiley & Sons*, 136 S. Ct. 1979, 195 L. Ed 368 (2016). ("No matter which side wins a case, the court must assess whether the other side's position was (un)reasonable.").  The Supreme Court in *Kirstaeng,* held that a court deciding whether to award fees to a prevailing party on a copyright case must give substantial weight to the objective reasonableness of the losing party's position. *Id.*  Here, there is no evidence that the copyright claims had no reasonable basis in fact or law.

12. The Court recognized that "instructions, promotional materials, and warnings associated with products like Plaintiff's PROOV and Defendant's OvuProof are entitled to copyright protection." (Doc. 35, p. 6).  The claims relating to the copyrighted instructions were not baseless.  There was no dispute that MFB owned a valid copyright, nor that Action Care had access to the PROOV Copyrighted Works. *Id.* at p. 7.  Again, this is evidence that MFB was objectively reasonable in bringing the copyright action.  The ultimate determination that the words or phrases that were alleged to be copied amounted to "fragments that were descriptive of the product" again does not amount to bad faith.  (Doc. 35, p. 11).

13. Under *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 519, 114 S. Ct. 1023, 1026 (1994), as noted earlier, the copyright case was not frivolous, as there was a basis in fact to bring the claim. Action Care has not shown any nefarious motive on the part of MFB in filing the claim. (Doc. 36). Additionally, the trademark claim still exists.

14. There is no need to award fees as a deterrence factor under *Fogerty*, as MFB is a company that sells progesterone testing kits using the instructions that are the subject of the

copyright. The deterrence factor of *Fogerty* is more applicable to extraordinary situations such as where a "copyright holder [has] filed hundreds of suits on an overbroad legal theory, including in a subset of cases in which it was objectively reasonable." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 209, 136 S. Ct. 1979, 1989 (2016) citing *Bridgeport Music, Inc. v. WB Music Corp.*, 520 F. 3d 588, 593-595 (CA6 2008). No such circumstances apply here.

15. For the reasons set forth above, MFB respectfully requests that the Court deny Action Care's motion to (i) clarify whether its "full grant" of the motion to dismiss included a grant of Action Care's petition for attorneys' fees and costs in relation to the dismissal of Plaintiff's copyright infringement claim; and (ii) provide substantive reasoning applying the *Fogerty* factors in this case, so as to avoid potential reversal of the Court's ruling with respect to Action Care's motion for attorneys' fees.

Dated: April 23, 2024

                              Respectfully submitted,

                              */s/ Dean D. Niro*
                              Dean D. Niro (ARDC # 6208064)
                              Arthur A. Gasey (ARDC # 6210605)
                              VITALE, VICKREY, NIRO, SOLON & GASEY LLP
                              311 S. Wacker Dr., Suite 2470
                              Chicago, IL 60606
                              Tel.: (312) 236-0733/Fax: (312) 236-3137
                              dniro@vvnlaw.com
                              gasey@vvnlaw.com

                              Gary I. Blackman (ARDC # 6187914)
                              Erin M. Mayer (ARDC # 6313447)
                              LEVENFELD PEARLSTEIN, LLC
                              130 N. Riverside Plaza, Suite 1800
                              Chicago, IL 60606
                              Tel.: (312) 346-8380/Fax: (312) 346-8434
                              gblackman@lplegal.com
                              emayer@lplegal.com
                              *Attorneys for Plaintiff,*
                              *MFB Fertility, Inc.*