IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MFB FERTILITY INC., <br><br> Plaintiff, <br><br> v. <br><br> ACTION CARE MOBILE VETERINARY CLINIC, LLC, <br><br> Defendant. | Case No. 1:23-cv-03854 <br><br> Judge Harry D. Leinenweber <br> Magistrate-Judge Gabriel A. Fuentes |

**MFB FERTILITY'S RESPONSE TO ACTION CARE MOBILE
VETERINARY CLINIC'S MOTION FOR RECONSIDERATION
ON ITS TRADEMARK CANCELLATION COUNTERCLAIM**

**I. INTRODUCTION**

This Court granted MFB Fertility Inc.'s ("MFB's") motion to dismiss Action Care Mobile Veterinary Clinic's ("Defendant's") trademark cancellation counterclaim based upon the language of Defendant's pleading. (D.I. 35 at p. 22). Defendant's analysis in opposing MFB's motion to dismiss this trademark cancellation counterclaim was less than two pages (D.I. 32 at 14-15). Nevertheless, having had (and lost) its first bite at the apple, Defendant has now filed a motion to reconsider, replete with <u>eight</u> pages of new "analysis."

This is Action Care's third motion based upon rule 12 (after its own motion to dismiss and its earlier, unsuccessful "Motion to Clarify", D.I. 36). Defendant's latest motion does what a motion to reconsider is not supposed to do. That is, reconsideration should not be used to "argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA,*

*Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990); *Quaker Alloy Casting v. Gulfco Industries, Inc.,* 123 F.R.D. 282, 288 (N.D.Ill. 1988) ("this Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure"); see also *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Belated factual or legal attacks are viewed with great suspicion"); *Employers Ins. of Wausau v. Bodi-Wachs Aviation Ins. Agency*, 846 F.Supp. 677, 685 (N.D. Ill. 1994)(a respondent to a motion must "wheel out all its artillery to defeat it"). Defendant's motion to reconsider violates these principles by relying upon an entirely different theory to support its alleged standing for a trademark cancellation counterclaim.

As Defendant recognizes, a motion to reconsider may be granted only "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole*, 90 F.3d at 1269. (D.I. 39 at 2). Defendant does not attempt to cite any "newly discovered evidence," nor can it cite any legal error in the Court's Order. Accordingly, Plaintiff's motion for reconsideration should be denied.

## II.  BACKGROUND

The entirety of Defendant's original responsive argument to the motion to dismiss its trademark cancellation counterclaim is set forth below:

> The Lanham Act explicitly allows petitions for cancellation by "any person who believes that he is or will be damaged . . . by the registration of a mark on the principal register . . . [a]t any time if the registered mark becomes the generic name for the goods or services, or a portion thereof, for which it is registered." 15 U.S.C. § 1064(3). Despite this rather clear language enabling Action Care to file its cancellation counterclaim, MFB argues that Action Care has no standing to do so. (MFB Br. at 14.) To support its position, MFB cites authority that provides examples of situations that provide standing – namely,

> likelihood of confusion and rejection of a petitioner's application during prosecution. (Id.) While a petitioner for cancellation must have a legitimate interest, MFB's cited circumstances are not the sole bases for standing.
>
> "The question of standing focuses 'on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed,' and is an essential part of the case or controversy requirement of Article III of the Constitution." *Amerimax Real Estate Partners, Inc. v. RE/MAX International, Inc.*, 600 F. Supp. 2d 1003, 1009 (N.D. Ill. 2009) (quoting *Davis v. FEC*, 128 S.Ct. 2759, 2768–69 (2008)) (emphasis in original). Standing exists when the claimant requesting cancellation has "shown that it was subject to an imminent threat of harm" from the trademark owner at the time that the cancellation claim was filed. *Amerimax*, 600 F. Supp. 2d at 1009. Here, at the time that Action Care filed its cancellation counterclaim, MFB was actively suing Action Care for infringement of the "PROOV" trademark. The threat of harm does not get more imminent than that. Action Care has standing to seek cancellation of MFB's "PROOV" trademark, and this Court has the authority to cancel the "PROOV" trademark. See 15 U.S.C. § 1119.

(D.I. 32 at 14-15). In essence, Defendant's sole argument in its brief for standing was not <u>its</u> allegation of a likelihood of confusion, or of descriptiveness, or genericness, but rather that <u>MFB</u> had alleged a likelihood of confusion by suing Defendant for infringement.

In dismissing the trademark cancellation counterclaim, the Court correctly focused upon Defendant's pleading:

> Action Care has failed to allege that a likelihood of confusion exists between MFB's registered trademark PROOV, and Action Care's "OVUPROOF" product name. To the contrary, Action Care has asserted there is no likelihood of confusion between the marks at issue: "MFB's trademark infringement claim fails because the PROOV mark and the OVUPROOF mark differ in the numbers of syllables, spellings, and overall impressions, such that there is no likelihood of consumer confusion." (Countercl. ¶ 19).

(D.I. 35 at 22). In its analysis, the Court did not identify a likelihood of confusion as a "prerequisite." To the contrary, the Court stated that "any grounds may be stated

- 3 -

for cancellation, including traditional arguments such as likelihood of confusion, <u>false identification, or that the mark is merely descriptive</u>." (D.I. 35 at 22, emphasis added) (*citing* 15 U.S.C § 1064(1) and *Eagle Forum v. Phyllis Schlafly's Am. Eagles*, 2017 WL 4785792 (S.D. Ill. Oct. 20, 2017). In other words, contrary to Defendant's current motion to reconsider, the Court did not state that likelihood of confusion was a prerequisite to a claim for cancellation, but rather focused upon the only standing argument raised in Defendant's response brief and Defendant's own allegations.

### III. THE COURT'S ORDER HAD NO MANIFEST ERRORS OF LAW

There was no error of law. Defendant's initial argument for reconsideration builds a straw man that "Likelihood of Confusion Is Not a Prerequisite for Seeking Trademark Cancellation Under the Lanham Act" (D.I. 39, at pp. 3-5). Yet, as shown above, the Court's Order did not require any such prerequisite. Rather, the Court's Order notes other bases, including marks which are "merely descriptive," that can be a basis for cancellation by a claimant with the required stake. (D.I. 35 at 22). It is Defendant's brief, not the Court's analysis, which focused solely upon the issue of likelihood of confusion. Defendant did not raise any allegation in its response brief about genericness or descriptiveness as set forth above. Defendant raises these issues for the first time only now. Importantly, Defendant still does not deny that its pleading alleges that there is no likelihood of confusion. Thus, the Court's analysis in its Order is correct. There was no manifest error of law regarding the Court's Order dismissing the trademark cancellation counterclaim of MFB's "PROOV" trademark.

## IV. DEFENDANT'S PLEADING DOES NOT STATE A PLAUSIBLE CLAIM OF GENERICNESS OR MERE DESCRIPTIVENESS

The remainder of Defendant's motion to reconsider (D.I. 39, pp. 5-9) focuses upon its new argument that it has standing for its cancellation claim because of genericness or "mere descriptiveness." Even if this new, previously unraised argument was appropriate for a motion to reconsider, such a claim is not supported by Defendant's own pleading. Defendant's answer and counterclaim identifies the product covered by "OVUPROOF" as "<u>ovulation test</u> strips[.]" (D.I. 15 at p. 13, para. 4, underline added). Yet Defendant's answer and counterclaims uses OVUPROOF as a mark, not as a generic or merely descriptive of "ovulation tests." Indeed, its answer refers to its use of OVUPROOF as the "'OVUPROOF' <u>mark</u>." (D.I. 15 at p. 13, para. 8, underline added). Defendant's pleading plainly points to the use of PROOF or OVUPROOF for an ovulation test as a distinctive mark, not a generic or merely descriptive term.

Moreover, Defendant has no stake in whether PROOV or PROOF is generic or merely descriptive, and therefore it has no standing for this new argument. Defendant even filed for a trademark application on the OVUPROOF mark (US trademark application no. 97702874, the Court can take judicial notice of this record pursuant to Fed. R. Evid. 201(b)) which is in the Trademark Office online records (Exhibit A). Importantly, Defendant did not disclaim PROOF in its OVUPROOF mark as being generic or merely descriptive as a mark for use with ovulation tests. Nor did the Trademark Office require Defendant to disclaim the use of the PROOF

portion of its mark as being generic or merely descriptive. Section 6 of the Lanham specifically provides that:

> The Director may require the applicant to disclaim <u>an unregistrable component of a mark otherwise registrable</u>. <u>An applicant may voluntarily disclaim a component of a mark</u> sought to be registered.

(15 U.S.C. § 1056(a), underline added).

In other words, Defendant does not believe that PROOF as used in OVUPROOF is generic or merely descriptive of ovulation tests. The Trademark Office agreed. The Trademark Office did not believe that PROOF was generic or merely descriptive of ovulation tests, or else it would have required a disclaimer for that portion of Defendant's mark. Thus, even if this new argument was timely, Defendant cannot now state a plausible claim of genericness or descriptiveness with respect to the confusingly similar PROOV mark.

## V. CONCLUSION

The Court's analysis in its Order was correct. There was no manifest error of law, and no new evidence to support standing. Moreover, the new arguments about genericness and descriptiveness are belied by Defendant's own pleading and its own mark. Thus, even if such a new argument were appropriate, the facts as pleaded would not state a plausible basis for genericness and descriptiveness to support a trademark cancellation claim. Defendant's motion for reconsideration should be denied.

Respectfully submitted,

/s/ Arthur A. Gasey
Dean D. Niro (ARDC # 6208064)
Arthur A. Gasey (ARDC # 6210605)
Nicholas D. Niro (ARDC # 6345897)
VITALE, VICKREY, NIRO, SOLON & GASEY LLP
311 S. Wacker Dr., Suite 2470
Chicago, IL 60606
Tel.: (312) 236-0733
Fax: (312) 236-3137
dniro@vvnlaw.com
gasey@vvnlaw.com

Gary I. Blackman (ARDC # 6187914)
Erin M. Mayer (ARDC # 6313447)
LEVENFELD PEARLSTEIN, LLC
130 N. Riverside Plaza, Suite 1800
Chicago, IL 60606
Tel.: (312) 346-8380
Fax: (312) 346-8434
gblackman@lplegal.com
emayer@lplegal.com

*Attorneys for Plaintiff,*
*MFB Fertility, Inc.*