IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MFB FERTILITY INC., <br><br>　　　　　　　Plaintiff, <br><br>　v. <br><br>ACTION CARE MOBILE VETERINARY CLINIC, LLC, <br><br>　　　　　　　Defendant. | Case No. 1:23-cv-03854 <br><br> Judge John J. Tharp, Jr. <br> Magistrate-Judge Gabriel A. Fuentes |

## JOINT REASSIGNMENT STATUS REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's August 19, 2024 Order (Dkt. 47), Plaintiff/Counter-defendant MFB Fertility Inc. ("Plaintiff" or "MFB") and Defendant/Counter-claimant Action Care Mobile Veterinary Clinic, LLC ("Defendant" or "Action Care") respectfully submit the following joint status report:

**I.　NATURE OF THE CASE**

　　**A.　Identify all attorneys of record for each party, and indicate their roles (*e.g.*, lead trial counsel, of counsel, local counsel, etc.).**

Dean D. Niro (ARDC # 6208064)
**Lead Counsel:** Arthur A. Gasey (ARDC # 6210605)
Nicholas D. Niro (ARDC # 6345897)
VITALE, VICKREY, NIRO, SOLON & GASEY LLP
311 S. Wacker Dr., Suite 2470
Chicago, IL 60606
Tel.: (312) 236-0733
Fax: (312) 236-3137
dniro@vvnlaw.com
gasey@vvnlaw.com
nniro@vvnlaw.com

Gary I. Blackman (ARDC # 6187914)
Erin M. Mayer (ARDC # 6313447)
LEVENFELD PEARLSTEIN, LLC

**Lead Counsel:** Ilya G. Zlatkin (ARDC #6314344)
ZLATKIN CANN ENTERTAINMENT
4245 North Knox Avenue
Chicago, IL 60641
Tel.: (312) 809-8022
Fax: (312) 809-6918
ilya@zce.law

*Attorneys for Defendant,
Action Care Mobile Veterinary Clinic, LLC*

130 N. Riverside Plaza, Suite 1800
Chicago, IL 60606
Tel.: (312) 346-8380
Fax: (312) 346-8434
gblackman@lplegal.com
emayer@lplegal.com

*Attorneys for Plaintiff,*
*MFB Fertility, Inc.*

**B.     State the basis for federal jurisdiction and indicate whether any party disputes federal jurisdiction.**

This Court has subject matter jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1332 and 1338(a) and (b), 15 U.S.C. § 1121 and other applicable statutes as the claims arise from the Lanham Act. This Court also has subject matter jurisdiction over state law claims implicated in this action pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts. Neither party disputes federal jurisdiction.

**C.     Generally describe the nature of the claims asserted in the complaint and any counterclaims.**

MFB has brought claims of Federal Trademark Infringement under 15 U.S.C. § 1117, Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125. Specifically, Plaintiff has asserted that the Defendant has without authorization copied or otherwise imitated the PROOV® trademark, U. S. Registration No. 5,662,245, in connection with selling, distributing and advertising Defendant's products and applications. Plaintiff has asserted that Defendant's use of the PROOV name has caused likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of the Action Care products and applications. Plaintiffs also asserted a claim for copyright infringement which was dismissed on April 22, 2024 (Dkt. 35).

Action Care has brought counterclaims alleging that (i) MFB has violated 17 U.S.C. § 512(f) by knowingly making material misrepresentations as to Action Care's alleged

infringement of MFB's copyrights in the takedown notice submitted by MFB to Amazon; (ii) MFB tortiously interfered with Action Care's prospective economic advantage; (iii) MFB engaged in defamation *per se* when MFB stated that Action Care caused the copying of MFB's products, thereby imputing to Action Care a want of integrity in business; and (iv) MFB engaged in defamation *per quod* causing damages to Action Care. Action Care also believes that Action Care has standing to seek cancellation of MFB's PROOV trademark registration, and that Action Care has alleged sufficient grounds for seeking such cancellation. Action Care's pending motion for reconsideration seeks to revive its trademark cancellation counterclaim.

**D.** **Describe the relief sought by the plaintiff(s).**

MFB seeks injunctive relief and monetary damages under the Lanham Act 15 U.S.C. Section 1117(a), the exact amount of which will be proven prior to or at trial, as well as attorneys' fees, costs, and interest.

Action Care seeks monetary damages, including costs and attorneys' fees, under 17 U.S.C. § 512(f). Action Care also seeks an award of monetary damages and full costs as relief for its state-law claims. Action Care further intends to seek an award of Action Care's full costs, including reasonable attorneys' fees, under 17 U.S.C. § 505 for Action Care's successful defense against MFB's copyright infringement claim, which was previously dismissed by the Court.

**E.** **Identify any parties that have not been served.**

The single defendant in this case, Action Care, has been properly served.

**II.** **PENDING MOTIONS AND CASE PLAN**

**A.** **Briefly describe all pending motions, including the date the motion and associated briefs were filed (or the briefing schedule, if briefing has not yet been completed).**

There is a pending motion made by Action Care for reconsideration of the dismissal of Action Care's trademark cancellation counterclaim, which was filed on May 1, 2024. (Dkt. 39).

The motion is fully briefed, with MFB's response having been filed on May 29, 2024, and Action Care's reply having been filed on June 2, 2024. (Dkt.43 and 44).

**B.      Briefly describe the discovery that has been taken (if any), the discovery that remains to be taken (if any), and any operative schedule governing discovery. Also indicate whether the discovery schedule has previously been extended and, if so, how many times and by what period(s) of time.**

The parties have not engaged in any discovery. MFB has not yet filed an answer to Action Care's counterclaims. MFB intends to file an answer to all of Action Care's counterclaims after the Court's ruling on the pending motion for reconsideration. The parties intend to provide a discovery plan within thirty (30) days of the Court's ruling on the motion for reconsideration. Once the Court has issued such a ruling, the parties will provide the Court with a joint status report setting forth the proposed discovery schedule.

**C.      Briefly describe any substantive rulings that have been entered.**

On April 22, 2024, the Court entered a Memorandum Opinion and Order (Dkt. 35) ruling that "Defendant's Motion to Dismiss is fully GRANTED (Dkt. No. 10), Plaintiff's Motion to Dismiss partially GRANTED (Dkt. No. 31). Plaintiff's Motion to Amend is DENIED as moot (Dkt. No. 22)." With respect to Plaintiff's motion to dismiss (Dkt. 31), the Court ruled that "Action Care has not pleaded facts to confer standing. Action Care's Counterclaim for Cancellation is dismissed." (Dkt. 35). All other counterclaims remain in the case. (Id.).

**D.      Identify any substantive or significant procedural motions that any party anticipates filing prior to trial.**

Plaintiff may file a motion for reconsideration on the decision on the motion to dismiss the counterclaims. Plaintiff will file its motion for reconsideration no later than October 11, 2024. Action Care will oppose the motion.

Both parties also intend to file cross-motions for summary judgment regarding their respective claims and defenses.

E. **With respect to a trial:**

1. **Indicate whether there is a jury demand;**

There is a jury demand in this case.

2. **Estimate the length of the trial; and**

Trial should take no more than five (5) days.

3. **Provide the earliest date as to which the parties agree that the case will be ready for trial.**

The Parties anticipate that they will be ready for trial three months after a decision on any motions for summary judgement that the parties file after the close of expert discovery.

F. **Proposed Discovery Plan**

a. **Summary of discovery, formal and informal, that has already occurred.**

The parties' respective counsel have been in contact with each other, such that the parties believe they have satisfied their obligations under Rule 26(f)(1). Otherwise, discovery has not begun in this case.

b. **Whether discovery will encompass ESI and the parties plan to ensure that such discovery proceeds appropriately.**

The parties anticipate that discovery may encompass ESI, including emails. The parties will agree upon an ESI protocol setting forth email custodians, search terms, and date parameters.

c. **Proposed scheduling order.**

The Parties will provide an agreed scheduling order no later than thirty (30) days after the Court rules on the pending motion for reconsideration.

### III. REFERRALS AND SETTLEMENT

**A. Identify the assigned Magistrate Judge and state whether the case has been referred for discovery supervision, a settlement conference, and/or any other purpose.**

The Magistrate Judge assigned to this case is Magistrate-Judge Gabriel A. Fuentes. The case has not yet been referred to discovery supervision, settlement conference or for any other purpose.

**B. State whether any settlement discussions have occurred and the status of any settlement discussions.**

There have not been any meaningful settlement discussions in this case.

**C. Indicate whether the parties jointly believe that a settlement conference would be productive at this time.**

The parties are generally amenable to engaging in settlement discussions during this litigation, including a potential settlement conference administered by the Magistrate Judge. Action Care believes, however, that a settlement conference would not be productive at this time, as each party seemingly believes that it would be entitled to compensation for the other party's alleged wrongdoing. Resolution of Action Care's pending motion for reconsideration with respect to the trademark cancellation counterclaim should help the parties further assess each party's respective position in this case.

**D. Advise whether counsel has informed their respective clients about the possibility of consenting to proceed before the assigned Magistrate Judge.**

The parties' counsel have informed their respective clients about the possibility of consenting to proceed before the assigned Magistrate Judge.

IV.  **OTHER INFORMATION**

  A.  **Provide any other information that the parties believe is pertinent to the Court's understanding of the status of the case.**

MFB has not yet filed an answer to Action Care's counterclaims. MFB intends to file an answer to all of Action Care's counterclaims once it becomes apparent whether Action Care's trademark cancellation counterclaim will be revived.

  B.  **Please advise whether any party requests that the Court set a status hearing.**

The Parties do not believe that a status is necessary at this time. The parties request that the Court set a status hearing after resolution of Defendant's pending motion for reconsideration.

Respectfully submitted,

_____/s/ Arthur A. Gasey_____
Dean D. Niro (ARDC # 6208064)
Arthur A. Gasey (ARDC # 6210605)
Nicholas D. Niro (ARDC # 6345897)
VITALE, VICKREY, NIRO, SOLON & GASEY LLP
311 S. Wacker Dr., Suite 2470
Chicago, IL 60606
Tel.: (312) 236-0733
Fax: (312) 236-3137
dniro@vvnlaw.com
gasey@vvnlaw.com
nniro@vvnlaw.com

Gary I. Blackman (ARDC # 6187914)
Erin M. Mayer (ARDC # 6313447)
LEVENFELD PEARLSTEIN, LLC
130 N. Riverside Plaza, Suite 1800
Chicago, IL 60606
Tel.: (312) 346-8380
Fax: (312) 346-8434
gblackman@lplegal.com
emayer@lplegal.com

*Attorneys for Plaintiff,*
*MFB Fertility, Inc.*

/s/ Ilya G. Zlatkin
*Signed with permission*
Ilya G. Zlatkin (ARDC #6314344)
ZLATKIN CANN ENTERTAINMENT
4245 North Knox Avenue
Chicago, IL 60641
Tel.: (312) 809-8022
Fax: (312) 809-6918
ilya@zce.law

*Attorneys for Defendant,*
*Action Care Mobile Veterinary Clinic, LLC*