IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MFB FERTILITY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 23 CV 3854 |
| | ) | |
| ACTION CARE MOBILE | ) | Judge John J. Tharp, Jr. |
| VETERINARY CLINIC, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Action Care Mobile Veterinary Clinic, LLC's motion for reconsideration of dismissal of trademark cancellation counterclaim [39] is granted. The Court's memorandum opinion of April 22, 2024 [35] is modified to deny Plaintiff MFB Fertility, Inc.'s motion to dismiss the defendant's counterclaim for trademark cancellation. A status hearing will be held on April 23, 2025, at 9:00 a.m. in Courtroom 2303.

## STATEMENT

This case presents a trademark dispute between Plaintiff-Counter Defendant MFB Fertility Inc. ("MFB") and Defendant/Counter-Plaintiff Action Care Mobile Veterinary Clinic, LLC ("Action Care"). Both parties market and sell (among other items) test strips that allow women to confirm when they have ovulated. MFB's product is sold under the trademark PROOV; Action Care's product carries the trademark OvuProof. MFB registered its PROOV trademark (U.S. Reg. No. 5,622,245) on December 4, 2018; so far as the record reflects, Action Care's OvuProof mark is unregistered.

MFB filed suit against Action Care in June 2023 asserting copyright and trademark infringement claims. Action Care moved to dismiss MFB's copyright claim (but not the trademark claim) and pressed five counterclaims against MFB, one of which sought cancellation of MFB's PROOV trademark. MFB, in turn, moved to dismiss Action Care's counterclaims.

In April 2024, Judge Leinenweber (to whom this case was originally assigned) granted Action Care's motion to dismiss MFB's copyright claim. The Judge denied MFB's motion to dismiss Action Care's counterclaims, with the exception of its trademark cancellation claim. Action Care then filed a motion asking the Court to reconsider its ruling dismissing its trademark cancellation counterclaim against MFB. Shortly thereafter, Judge Leinenweber passed away and this case was reassigned to my docket.

Action Care's trademark cancellation counterclaim asserts that MFB's PROOV mark should be cancelled pursuant to 15 U.S.C. § 1064(3)[1] because it is generic, or, alternatively, under 15 U.S.C. § 1052(e)(1)[2] because it is merely descriptive. Counterclaims, ¶¶ 58-61. As such, Action Care's cancellation claim asserted that MFB's registration of the PROOV mark "is causing irreparable harm to Action Care for which there is no adequate remedy at law." Counterclaim ¶ 62. The cancellation claim does not refer to likelihood of confusion and does not describe the irreparable harm allegedly caused by MFB's registration of its PROOV mark.

MFB moved to dismiss the cancellation claim. ECF No. 31-1 at 14. Its sole argument for dismissal was that Action Care lacked standing to assert cancellation. MFB did not discuss the requirements for establishing standing; rather, it simply noted that "courts" have held that standing can be established by showing a likelihood of confusion between the registered mark and the petitioner's mark or rejection of the petitioner's mark during prosecution.[3] Action Care, said MFB, failed to allege likelihood of confusion—indeed, had affirmatively alleged in its responsive pleading that there is no likelihood of confusion between the marks—and had therefore contradicted its claim that registration of the PROOV trademark was causing Action Care irreparable harm.

Action Care responded by identifying its injury: being subjected to MFB's infringement claim. ECF No. 32 at 14-15. Likelihood of confusion, it argued, is not the sole basis for establishing standing to assert a cancellation claim. Action Care argued that "[s]tanding exists when the claimant requesting cancellation has 'shown that it was subject to an imminent threat of harm' from the trademark owner at the time that the cancellation claim was filed." *Id*. at 15 (quoting *Amerimax*, 600 F. Supp. 2d 1003, 1009 (N.D. Ill. 2009)). Since MFB had already sued Action Care for trademark infringement, Action Care maintained that it clearly had been subjected to an imminent threat of harm: "[A]t the time Action Care filed its cancellation counterclaim, MFB was actively suing Action Care for infringement of the 'PROOV' trademark. The threat of harm does not get more imminent than that." Resp. to Mtn to Dismiss, ECF No. 32 at 15.

Judge Leinenweber agreed with MFB that Action Care had not established standing to challenge MFB's registration of the PROOV mark and his ruling tracked MFB's argument closely.[4] As had MFB, the judge pointed out that Action Care had disavowed any likelihood of

---

[1] A cancellation petition may be filed "[a]t any time if the registered mark becomes the generic name for the goods or services."

[2] A mark "used on or in connection with goods of the applicant [that] is merely descriptive" may be refused registration.

[3] Citing *Ketab Corp. v. Mesriani & Assocs.*, No. 214CV07241RSWLMRW, 2015 WL 8022874, at *7 (C.D. Cal. Dec. 4, 2015) ("Courts have found standing to exist where the cancellation petitioner asserts a likelihood of confusion between the petitioner's mark and the registered mark at issue, or where the petitioner's application is rejected during prosecution.").

[4] The judge first noted that where, as here, the disputed mark has been registered for five years or less, "any grounds may be stated for cancellation, including traditional arguments such as likelihood of confusion, false identification, or that the mark is merely descriptive." Mem. Op. at

2

confusion between the PROOV and OvuProof marks in its response to the complaint.[5] That Action Care's cancellation claim conceded that there is no likelihood of confusion between the marks, the Judge said, contradicted its claim that MFB's registration of its mark was "causing irreparable harm" to Action Care. And without harm, Judge Leinenweber concluded, "Action Care has not pleaded facts to confer standing." ECF No. 35, Mem. Op. at 22.

Action Care seeks reconsideration of the ruling dismissing its cancellation claim. Acknowledging that motions to reconsider are limited to claims of manifest error, Action Care maintains that Judge Leinenweber manifestly erred by treating likelihood of confusion as a prerequisite to prosecution of a cancellation claim. MFB, not surprisingly, disputes that the Court treated likelihood of confusion as a prerequisite to asserting a cancellation claim.

Having reviewed the parties' pleadings and briefs, and Judge Leinenweber's ruling, I concur with Action Care that the dismissal of its cancellation counterclaim was manifestly erroneous. While the Court appropriately concluded that Action Care has not asserted likelihood of confusion between the two marks, it erred in concluding that Action Care's claim that it was suffering from irreparable harm as a result of MFB's registration of its PROOV mark depended on a showing of likelihood of confusion.

In light of Action Care's responsive pleading, which disavowed that there is any likelihood of confusion with the marks, Judge Leinenweber reasonably concluded that there was no such likelihood. But Action Care does not dispute that point and does not base its request for reconsideration on any argument that there is, in fact, a likelihood of confusion between the marks. *See* Reply, ECF No. 44 at 4 n.2 ("Action Care certainly continue to maintain that there is no likelihood of confusion between the PROOV and OVUPROOF marks."). The Court went on, however, to equate the absence of likelihood of confusion with the absence of irreparable harm: "Action Care's assertion of no likelihood of confusion . . . contradicts its pleading that the registration of the PROOV trademark 'is causing irreparable harm to Action Care.'" ECF No. 35, Mem. Op. at 22. The error in MFB's argument, and the Court's ruling, rests not on whether there is a likelihood of confusion between the marks, but whether the absence of a likelihood of confusion necessarily means that Action Care could not be irreparably harmed by registration of MFB's mark.

It does not. Likelihood of confusion is not the only cause of injury arising from improperly registered marks; recognition of generic or descriptive marks, for example, may also restrict competitors from competing effectively with the owner of a registered mark. *See*, *e.g.*, *Uncommon, LLC v. Spigen*, Inc., 926 F.3d 409, 419 (7th Cir. 2019) (affirming cancellation of mark as merely descriptive even in the absence of any likelihood of confusion); *DRL Enterprises, Inc. v. North Atlantic Operating Co., Inc.*, 301 F. Supp. 3d 824, 835 (N.D. Ill. 2018) (citing cases in which standing was based on harm flowing from registration of generic or descriptive marks); *Sarieddine*

---

22. This is an observation about the substantive grounds for cancellation of a mark, not about the requirements for standing.

[5] *See* Answer and Counterclaims, ECF No. 15, at 12 (¶ 19 of Action Care's General and Affirmative Defenses). This statement is misattributed to Action Care's counterclaims in Judge Leinenweber's ruling.

*v. D&A Distribution, LLC*, No. CV 17-2390 DSF (SKX), 2018 WL 5094957, at *2 (C.D. Cal. Apr. 24, 2018) (where a cancellation action is predicated on the ground that a registered mark is generic or merely descriptive, standing is based on facts that show that the registration is or will be inconsistent with the petitioner's equal right to use this designation in connection with the same or a similar business enterprise).

Indeed, "when a mark could be used to describe a competitor's own product, the competitor has standing whether or not it has actually used the mark descriptively with its own products. *DRL Enterprises,* 301 F. Supp. 3d at 835. "Standing to oppose is presumed when the mark sought to be registered is allegedly descriptive of the goods or services and [the] opposer has an interest in using the term descriptively in its business." The same is true of claims of genericness. McCarthy on Trademarks, § 20.11 ("The standard of standing to oppose on the descriptiveness ground also applies to an opposer who relies on the ground that the applied-for mark is a generic name."). To establish standing, it is "sufficient to show that it is engaged in the same or a similar business as applicant, and that damage to it will ensue if fair use of the term by it or its customers to describe their goods will be denied by the registration sought." *DRL Enterprises,* 301 F. Supp. 3d at 835 (N.D. Ill. 2018); *see also* 4 McCarthy on Trademarks and Unfair Competition, Constitutional Article III standing, § 27:29 (5th ed.) ("Evidence of direct competition is strong proof that plaintiffs have a stake in the outcome of the suit, so their injury isn't 'conjectural' or hypothetical.",

Notwithstanding that Action Care's counterclaim is predicated on genericness or descriptiveness rather than likelihood of confusion, MFB and the Court assessed Action Care's standing on its concession that the marks created no likelihood of confusion. As Action Care accurately reports, the Court treated likelihood of confusion as a necessity for seeking cancellation." Reply, ECF No. 44, at 3. That was error. The Court should have assessed standing based on Action Care's status as a competitor asserting the grounds for cancellation that are set forth in the complaint. In addressing standing in the context of grounds for cancellation, whether likelihood-of-confusion, genericness, or descriptiveness, the question is the same: "whether the challenger and registrant compete in the same line of business and failure to cancel an existing mark, or to refuse registration of a new mark, **would be likely to cause the opposer competitive injury**." *Brooklyn Brewery Corp. v. Brooklyn Brew Shop*, 17 F.4th 129, 139 (Fed. Cir. 2021) (emphasis added).

Action Care's contention that MFB's infringement suit threatens Action Care with competitive injury cannot reasonably be disputed. MFB's infringement claim easily suffices to provide standing for Action Care's cancellation claim. "[T]o demonstrate the requisite injury for Article III standing, the appellant/petitioner must show that it is engaged or will likely engage in an activity that would give rise to a possible infringement suit." *Brooklyn Brewery,* 17 F.4th at 138 (cleaned up); *see also id*. at 138-39 ("This does not require that an opposer show that it faces a risk of potential trademark infringement liability, though that could be sufficient to establish standing."); *E. Iowa Plastics, Inc. v. PI, Inc.*, 832 F.3d 899, 906 (8th Cir. 2016) "standing to seek cancellation could be based on having been forced to defend against an infringement suit").

MFB argues that by failing to address likelihood of confusion, and relying on a new argument, Action Care forfeited any right to seek reconsideration of the Court's ruling. That argument is not well founded. Action Care's motion to reconsider does address likelihood of confusion; it argues that that a showing of likelihood of confusion is a sufficient, but not necessary,

basis for standing. It then went on to address standing, not likelihood of confusion, explaining, correctly that standing to seek cancellation of a mark's registration requires a showing of an imminent threat of harm arising from the mark's registration—a threat embodied in MFB's infringement claim. All this was consistent with Action Care's counterclaim; to the extent that it presented any "new" argument, it was merely because it was a ***response*** to the only argument for dismissing the cancellation claim that MFB made. That is not a basis to deny Action Care's motion to reconsider.

*****

For the foregoing reasons, Action Claim's motion to reconsider is granted and its counterclaim for cancellation of MFB's PROOV trademark is reinstated.

Date: March 31, 2025

John J. Tharp, Jr.
United States District Judge