**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MFB FERTILITY, INC., | |
| Plaintiff, | Case No. 1:23-cv-03854 |
| v. | The Honorable John J. Tharp, Jr.<br>Magistrate-Judge Gabriel A. Fuentes |
| ACTION CARE MOBILE VETERINARY<br>CLINIC, LLC, | |
| Defendant. | |

**MFB FERTILITY, INC.'S OPPOSITION TO ACTION CARE
MOBILE VETERINARY CLINIC, LLC'S MOTION FOR
<u>LEAVE TO FILE AMENDED COUNTERCLAIMS</u>**

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................. 1

II.     APPLICABLE LAW ............................................................................................ 2

III.    ARGUMENT ...................................................................................................... 2

        A.      Action Care's Claim for Cancellation is Futile........................................... 2

                1.      Action Care seeks a remedy unavailable under the law. ............................ 2

                2.      Action Care's motion for declaratory relief is improper. .......................... 4

                3.      Action Care is not entitled to judicial notice. ............................................ 6

                4.      Action Care's Proposed Definitions are Disputable. ................................ 8

        B.      Action Care Fails to State a Claim for Violation of Section II of The Sherman Act
                ................................................................................................................. 9

                1.      Action Care has failed to allege that a dangerous probability that the
                        attempt at monopolization will succeed...................................................... 9

                2.      Action Care has not sufficiently alleged predatory or anticompetitive
                        conduct........................................................................................................ 11

IV.     CONCLUSION.................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Aero Prods. Int'l v. Intex Rec. Corp.*,
No. 02 C 2590, 2003 U.S. Dist. LEXIS 797 (N.D. Ill. Jan. 16, 2003) .....................................8

*Alberto-Culver Co. v. Andrea Dumon, Inc.*,
466 F.2d 705 (7th Cir. 1972) .................................................................................................13

*Arcadia Grp. Brands Ltd. v. Studio Moderna SA*,
No. 10 C 7790, 2011 U.S. Dist. LEXIS 90554 (N.D. Ill. Aug. 15, 2011)................................8

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S. Ct. 1937 (2009).....................................................................................2

*Avnet, Inc. v. Motio, Inc.*,
No. 12 C 2100, 2015 WL 5307515 (N.D. Ill. Sept. 9, 2015)..................................................13

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 127 S. Ct. 1955 (2007).....................................................................................2

*Campania Mgmt. Co. v. Rooks, Pitts & Poust*,
290 F.3d 843 (7th Cir. 2002) ...................................................................................................2

*Centrifugal Acquisition Corp. v. Moon*,
No. 09-C-327, 2010 U.S. Dist. LEXIS 7684 (E.D. Wis. Jan. 14, 2010) ..................................5

*Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*,
776 F.3d 1343 (Fed. Cir. 2014)..............................................................................................13

*Daniel v. Cook Cty.*,
833 F.3d 728 (7th Cir. 2016) ...................................................................................................7

*Daoust v. Abbott Labs.*,
No. 05 C 6018, 2006 U.S. Dist. LEXIS 72064 (N.D. Ill. Sep. 19, 2006)................................6

*E.R. Presidents Conference v. Noerr Motor Freight, Inc.*,
365 U.S. 127, 144, 81 S. Ct. 523, 533 (1961)......................................................................11

*Facebook, Inc. v. Teachbook.com LLC*,
819 F. Supp. 2d 764 (N.D. Ill. 2011) . Action Care's..............................................................8

*Park n' Fly v. Dollar Park & Fly*,
469 U.S. 189, 105 S. Ct. 658 (1985)........................................................................................3

*Gaffrig Performance Indus. v. Livorsi Marine*,
    No. 99C7778, 2001 U.S. Dist. LEXIS 8481 (N.D. Ill. June 22, 2001) ....................................7

*GE Capital Corp. v. Lease Resolution Corp.*,
    128 F.3d 1074 (7th Cir. 1997) .........................................................................................7

*GlobalTap LLC v. Smart Tap LLC*,
    No. 13 C 5322, 2015 U.S. Dist. LEXIS 21687 (N.D. Ill. Feb. 24, 2015)........................10, 11

*Great Concepts, LLC v. Chutter, Inc.*,
    90 F.4th 1333 (Fed. Cir. 2023) ...............................................................................1, 3, 4

*Heng v. Heavner, Beyers & Mihlar, LLC*,
    849 F.3d 348 (7th Cir. 2017) ...........................................................................................4

*Hennessy v. Penril Datacomm Networks*,
    69 F.3d 1344 (7th Cir. 1995). Action Care ....................................................................6

*Int'l Equip. Trading, Ltd. v. AB Sciex LLC*,
    No. 13 C 1129, 2013 U.S. Dist. LEXIS 123109 (N.D. Ill. Aug. 29, 2013) .
    Action Care ............................................................................................................10, 11

*Kam-Ko Bio-Pharm Trading Co., Ltd. v. Mayne Pharma Inc.*,
    560 F.3d 935 (9th Cir. 2009) ...........................................................................................4

*KJ Korea, Inc. v. Health Korea, Inc.*,
    66 F. Supp. 3d 1005 (N.D. Ill. 2014) ...............................................................................8

*McCoy v. Iberdrola Renewables, Inc.*,
    760 F.3d 674 (7th Cir. 2014) ...........................................................................................2

*Navajo Nation v. Urban Outfitters, Inc.*,
    935 F. Supp. 2d 1147 (D.N.M. 2013) ...............................................................................8

*Neitzke v. Williams*,
    490 U.S. 319, 109 S. Ct. 1827 (1989). Action Care ..........................................................4

*Philips N. Am. LLC v. Glob. Med. Imaging, LLC*,
    No. 21-cv-3615, 2024 U.S. Dist. LEXIS 169216 (N.D. Ill. Sep. 19, 2024).
    Action Care ...................................................................................................................9

*Prod. & Maint. Employees' Local 504, Laborers' Int'l Union v. Roadmaster
Corp.*,
    954 F.2d 1397 (7th Cir. 1992) .........................................................................................5

*Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus.*,
    508 U.S. 49, 113 S. Ct. 1920 (1993)................................................................................11

*Sassafras Enterprises v. Roshco, Inc.*,
  889 F. Supp. 343 (N.D. Ill. 1995) ........................................................................12

*Tobey v. Chibucos*,
  890 F.3d 634 (7th Cir. 2018) ................................................................................7

*U.S. Futures Exch., L.L.C. v. Bd. of Trade*,
  953 F.3d 955 (7th Cir. 2020) ..............................................................................11

**Statutes**

17 U.S.C. § 410 ...........................................................................................................13

Sherman Act Section 2, 15 U.S.C. § 2 ..............................................................1, 9, 13

Trademark Act Section 15, 15 U.S.C. §1065 ......................................................3, 6, 7

## I.       INTRODUCTION

Defendant/Counter-Plaintiff Action Care Mobile Veterinary Clinic, LLC ("Action Care" or "Defendant") motion to amend the Sixth counterclaim is frivolous as the relief it seeks is contrary to the law:  a challenge to the incontestability of a mark does not give rise to cancellation of the entire registration.  *See Great Concepts, LLC v. Chutter, Inc.,* 90 F.4th 1333, 1340 (Fed. Cir. 2023) *unrelated sentence corrected by* No. 2022-1212, 2024 U.S. App. LEXIS 1876, at *1-2 (Fed. Cir. Jan. 10, 2024).  Likewise, the amendment to the Seventh counterclaim is equally frivolous as Defendant failed to allege that Plaintiff, MFB Fertility, Inc. ("Plaintiff" or "MFB"), had the required market power under Section 2 of the Sherman Act, 15 U.S.C. § 2.

Action Care seeks leave to amend its answer, affirmative defenses, and counterclaims to add claims styled as:

- **Sixth Claim for Relief:** Declaratory Judgment to Cancel (and/or Revoke Incontestability Status) of the PROOV Registration Based on Submission of Fraudulent Statements to the USPTO
- **Seventh Claim for Relief:** Section 2 of the Sherman Act, 15 U.S.C. § 2 (Sham Litigation, Attempted Monopolization)

Action Care alleges that its cancellation claim is based on a Section 8 and 15 Declaration ("the Declaration") submitted in the United States Patent and Trademark Office ("USPTO") concerning incontestability. (Dkt. 53, pp. 4-7).  The claim for cancellation is futile, because it seeks relief of "cancellation" which is unavailable under the law. *See Great Concepts, LLC v. Chutter, Inc.,* 90 F.4th 1333, 1340 (Fed. Cir. 2023) ("it follows that fraud in connection with acquiring incontestable status is not a basis for a Section 14 cancellation proceeding.").  In addition to adding the nonexistent claim under the law, Action Care has also invited the Court to bypass the litigation process, take judicial notice of disputable factual issues, and grant it a declaratory judgment on its cancellation claim. (Dkt. 53, p. 7).  Regardless, the Court has already determined that Action Care may proceed with a claim for cancellation of MFB's PROOV trademark.  (Dkt. 50). A motion for

leave to amend is also an improper procedural vehicle for seeking declaratory relief of a claim that does not exist under the law. The motion should be denied.

Further, Action Care's Sherman Act claim is also futile because Action Care has failed to allege any actionable conduct by MFB or a dangerous probability of monopolization. For the reasons stated herein, MFB respectfully requests that this Court deny Action Care's motion in its entirety.

## II.   APPLICABLE LAW

In the Seventh Circuit, "courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Campania Mgmt. Co. v. Rooks, Pitts & Poust,* 290 F.3d 843, 849 (7th Cir. 2002). "District courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss." *McCoy v. Iberdrola Renewables, Inc.,* 760 F.3d 674, 685 (7th Cir. 2014). To properly state a cause of action in a complaint, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

## III.   ARGUMENT

### A.   Action Care's Claim for Cancellation is Futile

#### 1.   Action Care seeks a remedy unavailable under the law.

Action Care's attempt to add a claim for cancellation based on the allegations relating to the Declaration is futile. Contrary to Action Care's assertion, even if there was fraud in filing the Declaration (which there is not), ***"fraud in connection with acquiring incontestable status is not***

- 2 -

*a basis for a Section 14 cancellation proceeding."* *Great Concepts, LLC v. Chutter, Inc.,* 90 F.4th 1333, 1340 (Fed. Cir. 2023) (emphasis added). Ignoring the law in *Great Concepts*, Action Care wrongfully cites the dissent as binding precedent. (Dkt. 53, pp. 5-13). Action Care incorrectly contends that "[t]he USPTO has long deemed such fraud to be independent grounds for cancellation of a registration." (Dkt. 53, p. 5). Action Care recognizes *Greater Concepts* but failed to inform the Court of the law; the Section 15 statement cannot be the basis for cancelling the trademark. *Id.*

The effect of incontestability status on the registered PROOV trademark is that it provides "conclusive evidence of the registrant's exclusive right to use the mark, subject to the conditions of § 15 and the seven defenses enumerated in § 33(b) itself." *Park 'n Fly v. Dollar Park & Fly,* 469 U.S. 189, 196, 105 S. Ct. 658, 663 (1985). Allegations of fraud in connection with the incontestability of a previously registered mark, such as Plaintiff's PROOV trademark, do not give rise to cancellation of the mark:

> Given that registration and incontestability are different rights, and Section 14 only identifies fraud in connection with acquiring one of these rights (registration) as being a basis for a cancellation proceeding at the Board, it follows that ***fraud in connection with acquiring incontestable status is not a basis for a Section 14 cancellation proceeding***.

*See Great Concepts, LLC v. Chutter, Inc.,* 90 F.4th 1333, 1340 (Fed. Cir. 2023) (emphasis added). As recited in *Great Concepts*, Action Care is not entitled to seek cancellation of the PROOV trademark on the basis that the incontestable status of the mark was fraudulently obtained. Nevertheless, Action Care argues that this Court should ignore the precedent it relies upon and allow the baseless claim into the case. (Dkt. 53, p. 5). Action Care seeks to amend its counterclaims to assert a cause of action for cancellation that does not exist. While fraud in obtaining the original registered trademark can be a defense *e.g. Park 'n Fly,* at U.S. 189, 194 n.3, 105 S. Ct. 658, 662, allegations of fraud in a declaration relating to the incontestability of the

trademark do not give rise to a claim for cancellation of the entire registration. *Great Concepts,* *90* F.4th at 1340, 1344. Here, Action Care does not allege fraud in obtaining the original trademark.

Action Care's argument to Amend the Sixth Claim for Relief is frivolous. A claim is frivolous where it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). Action Care has no arguable legal or factual basis to obtain cancellation based on allegations regarding the statement of incontestability of the PROOV trademark. *See Great Concepts,* 90 F.4th at 1344 ("fraud committed in connection with obtaining incontestable status is distinctly not fraud committed in connection with obtaining the registration itself. *See generally* McCarthy § 31:81 ([I]ncontestable status does not 'obtain' the 'registration.' The registration already existed with 'contestable' status.")). It is proper for the Court to deny as futile a motion to amend pleadings asserting relief that is unavailable under the law. *Heng v. Heavner, Beyers & Mihlar, LLC,* 849 F.3d 348, 354-55 (7th Cir. 2017) (Affirming the district court's denial of appellants' motion for leave to amend its complaint whereby the amended pleadings would fail to state a viable claim for relief.). Thus, even if Action Care's allegations were presumed true, which they are not, such allegations could not have the effect of canceling the PROOV trademark. The claim made in the proposed amendment does not exist under the law.

Thus, this Court should deny Action Care's request to add an additional claim for cancellation on this basis.

### 2. Action Care's motion for declaratory relief is improper.

In its motion for leave to amend, Action Care implores this Court to issue a "judgment regarding MFB's false statements in the Combined Declaration." (Dkt. 53, p. 7). However, as many courts have recognized, Action Care's motion is an inappropriate means of requesting declaratory relief. *See Kam-Ko Bio-Pharm Trading Co., Ltd. v. Mayne Pharma Inc.,* 560 F.3d 935, 943 (9th Cir. 2009):

> a party may not make a motion for declaratory relief, but rather, the party must bring an action for a declaratory judgment. Insofar as plaintiffs seek a motion for a declaratory judgment, plaintiffs' motion is denied because such a motion is inconsistent with the Federal Rules. The only way plaintiffs' motion can be construed as being consistent with the Federal Rules is to construe it as a motion for summary judgment on an action for a declaratory judgment.

*See also Centrifugal Acquisition Corp. v. Moon,* No. 09-C-327, 2010 U.S. Dist. LEXIS 7684, at

*3-4 (E.D. Wis. Jan. 14, 2010):

> In any event, the motion to strike advances additional reasons to deny Belinda Moon's motion for a declaratory judgment. CAC is correct that the motion is procedurally improper because there is no such thing as a motion for declaratory relief. "A party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for a declaratory judgment."

It is noteworthy that this is the second time MFB has been required to defend a procedurally improper motion. (Dkt. 38) ("Additionally, Defendant's motion 'to clarify' is the improper vehicle to move for attorneys' fees and it also fails to comply with Local Rule 54.3(b), which similarly mandates that Defendant wait until the Court has entered a final judgment unless otherwise ordered."). Action Care also inappropriately buries many of its substantive arguments in its footnotes to its motion to amend. *Prod. & Maint. Employees' Local 504, Laborers' Int'l Union v. Roadmaster Corp.,* 954 F.2d 1397, 1407 (7th Cir. 1992) ("We have repeatedly warned litigants and attorneys not to use textual footnotes to evade page limits."). To the extent Action Care is requesting this Court grant declaratory relief on MFB's alleged false statements, Action Care's request is procedurally improper and must therefore be denied. Action Care has not moved for summary judgment on the factual issues which it has newly introduced in its motion for leave to amend. Action Care also cites no case establishing that fraudulent procurement of incontestability status is entitled to relief as a separate cause of action.

Further, even if Action Care's motion were to be perceived as a motion for summary judgment (which it has not sought), Action Care's motion fails to comply with the Local Rules of

the Northern District of Illinois. Local Rule 56.1(a)(3) requires that the moving party of a motion for summary judgment submit a "statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." Action Care submitted no statement of material facts in support of its motion. LR56.1 states that "[f]ailure to submit such a statement constitutes grounds for denial of the motion." *See Daoust v. Abbott Labs.,* No. 05 C 6018, 2006 U.S. Dist. LEXIS 72064, at *5 (N.D. Ill. Sep. 19, 2006). Thus, to the extent Action Care seeks for its motion to be construed as or have the effect of a motion for summary judgment, its motion should be denied for failing to comply with the Local Rules.

### 3. Action Care is not entitled to judicial notice.

Action Care requests that this Court "take judicial notice of MFB's Combined Declaration and the Notice of Acceptance and Acknowledgement" is not supported in the law. (Dkt. 53, p. 6). Action Care asks the Court to make a ruling on the merits, rather than take notice of a document itself. In other words, Action Care seeks a finding that the Declaration was improper, which on its face, is factually disputed. The Court should not take judicial notice of disputed factual or legal determinations. *Hennessy v. Penril Datacomm Networks,* 69 F.3d 1344, 1354-55 (7th Cir. 1995). Action Care cites to the Declaration regarding incontestability in which MFB states that "there is no proceeding involving said rights pending and not finally disposed of either in the United States Patent and Trademark office or in a court." (Dkt. 53, p. 5; 53-6). On April 22, 2024, Judge Leinenweber dismissed Action Care's claim for cancellation against MFB. (Dkt. 35, p. 22). The Declaration of incontestability for the PROOV trademark was submitted on November 26, 2024. (Dkt. 53-5). The USPTO was aware of the litigation filed against Action Care for infringement of the PROOV trademark. (Dkt. 3). The USPTO determined that "[t]he declaration of incontestability filed for the above-identified registration meets the requirements of Section 15 of the Trademark Act, 15 U.S.C. §1065." (Id.). Action Care has not provided any evidence of what

the trademark examiner considered in making its determination. Thus, under Action Care's theory, there would be a genuine issue of fact concerning how incontestability for the PROOV mark was obtained.

Here, Action Care is requesting that the Court adopt Action Care's unilateral factual determination that MFB willfully submitted false statements to the USPTO based on judicial notice. (Dkt. 53, p. 6). Action Care's allegations, even if proven true, would not affect the validity of the PROOV trademark. If the issue of incontestability arises in the lawsuit, the issue of whether MFB willfully submitted fraudulent statements to the USPTO would be subject to disputable issues of fact. *Gaffrig Performance Indus. v. Livorsi Marine,* No. 99C7778, 2001 U.S. Dist. LEXIS 8481, at \*28-30 (N.D. Ill. June 22, 2001) (Issue of fact existed regarding the veracity of statements submitted by the defendant to the USPTO during the prosecution of its trademark application).

Moreover, a determination that MFB has willfully submitted false statements would be contrary to the findings articulated in the examiner's Section 15 Notice of Acknowledgement. (Dkt. 53-6). While the USPTO confirmed the incontestability status of the PROOV trademark, the extent to which incontestability was obtained fraudulently is a disputable issue of fact.

The request to take "judicial notice" of the dictionary definitions for words "PROOF," "PROVE," and "TEST" is legally improper in the context of the factual dispute regarding the contestability of the PROOV trademark. (Dkt. 53, p. 6). "Judicial notice is a powerful tool that must be used with caution." *Daniel v. Cook Cty.,* 833 F.3d 728, 742 (7th Cir. 2016). The Seventh Circuit has established that it is improper for the Court to take judicial notice of matters which may be reasonably disputed. *See GE Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1083 (7th Cir. 1997) ("A district court may not take judicial notice of fact where its application may be reasonably disputed because use of this evidentiary device in this manner 'would abrogate

- 7 -

the fundamental requirement of due process.'"); *See also Tobey v. Chibucos,* 890 F.3d 634, 648 (7th Cir. 2018).

MFB opposes Action Care's motion for judicial notice because it fails to encapsulate the entirety of the trademark prosecution history for the PROOV trademark. It would be improper to take judicial notice of a select portion of the USPTO record submitted in support of the merits of Action Care's case. *See Navajo Nation v. Urban Outfitters, Inc.,* 935 F. Supp. 2d 1147, 1157 (D.N.M. 2013) (Determining that "cherry-picked" portions of USPTO records were subject to reasonable dispute and thus improper for judicial notice.).

Any determination based on the content of the USPTO filings would be premature and foreclose on MFB's ability to enforce its registered trademark.

### 4. Action Care's Proposed Definitions are Disputable.

At this stage, it is premature for the Court to adopt Action Care's proposed dictionary definitions which are subject to reasonable dispute. Likewise, Action Care's attempt to lure this Court into adopting favorable definitions of disputable terms is inappropriate. As Action Care concedes, it would like this Court to adopt its proposed definitions in order to foreclose on the issue of genericness. (Dkt. 53, p. 7). The determination of a mark's genericness is a question fact. *Aero Prods. Int'l v. Intex Rec. Corp.,* No. 02 C 2590, 2003 U.S. Dist. LEXIS 797, at *14 (N.D. Ill. Jan. 16, 2003). "It is premature at the motion to dismiss stage to resolve whether [Plaintiff's] registration is valid." *Arcadia Grp. Brands Ltd. v. Studio Moderna SA,* No. 10 C 7790, 2011 U.S. Dist. LEXIS 90554, at *7 (N.D. Ill. Aug. 15, 2011); *See also KJ Korea, Inc. v. Health Korea, Inc.,* 66 F. Supp. 3d 1005, 1015 (N.D. Ill. 2014) ("To the extent that Defendants argue that these allegations are insufficient to establish protectability, their argument is premature and more appropriate to a motion for summary judgment."). Thus, it would be improper to the adopt definitions that could affect the scope of a trademark's protectability. *See Facebook, Inc. v.*

*Teachbook.com LLC,* 819 F. Supp. 2d 764, 772-73 (N.D. Ill. 2011) (Refusing to take judicial notice at the 12(b)(6) stage of the case of the defendant's USPTO records and dictionary definitions because the documents were "subject to a reasonable dispute."). Action Care's request to "expedite" (Dkt. 53, p. 7) a vital factual determination in this case is an unwarranted attempt to restrain MFB's right to due process.

**B.     Action Care Fails to State a Claim for Violation of Section II of The Sherman Act**

"An attempted monopolization claim has three elements: (1) the defendant's specific intent to achieve monopoly power in a relevant market; (2) predatory or anticompetitive conduct directed to accomplishing this purpose; and (3) a dangerous probability that the attempt at monopolization will succeed." *Philips N. Am. LLC v. Glob. Med. Imaging, LLC,* No. 21-cv-3615, 2024 U.S. Dist. LEXIS 169216, at *14-15 (N.D. Ill. Sep. 19, 2024). Action Care has failed to allege the second and third factors of a Sherman Act violation.

**1.     Action Care has failed to allege that a dangerous probability that the attempt at monopolization will succeed.**

Action Care has failed to allege that any action by MFB resulted in MFB's monopoly over the "PdG" testing industry. Action Care has not presented any allegations that other competitors have been precluded from entering the market. In fact, Action Care acknowledges that other competitors exist within its proposed relevant market: "Based on allegations of ***other competitors of MFB***, Action Care is neither the first nor last competitor against whom MFB has submitted DMCA takedown notifications." (Dkt. 53, p. 10) (emphasis added). In doing so, Action Care relies on attorney argument from a separate matter involving a copyright infringement lawsuit that was permitted to proceed following the defendant's motion to dismiss. (Id.) (Ex. A). The *Wondfo* matter is no longer pending  (Ex. B), and the competitor of MFB has not been excluded from the market, and continues to sell PdG urine test strips on its website and on Amazon.



# HORMONE life PdG Urine Test Strip

The HORMONE life PdG Urine Test Strip measures PdG (pregnanediol glucuronide), a major progesterone metabolite, confirming whether ovulation has occurred. The strips are ideal for those tracking fertility, providing easy and reliable, at-home confirmation of ovulation.

(https://www.wondfousa.com/hormonelife/pdg-ovulation-urine-test-strip/); (Ex. C, D). Even more telling, Action Care admits in its pleadings that other PdG competitors existed when Action Care entered the market: "various types of at-home ovulation tests existed and were available for purchase in the United States when Action Care entered the marketplace…" (Dkt. 53-1, p. 28).

It is implausible that there is no substitute for the PdG products. *Int'l Equip. Trading, Ltd. v. AB Sciex LLC,* No. 13 C 1129, 2013 U.S. Dist. LEXIS 123109, at *16 (N.D. Ill. Aug. 29, 2013) ("When a complaint limits the relevant market to a 'single brand, franchise, institution, or comparable entity that competes with potential substitutes,' a court should dismiss the complaint unless the complaint contains sufficient factual allegations that make it plausible there is no substitute."). Action Care makes no allegations that other manufacturers of PdG tests were excluded from the market by MFB. *GlobalTap LLC v. Smart Tap LLC,* No. 13 C 5322, 2015 U.S. Dist. LEXIS 21687, at *17 (N.D. Ill. Feb. 24, 2015) ("Nowhere does SmartTap make the required allegation that GlobalTap's design patent precludes other manufacturers of outdoor water bottle fillers from entering the market."). Nor has Action Care made any allegations that MFB has ever achieved monopoly power. Today, there are least three companies, not including MFB, selling PdG tests. Any argument that there was a dangerous probability of a monopoly is nonexistent. Thus, Action Care's proposed addition of a Sherman Act claim must be denied.

- 10 -

### 2. Action Care has not sufficiently alleged predatory or anticompetitive conduct.

There can be no predatory or anticompetitive conduct when the conduct is based on a lawsuit. As Action Care concedes, *Noerr-Pennington* provides "those who petition government for redress are generally immune from antitrust liability." *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus.,* 508 U.S. 49, 51, 113 S. Ct. 1920, 1923 (1993). This immunity may only be overcome through narrow exception, such as "sham litigation." *E.R. Presidents Conference v. Noerr Motor Freight,* Inc., 365 U.S. 127, 144, 81 S. Ct. 523, 533 (1961). "The sham exception is 'extraordinarily narrow.'" *U.S. Futures Exch., L.L.C. v. Bd. of Trade,* 953 F.3d 955, 963 (7th Cir. 2020). "It is insufficient to show simply a failed legal theory, or that only some of [MFB's] claims were objectively baseless." *GlobalTap LLC v. Smart Tap LLC,* No. 13 C 5322, 2015 U.S. Dist. LEXIS 21687, at *23 (N.D. Ill. Feb. 24, 2015). The sham litigation exception applies only where the lawsuit is "objectively baseless," meaning "no reasonable litigant could realistically expect success on the merits." *Prof'l Real Estate Inv'rs,* 508 U.S. 49, 60, 113 S. Ct. 1920, 1928. "Even an act of pure malice by one business competitor against another does not, without more, state a claim under the federal antitrust laws." *Int'l Equip. Trading, Ltd. v. AB Sciex LLC,* No. 13 C 1129, 2013 U.S. Dist. LEXIS 123109, at *16 (N.D. Ill. Aug. 29, 2013).

Addressing the first requirement of the *Prof'l Real Estate Inv'rs* test, Action Care fails to state facts to support its allegation that Action Care's lawsuit was "objectively baseless." (Dkt. 53-1, ¶ 89). The allegations upon which Action Care relies fail to accurately depict this litigation and thus fail to sufficiently plead a counterclaim. Notably, MFB has an active claim for trademark infringement in this case, which it is continuing to pursue. Action Care did not move to dismiss MFB's trademark infringement claim. The Court has denied Action Care's request for attorneys'

fees on the copyright claim. (Dkt. 38). Action Care's attempt to add a Sherman Act claim based on sham litigation must be dismissed.

It was objectively reasonable for Action Care to have submitted the alleged DMCA takedown notice. As Action Care admits in its pleadings, Action Care contracted with a Chinese company to sell PdG strips (Dkt. 53-1, ¶ 4). Action Care was aware that MFB sold PdG strips and actually "inquired with SEB how the SEB Strips were different from the products offered by MFB." (Id. at ¶ 5). Being aware of the products sold by MFB under the "PROOV" trademark, Action Care adopted the name "Ovuproof," and began selling PdG testing products. (Id. at ¶ 5, 8). Action Care's CEO Diane Krasznay submitted a purchase order to MFB for its PdG products and then attempted to return the order. (Ex. E). In July of 2016, Ms. Krasznay contacted MFB, feigning interest in reaching a licensing agreement to sell PdG tests:

> I am very interested in setting up an exclusive license agreement with you to be able to repackage your product with my (fut trademark name and my protocol for menstruation prediction in women. I would like to know if, after the initial testing orders per unit, if you would consider making the agreement for 10% mark-up on your wholesale cost for batch orders? I am hopin get cost down to $1.00 per strip, based on batch order quantities, that would make my cost approx. $1.10 per unit.

(Ex. F). Amy Beckley, MFB's CEO, responded to Ms. Krasznay's inquiries, expressing interest in licensing MFB's product, and allowing Ms. Krasznay to sell PdG product under her "trademark name." (Id.). No agreement was ever reached between the Parties.

Action Care's argument that the copyright suit would have been objectively baseless is wrong. MFB's request to amend the complaint was merely to provide a condensed version of the initially asserted copyright. (Dkt. 22, ¶ 8). MFB proceeded with its copyright claim on the valid theory that Action Care infringed the selection and arrangement of its product advertisements. *Sassafras Enterprises v. Roshco, Inc.,* 889 F. Supp. 343, 346-48 (N.D. Ill. 1995). The fact that its copyright infringement claim was dismissed is not evidence alone that the claim was objectively

- 12 -

baseless. *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n,* 776 F.3d 1343, 1350 (Fed. Cir. 2014). Notably, Action Care did not oppose MFB's motion for leave to amend its complaint. (Dkt. 24).

The case *Alberto-Culver Co. v. Andrea Dumon, Inc.,* 466 F.2d 705 (7th Cir. 1972) is directly on point. In *Alberto,* the Seventh Circuit determined that a Plaintiff's good faith effort to enforce non-protectable elements of a valid copyright for a feminine hygiene product label were "not the kind of exclusionary conduct condemned by § 2 of the Sherman Act." *Alberto-Culver Co. v. Andrea Dumon, Inc.,* 466 F.2d 705, 711 (7th Cir. 1972). Here, in dismissing MFB's copyright claim, the Court did not rule on the validity of the copyright as a whole. Under, 17 U.S.C. § 410, a registered copyright is presumed valid if the copyright is registered "before or within five years after first publication of the work." MFB had an objectively reasonable basis to enforce its registered copyright.

Action Care's allegations that "MFB submitted the DMCA Takedown Notice and initiated this litigation due to a specific intent to monopolize the U.S.-based market for in-home ovulation test strips that measure PdG" (Dkt. 53, ¶ 90) and that MFB "effectively drove Action Care out of the marketplace" (Id. at ¶ 97) are illogical. MFB has not made any attempt to withdraw any of its claims in this lawsuit. No reasonable litigant would continue to pursue claims if the goal of the litigation had already been accomplished.

Action Care heavily relies on *Avnet, Inc. v. Motio, Inc.,* No. 12 C 2100, 2015 WL 5307515, at *3-8 (N.D. Ill. Sept. 9, 2015) in support of its sham petitioning arguments. However, *Avnet* is distinguishable. In *Avnet,* the defendant alleged that the plaintiff procured a patent through fraudulent conduct "including the use of incomplete search terms, incomplete disclosures, false and misleading statements, and fraudulently doctored chat logs." As stated above, Action Care has not sufficiently alleged a claim that would affect the validity of MFB's PROOV trademark.

- 13 -

## IV.  CONCLUSION

For the foregoing reasons, MFB respectfully requests that the Court deny Action Care's motion for leave to answer, affirmative defenses, and counterclaims because its proposed amendments are insufficient to state claims for relief and are futile.

Respectfully submitted,

_____/s/  Dean D. Niro_____
Dean D. Niro (ARDC # 6208064)
Arthur A. Gasey (ARDC # 6210605)
Nicholas D. Niro (ARDC # 6345897)
VITALE, VICKREY, NIRO, SOLON & GASEY LLP
311 S. Wacker Dr., Suite 2200
Chicago, IL 60606
Tel.: (312) 236-0733
Fax: (312) 236-3137
dniro@vvnlaw.com
gasey@vvnlaw.com
nniro@vvnlaw.com

Gary I. Blackman (ARDC # 6187914)
Erin M. Mayer (ARDC # 6313447)
LEVENFELD PEARLSTEIN, LLC
130 N. Riverside Plaza, Suite 1800
Chicago, IL 60606
Tel.: (312) 346-8380
Fax: (312) 346-8434
gblackman@lplegal.com
emayer@lplegal.com

*Attorneys for Plaintiff,*
*MFB Fertility, Inc.*