# EXHIBIT A

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MFB FERTILITY INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:23-cv-17000 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| WONDFO USA CO., LTD., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>DEFENDANT WONDFO USA CO., LTD.'S MOTION TO DISMISS</u>**

Defendant Wondfo USA Co., Ltd. ("Wondfo"), by and through its undersigned counsel, respectfully moves this Court for an Order dismissing Plaintiff MFB Fertility Inc.'s ("MFB") Complaint in its entirety and with prejudice under Federal Rule of Civil Procedure 12(b)(6).

**I.  INTRODUCTION**

MFB continues to abuse the litigation process in an attempt to preserve its monopoly over the market for a particular type of fertility test. Its tactic is simple: every time a competitive product appears in an online marketplace, MFB issues a DMCA takedown notice, requiring the platform to remove the listing. To keep the competing product out of the market, MFB must follow up with a copyright infringement lawsuit. That is the genesis of this claim, in which MFB argues Wondfo has infringed upon its copyright over instructions for using a fertility test. This claim is not the first to allege that a competitor has infringed upon a copyright for the same set of instructions. *See*, *e.g.*, *MFB Fertility, Inc. v. Action Care Mobile Veterinary Clinic, LLC*, Case No. 1:23-CV-03854 (N.D. Ill.); *MFB Fertility, Inc. v. Easy Healthcare Corp.*, Case No. 1:23-CV-07833 (N.D. Ill.). Judge Leinenweber recently dismissed one such claim, explaining that MFB does not hold a monopoly over text necessary to describe to a consumer how to use a product. *See Action Care* at

Docket No. 35, pp. 9-10.[1] MFB's similar copyright infringement claim in this action should be dismissed, with prejudice.

MFB and Wondfo manufacture pregnanediol (PdG) urine test strips, an ovulation confirmation test designed to assist customers with fertility. Certain facts are true about both MFB's tests and Wondfo's tests, including: they should be used with first morning urine, should be used immediately after being removed from the packaging, provide accurate results between five and ten minutes after use, show a positive result via one line and a negative result via two pink lines, can be affected by alcohol or medications, should not be swallowed, should be kept out of reach of children, and should not be used after their expiration date. MFB accuses Wondfo of copyright infringement for explaining these facts in its product instructions. (*See* Complaint ¶¶ 29–43.) MFB also accuses Wondfo of infringing its putative copyright to an informative graph showing the results of public studies regarding hormone levels during the ovulation cycle. (*See id*. ¶¶ 44–45.) However, none of the factual content asserted by MFB is protectable under copyright law. MFB does not hold a monopoly over the methods for proper use of PdG test products—in fact, the inclusion of such information is required under FDA regulations governing the sale of such products. Accordingly, MFB's Complaint should be dismissed in its entirety.

## II. ARGUMENT

MFB alleges that Wondfo copied MFB's instructions for use and a graph showing the results of research studies. MFB's copyright infringement claim must be dismissed because the instructions and accompanying graph at issue are not protectable works.

---

[1] Notably, MFB's motion to dismiss Action Care's counterclaim alleging that MFB knowingly and materially misrepresented to Amazon that Action Care's content infringed on its copyrights was denied. *Id*. at pp. 11-12.

To state a claim for copyright infringement, "a plaintiff must prove (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original." *Incredible Technologies, Inc. v. Virtual Technologies, Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). In copyright infringement cases, a court may dismiss under Rule 12(b)(6) when a plaintiff's complaint fails to establish a plausible basis for copyright infringement. *O'Leary v. Books*, 2008 WL 3889867, at *2 (N.D. Ill. 2008) (granting motion to dismiss where plaintiff failed to establish infringement); *Theotokatos v. Sara Lee Pers. Prods.*, 971 F. Supp. 332, 343 (N.D. Ill. 1997) (same); *see also Peters v. West*, 692 F.3d 629, 636 (7th Cir. 2012) (same).

As a threshold matter, this Court must first determine the extent of Plaintiff's copyrightable information in the asserted materials:

> [A] side-by-side comparison [of the allegedly infringing and original works] is really not the right one to make. Rather, the trick is to begin with the allegedly aggrieved work in one hand and nothing in the other hand and ask "Is it copyrightable? And if so, in what respect? To what extent?" Those limiting questions define whether a comparison need to be made at all and, if so, also defines the universe for such a comparison.

*Sassafras Enterprises, Inc. v. Roshco, Inc.*, 889 F. Supp. 343, 348 (N.D. Ill. 1995) (footnotes omitted); *Francorp, Inc. v. Siebert*, 210 F. Supp. 2d 961, 965 (N.D. Ill. 2001). Stated otherwise, in determining copyright infringement, "unprotected, or unprotectable, elements of the work in question, even those that 'are most significant and most clearly similar,' are not taken into account." *Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc.*, 975 F. Supp. 2d 920, 927 (N.D. Ill. 2013) (quoting *Incredible Techs.*, 400 F.3d at 1012); *Meynart-Hanzel*, No. 17 CV 6308, at *16 ("The Court first considers certain elements and features of creative works that are excluded from protection.").

"It is axiomatic that copyright protects expression, not ideas." *Francorp, Inc.*, 210 F. Supp. 2d at 965. Further, "[b]ecause no person can claim original conception of facts, they are excluded from copyright protection." *Publications Int'l, Ltd. v. Meredith Corp.*, 88 F.3d 473, 479 (7th Cir. 1996). Consequently, to be protectable, a copyrightable work must possess "some minimum indicia of creativity," and that it is the "original intellectual conceptions of the author." *Id.* (citation omitted). Indeed, "the mere fact that a work is copyrighted does not mean that every element of the work may be protected . . . copyright protection may extend only to those components of a work that are original to the author." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 348 (1991). Assuming for purposes of this Motion that MFB actually owns a valid copyright in the use instructions, MFB's claim fails because the works at issue are not protectable.

### 1. MFB has no protectible claim in its instructions.

The Seventh Circuit has held that a work is not subject to copyright protection where its content is dictated by utilitarian concerns separate from the author's creativity. *Incredible Techs.*, 400 F.3d at 1013-14 (affirming decision that instructions for maneuvering track ball on video game were "utilitarian explanations of that system and are not sufficiently original or creative to merit copyright protection") (emphasis supplied); *Sassafras Enters., Inc.*, 889 F. Supp. at 346-47 (holding that instructional pamphlet concerning use and care of pizza stone lacks originality and is not copyrightable as the content is dictated by and flows from "the characteristics and intended use of the product, not from the imagination of any independent author") (emphasis supplied). As such, "a copyright owner can't prove infringement by pointing to features of his work that are found in the defendant's work as well but that are so rudimentary, commonplace, standard or unavoidable that they do not serve to distinguish one work within a class of works from another." *Bucklew v. Hawkins, Ash, Baptie & Co.*, 329 F.3d 923, 929 (7th Cir. 2003).

***First***, the instructions to which MFB claims a copyright (regarding "Storage & Stability," "Precautions," Instructions for Use," and "Frequently Asked Questions [Regarding Use]") are entirely dictated by how the end user would store and use MFB's product and not by MFB's creativity. Originality is a requirement for copyright protection. *Feist*, 499 U.S. at 345. "Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Id*. Here, the use instructions are not original, creative works, and therefore are not protectable. *See Sassafras Enters., Inc*., 889 F. Supp. at 346- 47 ("To the extent . . . booklet and pamphlet concern the use and care of [product], they lack originality in both respects and are therefore noncopyrightable. Nothing in the selection and arrangement of that information exhibits the requisite level of skill and discretion, and the particular language chosen is not marked by a legally cognizable level of originality. Cleaning and other instructions dictate themselves and flow from the characteristics and intended use of the product, not from the imagination of any independent author. Recipes fall into the same category for the same reasons. And the other content must also be denied copyright status.").

Indeed, instructions regarding the proper storage and use of a progesterone strip can only be expressed in so many ways, rendering any expressions of such ideas unprotectable. "If an idea or procedure can be expressed in only a few ways, it is easy to copyright every form in which the idea can be expressed, indirectly protecting the idea itself." *Design Basics, LLC v. Signature Constr., Inc.*, 994 F.3d 879, 889 (7th Cir. 2021). In such circumstances, the idea "merges" with the expression, and the expression is deemed unprotectable. *Id*. This principle, known as the merger doctrine, requires courts to identify the idea that the work expresses, and then conduct an

analysis to determine whether the idea and expression are essentially inseparable. *See id*. at 889–90.

The ubiquitous and utilitarian nature of the phrases over which MFB claims protection demonstrates the aptness of the merger doctrine in this case. A finding that phrases such as "[s]tore tests at room temperature," "[k]eep away from direct sunlight, moisture, and heat," "do not freeze" "[d]o not swallow," "use immediately after opening pouch," or "[k]eep out of reach of children," among others, are protectable would allow MFB to claim copyright infringement and exert an effective monopoly against countless manufacturers even in industries in which it does not compete. Similarly, there are only so many ways to express that a test should be used with first morning urine, should be used immediately after being removed from the packaging, provides accurate results between five and ten minutes after use, shows a positive result via one line and a negative result via two pink lines, and can be affected by alcohol or medications, etc. These facts dictate themselves and flow from the characteristics and intended use of the product. They are not creative expressions protected by copyright.

***Second***, the instructions for a progesterone strip, how it works, when to use it, how to use it, how to interpret the results, how to store it, precautions, and frequently asked questions are rudimentary, commonplace, standard or unavoidable *scènes à faire* for any instruction manual for a similar health test. Under the doctrine of *scènes à faire*, the Copyright Act does not protect "elements of a work that are 'indispensable, or at least standard, in the treatment of a given topic.'" *Lexington Homes*, 858 F.3d at 1102 (quoting *Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 102 (2d Cir. 2014)). Copyright owners cannot rely on features that are "so rudimentary, commonplace, standard, or unavoidable that they do not serve to distinguish one work within a class of works from another." *Bucklew v. Hawkins, Ash, Baptie & Co*., 329 F.3d 923, 929 (7th Cir. 2003).

6

Taking these factors together, the aspects of MFB's instructions that it alleges were copied are not protectable works of art entitled to copyright protection. In fact, as referenced above, another court in this District dismissed copyright claims by MFB based on the ***same instructions for use*** asserted in this case, because a manufacturer "does not hold a monopoly" over "descri[ptions] to the consumer how to use a product[.]" *MFB Fertility, Inc. v. Action Care Mobile Veterinary Clinic, LLC*, Case No. 1:23-CV-03854, Dkt. No. 35 (Apr. 22, 2024) (quoting *ABRO Industries, Inc. v. 1 NEW Trade, Inc.*, 2017 WL 4954698, at *1 (N.D. Ind. Oct. 30, 2017)).

***Third***, as noted in the *Action Care* opinion, Wondfo "would ostensibly be required to violate the FDA's labeling requirements for in vitro diagnostic products to bypass MFB's copyright." *Id*. at p. 10. The FDA requires that such products include "a statement of warnings or precautions, as well as '[i]nstructions for a simple method by which the user can reasonably determine that the product meets its appropriate standards." *Id.* (quoting 21 C.F.R. § 809.10). The FDA further requires, among other things, "appropriate storage instructions adequate to protect the stability of the product . . . [which] include such information as conditions of temperature, light, humidity, and other pertinent factors." 21 C.F.R. § 809.10(a)(5). "This functional, regulated language is precisely the 'expression' that MFB improperly claims intellectual property over." *Action Care* at p. 11. As MFB would have it, a competitor could not comply with FDA regulations without being liable for copyright infringement—this cannot be the law. *Id*. ("the originality requirement for copyright protection may not be met when disclosures are made to adhere to legislation," citing *Feist Publ'n, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991).)

### 2. Wondfo's instructions do not infringe upon MFB's copyright.

Even if MFB's instructions for use are protectable (they are not), Wondfo's instructions are not sufficiently similar enough to MFB's instructions to infringe. Only "identical copying"

7

will give rise to an infringement claim in such instances, and an allegation that a work is "substantially similar" is not enough. *Incredible Techs., Inc.*, 400 F.3d at 1013; *see also Sassafras Enters., Inc.*, 889 F. Supp. At 347 ("Factual works are different. Subsequent authors wishing to express the ideas contained in a factual work often can choose from only a narrow range of expression. . . . Just about any subsequent expression of [a factual] idea is likely to appear to be a substantially similar paraphrase of the words with which plaintiff expressed the idea." (quoting 1 M. Nimmer, Nimmer on Copyright, § 2.11[A]-[B] (1968)).

MFB alleges only that portions of Wondfo's instructions are "substantially similar" to its own. (Complaint at ¶¶ 28, 29, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 45, 54, 55.) While some excerpts from Wondfo's instructions share the same or similar wording as MFB's instructions (as can be expected as standard or unavoidable *scènes a faire*), the instructions as a whole also differ in many ways. For instance, even the following excerpts specifically identified by MFB are demonstrably different:



(Complaint ¶ 34.)



(*Id.* ¶ 35.)



(*Id.* ¶ 36.)

These differences, and more, speak to MFB's overreach: it is clear that MFB is attempting to claim a copyright to unprotectible *ideas* and not any act of creativity. MFB's claim for infringement as to the use instructions should be dismissed.

### 3. MFB has no protectable interest in the accompanying graph.

MFB's claim for copyright infringement as to the "ovulation cycle phases" graph in the two inserts should similarly be dismissed. The Seventh Circuit has held that such text and graphics based on factual data do not qualify for protection as they fail to meet the minimum standards of originality required for copyright protection. *See Incredible Techs., Inc.*, 400 F.3d at 1013 (holding that graphical instructions were not creative expressions worthy of copyright protection); *Seng-Tiong Ho v. Taflove*, 648 F.3d 489 (7th Cir. 2011) (holding that equations, figures, and text used to express atomic model were not subject to copyright, absent evidence that model could be

expressed by equations, figures, and text other than those used by model's originators); *see also Baker v. Selden*, 101 U.S. 99, 103 (1879) (a copyright on a work of mathematical science would not give the author any exclusive rights in the diagrams used to explain the underlying method).

MFB's graph conveys factual data (i.e., hormone levels at various ovulation cycle phases). Wondfo's graph simply conveys that same factual data. Given the inseparable nature of the factual data conveyed in the graphics and the utilitarian functions of the graphics, none of MFB's graphics are protectable. *See Incredible Techs., Inc.*, 400 F.3d at 1013; *Seng-Tiong Ho*, 648 F.3d 489 (7th Cir. 2011).

Moreover, even if certain elements of the graph are protectible, the two graphs are not substantially similar. Substantial similarity is determined by examining "whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectable expression by taking material of substance and value." *Incredible Techs., Inc.*, 400 F.3d at 1011. As evident on its face, the colors, shapes, design, and other elements are different and therefore, no actionable claim exists regarding any alleged copying of the graph:

11



(Complaint ¶ 44.) In other words, setting aside the elements of the graphs that are necessary to show the underlying factual data (e.g., the title, curves, and labels), the graphs, at best, share a slight similarity in the selection of (different shades of) a few colors, which certainly cannot be considered any "material of substance and value." *Incredible Techs., Inc.*, 400 F.3d at 1011..

V.  CONCLUSION

Wherefore, for the foregoing reasons, Defendant Wondfo USA Co., Ltd. respectfully requests that this Court dismiss each of Plaintiff's claims with prejudice under Federal Rule of Civil Procedure 12(b)(6). Wondfo also respectfully requests that the Court award any and all further relief that it deems just and necessary.

Dated: May 8, 2024                                     Respectfully submitted,


                                                        */s/ Abram I. Moore*
                                                        Abram I. Moore
                                                        AMoore@Venable.com
                                                        Nelson M. Hua
                                                        NMHua@Venable.com
                                                        **VENABLE LLP**
                                                        227 West Monroe Street, Suite 1900
                                                        Chicago, IL 60606
                                                        Telephone: (312) 820-3400
                                                        Facsimile: (312) 820-3401

                                                        *Counsel for Defendant Wondfo USA Co., Ltd.*

13

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 8, 2024, the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF System, which will send an electronic copy of the foregoing to counsel of record and constitutes service pursuant to Local Rule 5.9 of the Northern District of Illinois.

*/s/ Abram I. Moore*
Abram I. Moore