IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| MFB FERTILITY INC., | ) | |
| | ) | Case No. 1:23-cv-03854 |
| Plaintiff/Counter-defendant | ) | |
| | ) | |
| v. | ) | Hon. Harry D. Leinenweber |
| | ) | Magistrate-Judge Gabriel A. Fuentes |
| ACTION CARE MOBILE VETERINARY CLINIC, LLC, | ) ) | |
| | ) | |
| | ) | JURY DEMAND |
| Defendant/Counter-plaintiff. | ) | |

**JOINT DISCOVERY STATUS REPORT**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Minute Order dated August 27, 2025 (Doc. No. 67) which directed the parties to file a Joint Status Report by noon on September 5, 2025, Plaintiff/Counter-defendant MFB Fertility Inc. ("Plaintiff" or "MFB") and Defendant/Counter-plaintiff Action Care Mobile Veterinary Clinic, LLC ("Defendant" or "Action Care") respectfully submit the following joint status report:

**1. Description of Claims and Relief Sought**

**Plaintiff's Position**

MFB has brought claims of Federal Trademark Infringement under 15 U.S.C. § 1114. Specifically, Plaintiff has asserted that the Defendant has without authorization copied or otherwise imitated the PROOV® trademark, U.S. Registration No. 5,662,245, in connection with selling, distributing, and advertising Defendant's products and applications. Plaintiff has asserted

that Defendant's use of the "OVUPROOF" name has caused likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of the Action Care products and applications. Plaintiff seeks to recover the following categories of monetary damages under the Lanham Act: (1) disgorgement of the defendant's profits; (2) actual damages, (3) reasonable royalty, (4) attorneys' fees in exceptional cases, and (5) costs. See 15 U.S.C. § 1117(a). Plaintiff also seeks the entry of an injunction prohibiting the use of the "OVUPROOF" name. See 15 U.S.C. § 1116.

MFB denies Action Care's allegation that MFB violated 17 U.S.C. § 512(f) by knowingly making material misrepresentations in a DMCA takedown notification. MFB further challenges Action Care's Sherman Act claim, alleging attempted monopolization in violation of 15 U.S.C. § 2. (Doc. Nos. 37 and 56) and denies that Action Care is entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505 related to the copyright claim.

**Defendant's Position**

Action Care denies that it has engaged in any conduct in violation of any provision of the Lanham Act, and Action Care specifically maintains that there is no likelihood of consumer confusion between MFB's "PROOV" mark and Action Care's "OVUPROOF" mark. Further, Action Care petitions the Court under 15 U.S.C. § 1064 to cancel MFB's registration for the "PROOV" mark, because Action Care alleges that MFB's mark consists of solely a phonetic equivalent of a generic or descriptive term with respect to the parties' products. Action Care has also alleged in a currently pending proposed amended counterclaim that MFB's registration for the "PROOV" mark should be cancelled on the independent grounds that MFB has submitted willful false statements to the USPTO as part of MFB's declaration of incontestability for the "PROOV" mark. Action Care maintains that, at a minimum, such false submission must result in

a revocation of the incontestable status granted by the USPTO to MFB's registration for the "PROOV" mark.

Action Care further alleges that MFB violated 17 U.S.C. § 512(f) by knowingly making material misrepresentations in a DMCA takedown notification. According to Action Care, such DMCA takedown notification also contained false statements relating to subject matter not covered by the Copyright Act, resulting in Action Care's defamation *per se* and defamation *per quod* claims. In addition, Action Care claims that MFB tortiously interfered with Action Care's prospective economic advantage by abusing the DMCA notice-and-takedown protocol. Such alleged abuse for improper, anticompetitive purposes also serves as the basis for Action Care's proposed Sherman Act claim, alleging attempted monopolization in violation of 15 U.S.C. § 2. Action Care seeks all available remedies for such counterclaims.

In addition, Action Care claims that Action Care's success against MFB's copyright infringement claim at the motion-to-dismiss stage entitles Action Care to related attorneys' fees and costs pursuant to 17 U.S.C. § 505. In addition, Action Care claims that Action Care should be awarded attorneys' fees and costs pursuant to 17 U.S.C. § 512(f) and 15 U.S.C. § 15. To the extent that the Court finds this case to be exceptional in favor of Action Care, Action Care would also seek attorneys' fees on the basis of 15 U.S.C. § 1117(a).

**Procedural Posture**

On May 7, 2025, Defendant filed a Motion for Leave to File Action Care's First Amended Answer, Affirmative Defenses, and Counterclaims ("Amended Counterclaims") to add certain counterclaims against MFB and requesting that the Court take judicial notice of certain information. This Motion is fully briefed and awaiting ruling.

2. **Referral Cases**

   Pursuant to Local Rule 72.1, this case was referred to the calendar of Honorable Gabriel A. Fuentes on June 13, 2025, for the purpose of holding proceedings related to discovery scheduling and any settlement conference the parties may request. (Doc. No. 60).

3. **Discovery Schedule**

   On September 4, 2025, Plaintiff served the following discovery:

   - Plaintiff's First Set of Requests to Admit to Defendant
   - Plaintiff's First Set of Interrogatories to Defendant
   - Plaintiff's First Requests for Production to Defendant
   - Notice of 30(b)(6) Deposition of Defendant for October 23, 2025
   - Notice of Deposition of Diane Krasznay October 24, 2025

   Defendant has not served any discovery to date.

4. **Proposed Discovery Schedule.**

   a. **Deadline for Rule 26(a)(1) Disclosures:**

   The parties will exchange Rule 26(a)(1) disclosures by **September 19, 2025**.

   b. **Deadline for Defendant to Issue Written Discovery:**

   Defendant will issue its initial written discovery requests, if it so desires, on or before **October 3, 2025**.

   c. **Proposed Discovery Status:**

   The parties propose that they return for a status on discovery before setting further discovery deadlines for the reason that until the Rule 26 disclosures are made and until initial written discovery requests have been responded to, it is difficult for the parties to determine, at this point in time, exactly what third-party discovery or depositions (beyond the principals) is necessary. Moreover, a ruling by the District Court on Defendant's motion for leave to file an amended complaint may affect the nature of the discovery required.

The parties propose that a discovery-related status hearing be held on or after **November 4, 2025.**

Dated: September 5, 2025

                                      Respectfully submitted,

                                      */s/ Gary I. Blackman*

Gary I. Blackman (gblackman@lplegal.com)
LEVENFELD PEARLSTEIN, LLC
120 N. Riverside Plaza, Suite 1800
Chicago, IL 60606
Tel.: (312) 346-8380

Dean D. Niro (dniro@vvnlaw.com)
Arthur A. Gasey (gasey@vvnlaw.com)
Nicholas D. Niro (nniro@vvnlaw.com)
Vitale, Vickrey, Niro, Solon & Gasey LLP
311 S. Wacker Drive, Suite 2470
Chicago, IL 60606
(312) 236-0733
(312) 236-3137 Facsimile

***Attorneys for Plaintiff/Counter-defendant MFB Fertility Inc.***

                                      */s/ Ilya G. Zlatkin*

Ilya G. Zlatkin (ilya@zce.law)
ZLATKIN CANN ENTERTAINMENT
4245 North Knox Avenue
Chicago, IL 60641
Tel.: (312) 809-8022

***Attorney for Defendant/Counter-plaintiff Action Care Mobile Veterinary Clinic, LLC***

## CERTIFICATE OF SERVICE

      I, Gary I. Blackman, an attorney, hereby certify that on September 5, 2025, I caused a true and correct copy of the foregoing to be filed with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to all attorneys of record.

                                                      */s/ Gary I. Blackman*