THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MFB Fertility, Inc., <br><br> Plaintiff, <br><br> v. <br> Action Care Mobile Veterinary Clinic, LLC, <br><br> Defendant. | Case No. 1:23-cv-03854 <br><br> Dist. Judge John J. Tharp Jr. <br><br> Mag. Judge Gabriel A. Fuentes |

### ACTION CARE'S MOTION TO WITHDRAW AND AMEND ADMISSIONS TO MFB'S REQUESTS TO ADMIT PURSUANT TO RULE 36(b)

Defendant/Counter-plaintiff Action Care Mobile Veterinary Clinic, LLC ("Action Care" or "Defendant"), by its counsel, respectfully submits this motion filed in accordance with Rule 36(b) of the Federal Rules of Civil Procedure ("Motion") requesting that the Court permit Action Care to withdraw and amend technical admissions to Plaintiff/Counter-defendant MFB Fertility, Inc.'s ("MFB" or "Plaintiff") First Set of Requests to Admit ("MFB's Requests to Admit"). In support of this Motion, Action Care states as follows:

1. On September 4, 2025, MFB served Action Care with MFB's Requests to Admit, along with MFB's First Set of Interrogatories ("MFB's Interrogatories") and MFB's First Set of Requests for Production of Documents ("MFB's Requests to Produce").

2. On October 13, 2025, Action Care responded to MFB's Requests to Admit, MFB's Interrogatories, and MFB's Requests to Produce in a combined response document ("Combined Responses"). [*See* Exhibit A.] As part of Action Care's answers to the Requests to Produce, Action Care also shared responsive documentation via electronic file sharing software.

3. Rule 36 of the Federal Rules of Civil Procedure states at subparagraph (a)(3): "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and

1

signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court."

4. Given that MFB served MFB's Requests to Admit on September 4, 2025, the 30-day deadline for Action Care to have provided Action Care's answers to MFB's Requests to Admit was October 4, 2025, which was a Saturday. Action Care's Combined Responses, inclusive of responses to MFB's Requests to Admit, were provided to MFB on October 13, 2025 – nine days after the deadline. [*See* Ex. A, at 58–66].

5. Action Care concedes that its provision of answers to MFB's Requests to Admit were technically untimely, and that in the absence of an order from the Court to the contrary, such tardiness may result in the matters brought up in MFB's Requests to Admit being considered admitted by Action Care.

6. While Action Care's responses to MFB's Requests to Admit were technically speaking untimely, "Federal Rule of Civil Procedure 36(b) allows a court to permit withdrawal of deemed admissions 'if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party.'" *Simstad v. Scheub*, 816 F.3d 893, 899 (7th Cir. 2016); *see also*, *Mesich v. Woody*, No. 03 C 50410, 2005 WL 670534, at *1 (N.D. Ill. Mar. 22, 2005) ("A federal court has discretion to allow late responses to requests to admit under Rule 36 when: (1) the responding parties' 'delay was not caused by any lack of good faith' and (2) the 'untimely response will not unduly prejudice the requesting party.'") (quoting *In re Schwinn Bicycle Co.*, 190 B.R. 599, 617 (N.D. Ill. 1995).

7. "As with all discovery matters, the court enjoys significant discretion in ruling on a Rule 36(b) motion." *Rowe v. Papa John's Int'l, Inc.*, No. 23 CV 2082, 2025 WL 1399143 (N.D. Ill. May 14, 2025).

2

8. Action Care's nine-day delay in providing answers to MFB's Requests to Admit was not a result of any lack of good faith by Action Care but was rather a byproduct of seeking to ensure that Action Care's answers to MFB's Requests to Admit were as accurate and comprehensive as possible. As is evident from the Combined Responses, Action Care's answers to MFB's Requests to Admit carefully address each request, either admitting matters, denying matters, or qualifying answers with specificity regarding the portions that are admitted and which are denied or otherwise qualified. This comports with Rule 36. *See Rowe*, 2025 WL 1399143, at *2 ("Any denial must 'specifically deny' the matter and 'fairly respond to [its] substance.' If a party must 'qualify an answer or deny only a part of a matter,' the party must 'specify the part admitted and qualify or deny the rest.'") (quoting FED. R. CIV. P. 36(a)(4)).

9. Under Rule 36(b), the party moving to withdraw admissions "bears the burden to show that allowing movant to withdraw its admissions subserves the merits, and <u>the non-movant bears the burden of showing it would be prejudiced by a withdrawal</u>." *Rowe*, 2025 WL 1399143, at *2 (cleaned up) (emphasis added).

10. As is evidenced by Action Care's comprehensive answers to MFB's Requests to Admit, such responses would allow for the case to be adjudicated on the merits, rather than allowing admission of facts that either clearly contradict other evidence or otherwise require qualification. Specifically, MFB's Requests to Admit included 21 requests. Only Request No. 2 warranted an outright admission by Action Care. [*See* Ex. A, at 58]. Meanwhile, Requests No. 11, 12, and 20 merited categorical denials by Action Care. [*See id.*, at 62, 65]. All of the other Requests (No. 1, 3, 4, 5, 6, 7, 8, 9, 10, 13, 14, 15, 16, 17, 18, 19, and 21) merited specific qualification explaining partial admissions or partial denials. [*See id.*, at 58–66].

3

11. Meanwhile, the nine-day delay in providing Action Care's answers to MFB's Requests to Admit did not prejudice MFB in any manner. "Prejudice for Rule 36(b) purposes 'is not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case.'" *Rowe*, 2025 WL 1399143, at *3 (quoting *Blow v. Bijora, Inc.*, 855 F.3d 793, 800 (7th Cir. 2017)).

12. MFB served MFB's Requests to Admit before any scheduling order was even issued by the Court with respect to any portion of discovery. [*See* Dkt. 69 (issued Sept. 8, 2025)]. Action Care also provided its Combined Responses well before any additional scheduling by the Court of any deadlines for dispositive motions or even any deadlines for fact discovery other than written requests. [*See id*.]. There is absolutely no impact from such delay on MFB's ability to prove MFB's position.

13. Courts have regularly deemed it appropriate to grant such motions even when the delays in question were significantly longer. *See Mesich*, 2005 WL 670534, at *1 (granting such motion despite response being "approximately forty-five days late under the Rules."); *Simstad v. Schueb*, 816 F.3d 893, 899 (7th Cir. 2016) (finding that district court did not abuse its discretion in permitting defendants to withdraw their deemed admissions, even though the deadline was three years prior); *Blow v. Bijora, Inc.*, 855 F.3d 793, 799–800 (7th Cir. 2017) (finding that district court did not abuse its discretion in allowing retailer to amend its response to consumers' request for admissions during briefing on summary judgment).

Action Care therefore respectfully requests that the Court grant Action Care's Motion, allowing Action Care to withdraw and amend any technical admissions to MFB's Requests to Admit, and to answer MFB's Requests to Admit in the manner set forth in the Combined Responses.

Dated: December 2, 2025

Respectfully submitted,

**ZLATKIN CANN ENTERTAINMENT**

By: /s/ *Ilya G. Zlatkin*
Ilya G. Zlatkin
ZLATKIN CANN ENTERTAINMENT
4245 North Knox Avenue
Chicago, Illinois 60641
Tel: (312) 809-8022
Fax: (312) 809-6918
ilya@zce.law

*Attorney for Plaintiff Action Care Mobile Veterinary Clinic, LLC*