# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.4)
### Eastern Division

MFB Fertility Inc.

                                                            Plaintiff,

v.                                                                               Case No.: 1:23–cv–03854
                                                                              Honorable John J. Tharp Jr.

Action Care Mobile Veterinary Clinic, LLC

                                                            Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, December 19, 2025:

      MINUTE entry before the Honorable Gabriel A. Fuentes: The Court having previously granted the agreed motion for protective order (doc. # [76]), the Agreed Confidentiality Order in the form submitted by plaintiff is entered. Enter Agreed Confidentiality Order. The Court further notes that that addition to the language in Paragraph 7 of the Agreed Confidentiality Order entered today, the parties are advised that motions to seal will not be granted as to discovery documents filed with the Court unless the request complies with the common law of this Circuit. See Bond v. Utreras, 585 F.3d 1061, 1073 (7th Cir. 2009) (noting that public "has a presumptive right to access discovery materials that are filed with the court"); Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 545–46 (7th Cir. 2002) (stating that filed discovery documents "that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long–term confidentiality... In civil litigation only trade secrets, information covered by a recognized privilege (such as the attorney–client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of sexual assault) is entitled to be kept secret"); Union Oil Co. of Cal. v. Leavell, 220 F.3d 562, 567–68 (7th Cir. 2000) ("Many a litigant would prefer that the subject matter of a case... be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing."); Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945–46 (7th Cir. 1999) (warning courts not to allow parties "to seal whatever they want" and urging them to apply "a neutral balancing of the relevant interests" in connection with any good–cause determination presented by a motion to seal). Parties moving to seal are directed to review the foregoing case law, and any motion to seal will be taken by the Court as a certification that the movant has read the applicable case law and has ensured that it is making a good–faith argument that the document in question qualifies for sealing under the Seventh Circuit's stringent standards. Further, as to Paragraph 5(b)(7), this is a highly restrictive provision which prevents counsel even from showing designated material to a prospective witness during an interview or during deposition preparation, and the Court is open to a motion to lift or modify it as necessary, while under Paragraph 5(b)(9), the parties may reach their own agreement(s) to allow such use of designated material in this fashion. Mailed notice. (jn,)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.