# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MFB Fertility Inc., a Colorado Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2023-cv-03854 |
| | ) | |
| v. | ) | Dist. Judge John J. Tharp Jr. |
| | ) | |
| Action Care Mobile Veterinary Clinic, LLC, a Maryland limited liability company, | ) | Mag. Judge Gabriel A. Fuentes |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Plaintiff, MFB Fertility Inc. ("Plaintiff"), by its undersigned attorney, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby answers and objects to Action Care Mobile Veterinary Clinic, LLC ("Defendant") interrogatories as follows:

**PREFATORY STATEMENT**

1.      The following responses are made solely for the purposes of this proceeding. Each response is subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, and admissibility) which would require the exclusion of any statement contained herein if the Interrogatories were asked of, or if any statement contained herein were made by, a witness present and testifying in court. All such objections are reserved and may be interposed at the time of trial or any evidentiary hearing.

2.      The responses herein are given without prejudice to Plaintiff's right to subsequently supplement its responses to any Interrogatory.

3.      Plaintiff's response to a specific Interrogatory to which they have objected, shall not be construed as a waiver of any objection to the Interrogatory, including objections based on relevance. Plaintiff reserves the right to maintain such objections with respect to any further

inquiry or to the production of documents relating to such inquiry. Further, Plaintiff does not admit the characterization therein of any documents, facts, theories, or conclusions included or referenced in any Interrogatory.

4.      Any response by Plaintiff is subject to each of the General Objections set forth below.

## **GENERAL OBJECTIONS**

1.      Plaintiff objects to each and every Interrogatory to the extent that it may seek the disclosure of information or documents which are privileged or otherwise protected by law, including but not limited to information or documents protected by the attorney-client privilege and/or the work-product doctrine.

2.      Plaintiff objects to each and every Interrogatory to the extent that it seeks to impose requirements or obligations upon Plaintiff in addition to or different from those imposed by the Federal Rules of Civil Procedure.

3.      Plaintiff objects to each and every Interrogatory to the extent it seeks the identification of documents or other information outside of their possession, custody, or control.

4.      Plaintiff objects to each and every Interrogatory that seeks information that is non-public, or that constitutes or reflects commercially sensitive information, including information relating to product sales and pricing, identity of customers and/or suppliers, and reserve the right to make responses subject to a Protective Order.

## PLAINTIFF'S RESPONSES TO INTERROGATORIES

### INTERROGATORY 1:

Please identify and describe in detail how MFB uses the PROOV Mark in commerce, including but not limited to the specific products or services associated with the trademark, the marketing strategies employed, and the target demographics for these products or services.

**RESPONSE:** MFB uses the PROOV mark in commerce in connection with its line of fertility and hormone-testing products, including PROOV Confirm PdG, PROOV Predict LH, PROOV Reserve FSH, and related items. The mark appears on product packaging, digital platforms, and marketing materials directed to consumers seeking in-home fertility and hormone-tracking solutions.

### INTERROGATORY 2:

Please identify and describe any evidence, studies, or surveys conducted by MFB regarding consumer confusion between the PROOV Mark and the OVUPROOF Mark, including the methodology and results of such studies or surveys.

**RESPONSE:** MFB has not commissioned any formal survey or study regarding consumer confusion between the PROOV and OVUPROOF marks. However, in or around May 2023, MFB received several consumer inquiries indicating confusion between the two brands. Some consumers who had previously purchased PROOV products mistakenly believed they had again purchased PROOV when, in fact, they had purchased OVUPROOF products on Amazon. These incidents alerted MFB to potential confusion in the marketplace.

### INTERROGATORY 3:

Please explain the basis and decision-making process for submitting the Takedown Notice against Action Care, including the individuals involved in the decision and the specific content alleged to infringe MFB's rights.

**RESPONSE:** In late May 2023, after receiving reports of consumer confusion, MFB reviewed Action Care's "OvuProof" listing and packaging and observed multiple similarities to MFB's

3

PROOV listings, packaging, and website content. In consultation with counsel, MFB determined that the listing infringed MFB's intellectual-property rights and submitted a takedown notice through Amazon's Brand Registry process.

**INTERROGATORY 4:**

Please identify and describe all communications between you and any third party(ies) relating to Action Care, including the dates, participants, and content of such communications.

**RESPONSE:** Aside from communications with legal counsel and Amazon, MFB's only third-party communications concerning OvuProof were limited to responding to consumer inquiries around late May and early June 2023, advising those consumers that OvuProof products were not PROOV products and that MFB could not assist with results from non-PROOV tests. We suggested that they reach out to OvuProof directly if they had questions.

**INTERROGATORY 5:**

Please identify and describe all communications between you and any third party(ies) relating to Action Care's Amazon Listing, including the dates, participants, and content of such communications.

**RESPONSE:** Other than communications with Amazon and legal counsel, MFB's third-party communications concerning Action Care's Amazon listing consisted primarily of responding to limited consumer inquiries during late May and early June 2023, as described above.

**INTERROGATORY 6:**

Please describe in detail your process of determining whether and how Action Care's Amazon Listing infringed upon your copyright(s) prior to your submission of the Takedown Notification.

**RESPONSE:** MFB objects to this Interrogatory on the grounds that it cannot answer without disclosing attorney–client privileged communications. Without waiving that objection, and more generally, MFB purchased an OvuProof product from Amazon and compared its packaging, website content, and listing images and descriptions to those of PROOV. MFB identified numerous

4

similarities that supported a claim of infringement. Dr. Amy Beckley consulted with counsel regarding potential infringement issues. Following that consultation, MFB submitted a takedown notice through Amazon's Brand Registry process.

## INTERROGATORY 7:

Please itemize and describe the specific damages MFB claims to have suffered as a result of the acts and/or omissions of Action Care, including the method of calculation for each category of damages.

**RESPONSE:** MFB believes it lost sales as a result of consumer confusion between the PROOV and OvuProof listings on Amazon in May and June 2023. Based on available data, MFB made a preliminary estimate that its lost profits were at least several thousand dollars during the period that the infringing listing was active, based on the amount of Action Care's sales. Discovery is ongoing, and MFB reserves the right to supplement or refine its damages calculations.

## INTERROGATORY 8:

Please describe MFB strategies for maintaining its market position, including any actions taken against competitors, and identify any documents or communications related to these strategies.

**RESPONSE:** MFB objects to this Interrogatory in the grounds that it cannot answer it without disclosing attorney–client privileged communications, and as being vague, overbroad, and unduly burdensome. As stated it could conceivably require the identification of every document or communication since its inception that contributed to MFB's success. Moreover, MFB objects to this Interrogatory as it seeks information about every instance in which MFB has ever asserted any form of intellectual-property claim, regardless of type, time period, subject matter, or jurisdiction. The Interrogatory also seeks information that is confidential and commercially sensitive, including MFB's enforcement strategies and internal decision-making regarding third-party infringers, and is therefore not appropriate for disclosure to a competitor or former competitor. This case concerns only the PROOV mark and the defendant's use of the "OvuProof" mark, not MFB's unrelated IP

disputes with other parties. Without waiving these objection, MFB promotes the PROOV brand through advertising on Amazon, Google, and Meta and invests significantly in consumer education and brand awareness. MFB monitors online marketplaces for potential infringement of its intellectual-property rights and consults with its consul regarding same.

**INTERROGATORY 9:**

Please provide evidence supporting the distinctiveness and/or secondary meaning of the PROOV Mark, including any consumer recognition studies, advertising expenditures, and duration of use in commerce.

**RESPONSE:** MFB objects to this Interrogatory as being overbroad and unduly burdensome as it could conceivably require the identification of countless documents or communications since its inception that contributed to its "distinctiveness." Without waiving these objection, and among other things, MFB has used the PROOV mark continuously in U.S. commerce since 2018. The mark was developed as a coined, distinctive term intended to serve as a unique source identifier for MFB's fertility-testing products. Over years of consistent use and substantial advertising expenditures, consumers have come to associate the PROOV mark with MFB's products.

**INTERROGATORY 10:**

Please identify all third party(ies) that you would consider a competitor with respect to in-home ovulation tests measuring PdG that do not require the purchase of any products other than ovulation test strips.

**RESPONSE:** MFB is aware of other companies offering at-home PdG ovulation tests, including Wondfo, Femometer, Easy@Home, Carethetic, and others. This list is illustrative and not exhaustive.

**INTERROGATORY 11:**

Please identify and describe in detail your process of determining whether any merchant selling PdG ovulation tests infringed on any of your intellectual property rights.

**RESPONSE:** MFB objects to this Interrogatory as being overbroad (as each case is different) and

infringing on the attorney–client privilege. The Interrogatory also seeks information that is confidential and commercially sensitive, including MFB's enforcement strategies and internal decision-making regarding third-party infringers, and is therefore not appropriate for disclosure to an adverse competitor. Without waiving these objection, MFB reviews competing listings and packaging to determine whether they incorporate protected elements of MFB's intellectual property. This process generally involves, among other things, comparing overall presentation, branding, and marketing content to identify substantial similarities suggesting infringement, followed by consultation with counsel.

**INTERROGATORY 12:**

Please identify and describe any allegations of intellectual property infringement, including copyright infringement, other than in this litigation, which you have asserted against any third party(ies).

**RESPONSE:** MFB objects to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of this case, insofar as it seeks information about every instance in which MFB has ever asserted any form of intellectual-property claim, regardless of type, time period, subject matter, or jurisdiction. The Interrogatory also seeks information that is confidential and commercially sensitive, including MFB's enforcement strategies and internal decision-making regarding third-party infringers, and is therefore not appropriate for disclosure to a competitor or former competitor. This case concerns only the PROOV mark and the defendant's use of the "OvuProof" mark, not MFB's unrelated IP disputes with other parties.

**INTERROGATORY 13:**

For the period beginning on May 1, 2022 through May 6, 2023, please provide a detailed account of the financial performance of MFB's At-Home PdG Products, including without limitation, the following: (a) the total sales revenue for MFB's At-Home PdG Products; (b) gross and net profit figures for MFB's At-Home PdG Products; (c) any financial statements or reports reflecting profits generated by MFB from MFB's At-Home PdG Products; and (d) a breakdown of costs and expenses associated with generating these profits from MFB's At-Home PdG Products.

**RESPONSE:** MFB objects to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case, insofar as it seeks company-wide financial statements, cost data, or other financial information unrelated to the limited period of alleged infringement. MFB's damages are *limited* because following MFB's Amazon takedown notice, Action Care's "OvuProof" listing was promptly removed and Action Care has not resumed sales of that product and does not anticipate doing so at this time. As a result, and currently, any damages are confined to lost sales (based on Action Care's actual sales) arising from the brief period when the infringing listing was active. MFB further objects to the extent the Interrogatory seeks confidential and commercially sensitive information that is not relevant to the subject matter of this litigation.

## INTERROGATORY 14:

For the period beginning on May 7, 2023 through June 2, 2023, please provide a detailed account of the financial performance of MFB's At-Home PdG Products, including without limitation, the following: (a) the total sales revenue for MFB's At-Home PdG Products; (b) gross and net profit figures for MFB's At-Home PdG Products; (c) any financial statements or reports reflecting profits generated by MFB from MFB's At-Home PdG Products; and (d) a breakdown of costs and expenses associated with generating these profits from MFB's At-Home PdG Products.

**RESPONSE:** MFB objects to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case, insofar as it seeks company-wide financial statements, cost data, or other financial information unrelated to the limited period of alleged infringement. Based on information to date, MFB's damages are limited because following MFB's Amazon takedown notice, Action Care's "OvuProof" listing was promptly removed and  Action Care has not resumed sales of that product and does not anticipate doing so at this time.  As a result, and currently, any damages are confined to lost sales (based on Action Care's actual sales) arising from the brief period when the infringing listing was active. MFB further objects to the extent the Interrogatory seeks confidential and commercially sensitive information that is not relevant to the subject matter

of this litigation.

**INTERROGATORY 15:**

For the period beginning on June 3, 2023 through the present, please provide a detailed account of the financial performance of MFB's At-Home PdG Products, including without limitation, the following: (a) the total sales revenue for MFB's At-Home PdG Products; (b) gross and net profit figures for MFB's At-Home PdG Products; (c) any financial statements or reports reflecting profits generated by MFB from MFB's At-Home PdG Products; and (d) a breakdown of costs and expenses associated with generating these profits from MFB's At-Home PdG Products.

**RESPONSE:** MFB objects to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case, insofar as it seeks company-wide financial statements, cost data, or other financial information unrelated to the limited period of alleged infringement. Based on information to date, MFB's damages are limited because following MFB's Amazon takedown notice, Action Care's "OvuProof" listing was promptly removed and Action Care has not resumed sales of that product and does not anticipate doing so at this time. As a result, and currently, any damages are confined to lost sales (based on Action Care's actual sales) arising from the brief period when the infringing listing was active. MFB further objects to the extent the Interrogatory seeks confidential and commercially sensitive information that is not relevant to the subject matter of this litigation.

**INTERROGATORY 16:**

If you claim or will take the position in this litigation that any other person or entity is or should be liable or responsible for any part of the damages sought by Action Care, please identify the person(s) and entities, and describe each and every act, practice, and/or omission that you contend, or that you may or will contend, supports your position in this regard.

**RESPONSE:** Action Care.

**INTERROGATORY 17:**

Please identify and describe the evidence that you claim refutes any of the claims in the Counterclaims and the Amended Counterclaims.

**RESPONSE:** MFB objects to this Interrogatory as vague, overbroad, unduly burdensome, and premature,

as it seeks identification of "evidence" - a term that refers to materials presented at trial or in dispositive motions- before discovery is completed and before Plaintiff even knows what claims will be pursued against it. Discovery is ongoing, and MFB will respond in accordance with the Federal Rules of Civil Procedure at the appropriate stage of this case.

## INTERROGATORY 18:

Please identify and describe the evidence that you claim supports each affirmative defense alleged in any Answer to Counterclaims that you may file.

**RESPONSE:** MFB objects to this Interrogatory as vague, overbroad, unduly burdensome, and premature, as it seeks identification of "evidence" - a term that refers to materials presented at trial or in dispositive motions- before discovery is completed and before Plaintiff even knows what claims will be pursued against it. Discovery is ongoing, and MFB will respond in accordance with the Federal Rules of Civil Procedure at the appropriate stage of this case.

## INTERROGATORY 19:

If you claim that any of the information and/or documentation requested by you regarding Action Care's communications (if any) with the Food and Drug Administration falls within the scope of Fed. R. Civ. P. 26(b)(1), please provide the full basis supporting your claim(s), including the basis supporting your claim(s) that any such matter would be admissible in evidence in the present case, and the basis supporting your claim(s) that any such matter would be relevant to the parties' claims/defenses and proportional to the needs of the case considering the proportionality factors.

**RESPONSE:** MFB objects to this Interrogatory as vague, overbroad, unduly burdensome, and premature, as it seeks identification of "evidence" - a term that refers to materials presented at trial or in dispositive motions- before discovery is completed and before Plaintiff even knows what claims will be pursued against it. Discovery is ongoing, and MFB will respond in accordance with the Federal Rules of Civil Procedure at the appropriate stage of this case.

Dated: November 3, 2025

**MFB FERTILITY INC., A COLORADO CORPORATION**

By: */s/ Gary I. Blackman* _____
    One of Its Attorneys

Gary I. Blackman (ARDC # 6187914)
LEVENFELD PEARLSTEIN, LLC
120 S. Riverside Plaza, Suite 1800
Chicago, Illinois 60606
(312) 346-8380
(312) 346-8434 (Fax)
gblackman@lplegal.com

*Attorney for Plaintiff*

## <u>VERIFICATION BY CERTIFICATION</u>

I state under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing answers

are true and correct to the best of my knowledge, information, and belief.

MFB Fertility Inc., a Colorado Corporation

_____
By Amy Beckley, PhD,
Its Chief Executive Officer

<u>**CERTIFICATE OF SERVICE**</u>

I, Gary I. Blackman, an attorney, hereby certify that I caused a true and correct copy of the

foregoing **Plaintiff's Objections and Responses to Defendant's First Set of Interrogatories** to

be served upon the parties below via email on November 3, 2025.

> **Ilya Zlatkin**
> Zlatkin Cann Entertainment
> 4245 N Knox Ave
> Chicago, IL 60641
> 312-809-8022
> Fax: 312-809-6918
> Email: ilya@zce.law
>
> *Attorney for Defendant*


> _/s/  Gary I. Blackman_

13