Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MFB Fertility Inc., a Colorado Corporation, | ) |
| | ) |
| Plaintiff, | ) Case No. 2023-cv-03854 |
| | ) |
| v. | ) Dist. Judge John J. Tharp Jr. |
| | ) |
| Action Care Mobile Veterinary Clinic, LLC, a Maryland limited liability company, | ) Mag. Judge Gabriel A. Fuentes |
| | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiff MFB Fertility, Inc. ("MFB"), by and through its counsel, responds to Defendant Action Care's First Set of Requests for Production of Documents as follows. These responses are made pursuant to Federal Rules of Civil Procedure 26 and 34 and are subject to the objections and limitations stated herein. MFB reserves the right to supplement or amend these responses as discovery proceeds.

**PRELIMINARY STATEMENT**

1. Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

2. By making the accompanying responses and objections to Defendant's requests for documents and interrogatory, Plaintiff does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein

without in any way implying that it considers the requests and interrogatory, and responses to the requests and interrogatory, to be relevant or material to the subject matter of this action.

3. A response to a document request or interrogatory stating that objections and/or indicating that documents will be produced shall not be deemed or construed that there are, in fact, responsive documents, that Plaintiff performed any of the acts described in the document request, interrogatory, or definitions and/or instructions applicable to the document request or interrogatory, or that Plaintiff acquiesces in the characterization of the conduct or activities contained in the document request, interrogatory, or definitions and/or instructions applicable to the document request or interrogatory.

4. Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

5. Plaintiff will make available for inspection at Plaintiff's offices responsive documents. Alternatively, Plaintiff will produce copies of the documents.

6. Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

## **GENERAL OBJECTIONS**

7. Plaintiff objects to each instruction, definition, document request, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

8. Plaintiff objects to each document request and interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

9. Plaintiff objects to each document request to the extent that it calls for production of a privilege log for internal documents of Plaintiff. A request for such a log is unreasonable and unduly burdensome in light of the work product doctrine, governmental deliberative process privilege, and other privileges protecting such internal documents from discovery.

10. Plaintiff objects to each instruction, definition, document request, and interrogatory to the extent that it seeks documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

11. Plaintiff objects to each instruction, definition, document request, and interrogatory as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Defendant from Defendant's own files, from documents or information in Defendant's possession, or from documents or information that Defendant previously produced to Plaintiff.

12. Defendant's document requests and interrogatory call for the production of documents and information that were produced to the Plaintiff by other entities and that may contain confidential, proprietary, or trade secret information.

13. Plaintiff incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Plaintiff does not waive its right to amend its responses.

**RESPONSES TO REQUESTS FOR PRODUCTION**

1. All documents referred to in your Initial Disclosures served in this litigation.

RESPONSE: Responsive, non-privileged documents will be produced.

2. All documents relied upon by you to prepare your Initial Disclosures served in this litigation.

RESPONSE: Responsive, non-privileged documents will be produced.

3. All documents showing communications between you and any third party(ies) regarding Action Care's Amazon Listing.

RESPONSE: Responsive, non-privileged documents will be produced.

4. All non-privileged documents that refer or pertain to Action Care or Action Care's attorneys.

RESPONSE: Responsive, non-privileged documents will be produced.

5. All written or transcribed statements pertaining to this litigation.

RESPONSE: None exist.

6. All communications between you and any third party(ies) relating to and/or concerning the SEB Strips.

RESPONSE: MFB objects on the grounds that this Request is overly broad as it requests information unrelated to this matter. Without waving that objection, responsive, non-privileged communications relating to and/or concerning the SEB Strips sold by Action Care will be produced, to the extent they exist.

7. All communications between you and any third party(ies) relating to and/or concerning Action Care's Amazon Listing.

RESPONSE: Responsive, non-privileged documents will be produced.

8. All documents showing the manner in which you obtained and maintained the federal registration to the PROOV Mark.

RESPONSE: MFB objects to this Request as being vague (i.e., "manner in which") and overbroad,

4

as it essentially seeks every document relating to the prosecution or maintenance of the PROOV registration since its inception. The Request further seeks information that is publicly available in the USPTO's online records.

9. All documents and communications related to the use of the PROOV Mark, including but not limited to marketing strategies, advertising materials, and branding guidelines.

RESPONSE: MFB objects to this Request as overbroad, vague, and unduly burdensome as it essentially seeks every document relating to Plaintiff's business ("the use of the PROOV Mark") and seeks confidential commercial information regarding MFB's internal marketing, business strategies, and branding practices.

10. All documents and communications evidencing or relating to consumer confusion between the PROOV Mark and the OVUPROOF Mark.

RESPONSE: Responsive, non-privileged documents will be produced. Investigation continues.

11. All documents and communications regarding the basis and decision-making process for the Takedown Notice issued against Action Care.

RESPONSE: MFB objects to this Request as overbroad and vague ("decision-making process") and to the extent it seeks documents protected by the attorney-client privilege and/or work-product doctrine, including legal analyses or communications concerning potential infringement. Subject to and without waiving these objections, MFB will produce responsive, non-privileged documents.

12. All documents supporting or relating to the alleged damages claimed by MFB in connection with any acts and/or omissions involving Action Care.

RESPONSE: MFB's lost sales damages are based on the number of sales made by Action Care during the period when Action Care's listing was active. As such, its damages are based on information in the possession of Action Care (i.e., its sales). Investigation continues.

13. All documents and communications related to MFB's competitive practices and strategies against competitors, including but not limited to against Action Care.

RESPONSE: MFB objects to this Request as over broad, irrelevant, and vague (i.e., "competitive

5

practices and strategies") as it seeks confidential commercial information regarding MFB's internal marketing, business strategies, and branding practices as well as derived from attorney-client communications.

14. All documents and communications evidencing or supporting the distinctiveness and/or secondary meaning of the PROOV Mark.

RESPONSE: MFB objects to this Request as overbroad, vague, and seeking confidential and commercially sensitive marketing and financial information that is not proportional to the needs of this case. The Request also lacks reasonable temporal limits and, as drafted, could encompass every document ever referring to the PROOV brand. Without waiving these objections, MFB will produce representative, non-privileged documents.

15. All documents and communications related to any actions or strategies by MFB concerning efforts to increase market share in relation to PdG-based products.

RESPONSE: MFB objects to Request on the grounds that it vague, overbroad, and unduly burdensome. and also seeks information that is confidential and commercially sensitive, including MFB's enforcement strategies and internal decision-making regarding third-party infringers, and is therefore not appropriate for disclosure..

16. All documents supporting, relating to, and/or concerning each affirmative defense that you intend to allege in any Answer to Counterclaims that you may file in this litigation.

RESPONSE: MFB objects to this Request as overbroad, unduly burdensome, and premature, as it seeks identification or production of documents before discovery is completed and before Plaintiff knows what claims will be pursued against it (there remains pending a motion for leave to file an amended complaint). Discovery is ongoing, and MFB will respond in accordance with the Federal Rules of Civil Procedure at the appropriate stage of this case. Investigation continues.

17. All documents that you claim refute any of Action Care's claims in the Counterclaims or the Amended Counterclaims.

RESPONSE: MFB objects to this Request as overbroad, unduly burdensome, and premature, as it seeks identification or production of documents before discovery is completed and before Plaintiff knows what claims will be pursued against it (there remains pending a motion for leave to file an amended complaint). Discovery is ongoing, and MFB will respond in accordance with the Federal Rules of Civil Procedure at the appropriate stage of this case. Investigation continues

18. True and correct copies of each and every commercial policy of insurance naming you as named insured, including each and every primary and/or excess and/or "umbrella" policy(ies), and all communications with all insurance carriers regarding this lawsuit and/or the claims asserted herein, and/or coverage, including without limitation any reservation of rights letters. The insurance policies produced must include a complete copy of the policy, including all insuring agreements, addenda, exclusions, endorsements, conditions, and riders, etc.

RESPONSE: Responsive, non-privileged documents will be produced.

19. All documents that evidence, substantiate, support, and/or that relate to and/or concern each and every expense, deduction, and/or allocation that you contend you are entitled to take pursuant to 17 U.S.C. § 512(f) and 15 U.S.C. § 15.

RESPONSE: Objection for the reason that MFB is not claiming damages under these statutes.

20. All documents referred to or relied on in connection with your answers to any of Action Care's First Set of Interrogatories served by Action Care contemporaneously herewith.

RESPONSE: MFB objects to this Request as vague, overbroad, and seeking information protected by the attorney-client privilege. Without waiving said objection, responsive, non-privileged documents will be produced.

21. All documents relating to and/or concerning each and every protocol, program, procedure, and policy that you have ever had regarding the protection of MFB's intellectual property.

RESPONSE: MFB objects to this Request on the grounds that it is irrelevant, vague, overbroad as to time frame, and cannot be answered without disclosing attorney–client privileged communications.

22. All documents relating to and/or concerning your determination of whether and why Action Care's Amazon Listing purportedly violated MFB's copyright(s).

RESPONSE: : MFB objects to this Request as overbroad, unduly burdensome, premature, as it seeks identification or production of documents before discovery is completed and further would require the disclosure of attorney client communications. MFB will respond in accordance with the Federal Rules of Civil Procedure at the appropriate stage of this case.

Dated: November 5, 2025      **MFB FERTILITY INC., A COLORADO CORPORATION**

By: */s/ Gary I. Blackman*
         One of Its Attorneys

Gary I. Blackman (ARDC # 6187914)
LEVENFELD PEARLSTEIN, LLC
120 S. Riverside Plaza, Suite 1800
Chicago, Illinois 60606
(312) 346-8380
(312) 346-8434 (Fax)
gblackman@lplegal.com

*Attorney for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I, Gary I. Blackman, an attorney, hereby certify that I caused a true and correct copy of the foregoing **Plaintiff's Responses to Defendant's First Requests for Production of Documents** to be served upon the parties below via email on November 5, 2025.

> **Ilya Zlatkin**
> Zlatkin Cann Entertainment
> 4245 N Knox Ave
> Chicago, IL 60641
> 312-809-8022
> Fax: 312-809-6918
> Email: ilya@zce.law
>
> *Attorney for Defendant*

　　　　　　　　　　　　　　　　　　　　*/s/ Gary I. Blackman*