THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MFB Fertility Inc., | |
| Plaintiff, | Case No. 1:23-cv-03854 |
| v. | Dist. Judge John J. Tharp Jr. |
| Action Care Mobile Veterinary Clinic, LLC, | |
| Defendant. | Mag. Judge Gabriel A. Fuentes |

**ACTION CARE'S MOTION TO COMPEL COMPLETE AFFILIATE DISCLOSURES**

Defendant/Counter-plaintiff Action Care Mobile Veterinary Clinic, LLC ("Action Care" or "Defendant"), by its counsel, hereby moves this Court to enter an order requiring Plaintiff/Counter-defendant MFB Fertility Inc. ("MFB" or "Plaintiff") to comply with Local Rule 3.2 by disclosing all affiliates. In support of this Motion, Action Care states as follows:

**RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

1.      On December 19, 2023, six months after initiating this litigation, MFB filed a notification of affiliates that purportedly complies with Rule 7.1 of the Federal Rules of Civil Procedure and Local Rule 3.2. [Dkt. 28]. In such filing, MFB "states that after a diligent review, it has identified no affiliates." [*Id*.].

2.      Local Rule 3.2 applies to every civil case filed on or after January 3, 2022, which includes this case. Pursuant to Local Rule 3.2, "any nongovernmental party, other than an individual or sole proprietorship" must file a Notification of Affiliates. LR 3.2(b).

3.      "A Notification of Affiliates shall identify all of the party's affiliates known to the party after a diligent review; or state that after a diligent review the party has identified no affiliates." LR 3.2(c).

4.      For purposes of Local Rule 3.2, an "affiliate" means "any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party." LR 3.2(a).

5.      A party must file the Notification of Affiliates with its first appearance, pleading, petition, motion, response, or other request addressed to the Court, and supplement the statement within thirty days "of the party becoming aware of any change in the information reported." LR 3.2(d), 3.2(f). Each party also has an obligation to undertake good faith efforts to remain apprised of any relevant changes. LR 3.2(f).

6.      The only way in which a party can properly disclose that it has no affiliates in compliance with Local Rule 3.2 is if no individual or entity owns at least 5% of the party. Mathematically, that circumstance is possible only if there are more than 20 owners of a party, and only if no single owner has an interest in the party of at least 5%.

7.      Despite Action Care's multiple requests (as set forth in more detail below), MFB has not disclosed any affiliates, nor has it confirmed in writing to Action Care's counsel that MFB has a sufficient number of owners, each of whom owns less than 5% of MFB.

## PRE-FILING CONFERENCE CERTIFICATION

8.      Action Care, through its undersigned counsel, first informed MFB via email to MFB's counsel at the time, Dean Niro, of the likely deficiencies with MFB's Notification of Affiliates on September 2, 2025. [Declaration of Ilya G. Zlatkin, ¶ 3]. During such communication, Action Care's counsel further informed MFB's counsel that the information contained in the Notification of Affiliates would impact the discovery sought by Action Care. [*Id*.]. No response regarding the matter was received from Mr. Niro. [*Id*. ¶ 4].

9. After MFB's attorney Gary Blackman again filed an appearance in the case and Mr. Niro withdrew, Action Care's counsel informed Mr. Blackman regarding the same deficiency with respect to the notification of affiliates via email on September 5, 2025. [*Id*. ¶ 5].

10. Not having received any response regarding the matter, Action Care's undersigned counsel again requested an answer on the issue via email on September 25, 2025. [*Id*. ¶ 6]. No relevant response was provided. [*Id*.].

11. Still not having received any response regarding the matter, Action Care's undersigned counsel again requested an answer on the issue via email on December 22, 2025. [*Id*. ¶ 7]. No relevant response was provided. [*Id*.].

12. In addition to the email correspondences referenced above, the parties' respective counsel discussed the matter via telephone on January 8, 2026. [*Id*. ¶ 8]. At the time, MFB's counsel told Action Care's counsel that no motion to compel would have to be filed for MFB to disclose the requested information. [*Id*.]. Nevertheless, to date, MFB has not made any updated disclosures or other filings that would serve to address the presumed deficiency.

## ADDITIONAL CONSIDERATIONS

13. Despite the fact that MFB is based in Colorado and that Action Care is based in Maryland, MFB *chose* this District as the forum for this litigation. MFB should have to comply with all Local Rules of this District.

14. In addition to consistent prompting by Action Care as to the importance of complying with Local Rule 3.2, the Court has issued annual reminders about the importance of compliance with Local Rule 3.2. [*See* Dkt. 29; Dkt. 49; Dkt. 83].

**WHEREFORE**, Action Care therefore respectfully requests that the Court grant Action Care's Motion and order MFB either (i) to file an updated certification of affiliates that accurately

3

identifies all entities and individuals who qualify as MFB's affiliates, as defined in Local Rule 3.2, or (ii) to file a certification that MFB has over 20 owners, none of whom own at least 5% of MFB.

Dated: February 13, 2026

Respectfully submitted,

**ZLATKIN CANN ENTERTAINMENT**

By: /s/ *Ilya G. Zlatkin*
Ilya G. Zlatkin
ZLATKIN CANN ENTERTAINMENT
4245 North Knox Avenue
Chicago, Illinois 60641
Tel: (312) 809-8022
Fax: (312) 809-6918
ilya@zce.law

*Attorney for Plaintiff Action Care Mobile Veterinary Clinic, LLC*