## THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

MFB Fertility Inc.,

Plaintiff,

v.

Action Care Mobile Veterinary Clinic, LLC,

Defendant.

Case No. 1:23-cv-03854

Dist. Judge John J. Tharp Jr.

Mag. Judge Gabriel A. Fuentes

### DECLARATION OF ILYA G. ZLATKIN

I, Ilya G. Zlatkin, of Lake County, Indiana, declare as follows:

1.      I am an attorney and represent Defendant/Counter-plaintiff Action Care Mobile Veterinary Clinic, LLC ("Defendant" or "Action Care") in connection with the above-captioned lawsuit. I am admitted to practice before all Illinois state courts, all Indiana state courts, the U.S. District Court for the Northern District of Illinois, and the U.S. District Court for the Northern District of Indiana. I am in good standing with all of those courts and have never been subject to professional disciplinary proceedings of any kind.

2.      This Declaration is submitted to supplement Action Care's Motion for Court Approval to Use Skribe.AI for Depositions and to Compel Deposition of Dr. Amy Beckley Using Skribe.AI ("Discovery Motion") filed against Plaintiff/Counter-defendant MFB Fertility Inc. ("Plaintiff" or "MFB") and to convey Action Care's compliance with Local Rule 37.2. Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify to the assertions contained in this Declaration.

3.      On May 1, 2026, in addition to continuing to seek to accommodate the availability of Dr. Beckley and MFB's counsel, I informed MFB's counsel Gary Blackman ("Blackman") and

1

Patrick Moran ("Moran") that Action Care intended to conduct the deposition of Dr. Beckley using Skribe.AI ("Skribe").

4. Not having received any response by May 16, 2026. I proceeded to issue a notice of deposition for June 9, 2026.

5. After accounting for scheduling conflicts cited by Moran, on May 20, 2026, I reissued a notice of Beckley's deposition for June 22, 2026, again stating that the deposition of Beckley would be conducted using Skribe.

6. A true and correct copy of such correspondence relating to the scheduling of Beckley's deposition is attached hereto as **Exhibit A**.

7. On May 22, 2026, Blackman emailed objections to Action Care's proposed use of Skribe, citing confidentiality/protective-order compliance, data retention, unofficial recordings/transcripts, AI-generated derivative content, and related concerns.

8. On May 27, 2026, after receiving substantive feedback to Blackman's questions from Skribe's representatives, I provided such responses to Blackman.

9. After Blackman indicated he would need more time to assess Skribe's responses, on May 28, 2026, I asked MFB's counsel to explain how the Remote Counsel platform intended to be used by MFB avoided the same data storage, processing, and security concerns.

10. On June 4, 2026, Blackman renewed objections, citing multiple vendors and alleged inconsistencies regarding storage. Blackman and I proceeded to continue correspondence regarding the matter, and on June 8, 2026, Blackman informed me that I would have to file a motion on behalf of Action Care seeking permission to use Skribe.

11. A true and correct copy of such correspondence between Blackman and me relating to MFB's objections to Action Care's use of Skribe is attached hereto as **Exhibit B**.

2

12.     Meanwhile, on May 20, 2026, the parties' counsel had agreed for MFB to conduct a deposition of Action Care's principal Diane Krasznay on June 3, 2026. On May 27, 2026, MFB's representatives issued a notice of deposition of Krasznay for June 3, 2026.

13.     In the evening of June 1, 2026, Moran sent an email to me, informing me that the deposition of Krasznay scheduled less than 38 hours later would have to be rescheduled. The following morning, June 2, 2026, Moran and I spoke on the phone. During this conversation, I asked Moran why the deposition had to be rescheduled if Blackman was still available to conduct it. Moran informed me that it was Moran's deposition. Given Moran's apparent supremacy in making determinations regarding depositions, I asked Moran whether he actually objected to Action Care's use of Skribe, as had been previously brought up by Blackman, and I further explained that Action Care would view a lack of objections to the use of Skribe as a sign of good faith. Moran told me that he would speak with Blackman. Krasznay and Zlatkin then proceeded to coordinate with Moran to reschedule the deposition for June 15, 2026. MFB's representatives then proceeded to issue an amended notice of deposition for June 15, 2026. On June 11, 2026, MFB's representatives forwarded a link to the upcoming deposition, again seemingly making use of the Remote Counsel platform.

14.     A true and correct copy of such correspondence between MFB's representatives (including Moran) and me relating to the scheduling and rescheduling of Krasznay's deposition is attached hereto as **Exhibit C**.

15.     On June 12, 2026, I spoke with Moran on the phone and, among other things, we discussed whether Moran was in agreement with Blackman's objections to Action Care's intended use of Skribe. Moran did not voice objections, but Moran also indicated that Blackman had a right to make the objection, given that Blackman was still involved in the case. Moran indicated that he

3

would speak with Blackman regarding the matter but, as of the filing of this Motion, I have not received any further follow-up regarding Action Care's intended use of Skribe.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on June 13, 2026, at Lake County, Indiana.

/s/ *Ilya G. Zlatkin*
Ilya G. Zlatkin
Zlatkin Cann Entertainment
4245 N Knox Ave
Chicago, IL 60641
(312) 809-8022
ilya@zce.law

*Counsel for Defendant/Counter-plaintiff Action Care Mobile Veterinary Clinic, LLC*

4