# Exhibit A

| | |
|---|---|
| **From:** | Patrick R. Moran |
| **Sent:** | 5/17/2026 8:29:00 PM |
| **To:** | Ilya Zlatkin |
| **Cc:** | Gary I. Blackman |
| **Subject:** | Re: Scheduling Depositions and Response to Our Second Set of Written Discovery Requests |

Ilyan:

I am not available on June 9 and therefore my client will not be deposed on that date. I will get you a new date for her tomorrow as well as a date for your client's deposition. In the meantime, you owe me a privilege log or the un-redacted tax return. I am not aware of any privilege that applies to a joint tax return and do not believe a party claiming catastrophic financial damages can shield a tax return on relevance just because it's a joint tax return. Any confidentiality concerns can be addressed by the protective order (I assume we have on entered). We'll use your deadline. If we do not have the privilege log or the un-redacted tax return by Tuesday, we will file a motion to compel.

As you know from our past communications, my client objects to the second set of document requests because they are not materially different from the prior request. Our objection to that request was sustained. We will get you a formal written objection by Tuesday. Given your intent on filing another motion, however, I would like to get an explanation from you under Local Rule 37.2 as to why the second set of requests is different and relevant to this case.

Thanks.

Patrick R. Moran
**Rock Fusco & Connelly, LLC**
333 W. Wacker Dr., 19th Floor
Chicago, Illinois 60606
312.494.1000 (p) I 312.970.3471 (d) I 312.494.1001 (f)
pmoran@rfclaw.com I http://www.rfclaw.com

**From:** Ilya Zlatkin <ilya@zce.law>
**Sent:** Saturday, May 16, 2026 12:39 PM
**To:** Patrick R. Moran <pmoran@rfclaw.com>
**Cc:** Gary I. Blackman <gblackman@lplegal.com>
**Subject:** Re: Scheduling Depositions and Response to Our Second Set of Written Discovery Requests

Patrick and Gary:

Since we haven't heard back from you regarding Dr. Beckley's availability, we must schedule her deposition based solely on our own availability. Attached is a notice of deposition for Dr. Beckley. Please advise whether you intend to oppose the deposition method. If I haven't heard

from you regarding this issue by this upcoming Tuesday (5/19), I intend to file a motion seeking the Court's express approval.

As a reminder, we are also still awaiting your response/objection to our second set of written discovery requests, which we served on February 23, 2026. It has now been almost three months. If I don't receive a response by this Tuesday (5/19), I will file another motion to compel. If you choose to object, we will likely also file a motion to compel.

Best,
Ilya

On Fri, May 1, 2026 at 1:33 PM Ilya Zlatkin <ilya@zce.law> wrote:
  Hi Patrick,

  Thank you for your time on the phone earlier today. To recap:

  1) Ms. Krasznay asked me to add the following dates to when she's NOT available (in addition to the May dates that I'd forwarded previously when she was unavailable): June 1 and June 4-7.

  2) Please let me know by Tuesday what availability from your end we should take into account when noticing Dr. Beckley's deposition.

  3) As I mentioned, we'd like to use Skribe.ai to conduct the deposition non-stenographically. It's still the same deposition via Zoom that the court has endorsed, but the only difference is that there is no court reporter. Instead, there is a certified notary that administers the oaths and handles the technical side of the deposition. A rough transcript is created using automatic speech recognition (ASR) software, after which, within a week, a real person reviews the rough transcript, matches it all to the video recordings, and then certifies as to the accuracy of the final transcript. You are welcome to engage a court reporter at your own cost, but our position is that, even without a court reporter, this complies with all applicable rules. Specifically, FRCP 30(b)(3)(A) allows for deposition testimony to be "recorded by audio, audiovisual, or stenographic means." (Emphasis added.) So, non-stenographic means are explicitly permissible through the use of audiovisual technology. Meanwhile, under the Illinois Oaths and Affirmations Act, notaries public and certified court reporters are on equal footing under the statute. Specifically, both are listed in the same provision without distinction, and each possesses identical authority to administer the oath and take depositions. *See* 5 ILCS 255/2. Given that under FRCP 30(b)(4), when a deposition is conducted using remote means, it is deemed to be taking place "where the deponent answers the questions," I assume that Dr. Beckley will be in Colorado for the deposition. Same as with Illinois, Colorado places notaries public and certified court reporters on equal footing for purposes of administering oaths to witnesses. *See* Colo. Rev. Stat. § 24-12-103(1). After the deposition is completed, all subsequent actions comply with FRCP 30(e) and 30(f). So, let me know whether you accept such means for purposes of the deposition. If you object, then we will file a motion asking the court to approve the method.

4) Speaking of objections, you and I discussed that you would provide me with formal objections to our Second Set of Interrogatories and Requests for Production, so that we could file a motion to compel promptly. You also mentioned that you were on board with treating our conversations to date about the issue as satisfying the meet-and-confer requirement.

5) I will provide you with a privilege log.

Best,
Ilya

On Tue, Apr 14, 2026 at 9:47 AM Ilya Zlatkin <ilya@zce.law> wrote:
Hi Patrick and Gary,

Can we plan to have our phone call today to address the pressing discovery items? I have a good amount of flexibility today, so just let me know when would work on your end.

Best,
Ilya


--
ILYA G. ZLATKIN
Managing Partner
ZLATKIN CANN ENTERTAINMENT
4245 N. Knox Ave.
Chicago, IL 60641
Phone: 312.809.8022
Email: ilya@zce.law


On Thu, Apr 9, 2026 at 8:26 PM Patrick R. Moran <pmoran@rfclaw.com> wrote:
I will let you know next week on the supplemental RFP.  Given that MFB has not responded to those yet, and that we did not discuss specific objections to them today, our call today was not a meet and confer.

Patrick R. Moran
**Rock Fusco & Connelly, LLC**
333 W. Wacker Dr., 19th Floor
Chicago, Illinois 60606
312.494.1000 (p) I 312.970.3471 (d) I 312.494.1001 (f)
pmoran@rfclaw.com I http://www.rfclaw.com

**From:** Ilya Zlatkin <ilya@zce.law>
**Sent:** Thursday, April 9, 2026 4:48 PM

**To:** Patrick R. Moran <pmoran@rfclaw.com>
**Cc:** Gary I. Blackman <gblackman@lplegal.com>

**Subject:** Re: Scheduling Depositions and Response to Our Second Set of Written Discovery Requests

Thank you, Patrick. In terms of privilege logs, both parties had provided responses to written discovery, claiming privilege in various places. I believe privilege logs would be appropriate with respect to those. That's separate and in addition to the redactions of the tax returns.

When would you anticipate letting me know definitively regarding objecting to the supplemental RFP? And I'm assuming you're okay with me treating today's conversation (as well as our discussion after the prior hearing) as satisfying the meet-and-confer requirement?

Best,
Ilya

On Thu, Apr 9, 2026 at 3:48 PM Patrick R. Moran <pmoran@rfclaw.com> wrote:
Ilyan:
This is generally correct. You did not ask me for a privilege log and I'm not sure why we'd need to provide one. Let me know on that. You indicated the spreadsheets we provided were sufficient in response to the RFPs. We will likely object to the supplemental RFP but will let you know on that. I think it's worth noting we also talked briefly about settlement but it seems we too far apart to continue those discussions.

Thanks.

Patrick R. Moran
**Rock Fusco & Connelly, LLC**
333 W. Wacker Dr., 19th Floor
Chicago, Illinois 60606
312.494.1000 (p) I 312.970.3471 (d) I 312.494.1001 (f)
pmoran@rfclaw.com I http://www.rfclaw.com

---

**From:** Ilya Zlatkin <ilya@zce.law>
**Sent:** Thursday, April 9, 2026 3:17 PM
**To:** Patrick R. Moran <pmoran@rfclaw.com>; Gary I. Blackman <gblackman@lplegal.com>
**Subject:** Re: Scheduling Depositions and Response to Our Second Set of Written Discovery Requests

Hi Patrick,

Thank you for the constructive discussion today. To memorialize for our respective records and to ensure we are aligned on next steps, please confirm that the below confirms your understanding:

We will confer early next week (Monday) to decide whether to jointly seek an extension of the current April 24 fact discovery cutoff or proceed within the existing schedule.

You will confer with your client and Gary to provide deposition availability, including for Dr. Beckley, and we will do the same on our end (including for Ms. Krasznay). The expectation is to conduct depositions by remote video conference with reasonable notice. But we're aligned that it is appropriate for these depositions to be conducted, whether in the next couple of weeks or otherwise.

You requested a privilege log addressing the redactions in our recent production. In general, both parties should produce privilege logs.

With respect to documents, we understand you will review and revert regarding producing the same type of spreadsheet outputs for the additional period of June 2023 through July 2024, consistent with our supplemental request that narrowed the timeframe of the earlier interrogatory. In the absence of such production, I'll need to move to compel it.

Please let me know if the above reflects your understanding. I'm available Monday to finalize the plan on depositions and the discovery schedule.

Best,
Ilya

On Wed, Apr 8, 2026 at 2:43 PM Ilya Zlatkin <ilya@zce.law> wrote:

Hello Patrick and Gary,

The close of fact discovery is currently scheduled for April 24th, so there is limited time to schedule depositions, unless we all agree to extend the deadline. Did you guys want to schedule to extend? Also, I haven't received any dates from you all as to Dr. Beckley's availability. **Please advise regarding Dr. Beckley's availability for the deposition via videoconference, or I'll just need to issue the notice without consideration of her availability**.

Meanwhile, as a reminder, I had provided dates when Ms. Krasznay would be unavailable. Most of those have passed, except for the last week of May. **Are you planning to schedule a deposition before the currently stated deadline?**

Finally, thank you for providing the financials that had previously been subject to our motion to compel. The production did not include the information requested in our second set of interrogatories and RFPs that I had sent on February 23, 2026

(reattached here for your reference). We have also not received any objections from you to that request. As a reminder, Judge Fuentes had stated that he was denying our motion to compel with respect to Interrogatory 15 without prejudice, and that a more concrete timeframe for the request would likely result in having that sort of motion to compel granted. So, **please advise as to whether MFB will voluntarily produce the information for the requested time period, or whether we will need to file a motion to compel to receive the information requested in Interrogatory 20, and the documents to support the response**.

Please feel free to give me a call if you'd like to discuss. (Today I'll be tied up 3-4pm, but otherwise could be available.)

Best,
Ilya


--
**ILYA G. ZLATKIN**
*Managing Partner*
***ZLATKIN CANN ENTERTAINMENT***
4245 N. Knox Ave.
Chicago, IL 60641
**Phone:** 312.809.8022
**Email: ilya@zce.law**


--
**ILYA G. ZLATKIN**
*Managing Partner*
***ZLATKIN CANN ENTERTAINMENT***
4245 N. Knox Ave.
Chicago, IL 60641
**Phone:** 312.809.8022
**Email: ilya@zce.law**


--
**ILYA G. ZLATKIN**
*Managing Partner*
***ZLATKIN CANN ENTERTAINMENT***
4245 N. Knox Ave.
Chicago, IL 60641
**Phone:** 312.809.8022
**Email: ilya@zce.law**

\-\-
**ILYA G. ZLATKIN**
*Managing Partner*
***ZLATKIN CANN ENTERTAINMENT***
4245 N. Knox Ave.
Chicago, IL 60641
**Phone:** 312.809.8022
**Email: ilya@zce.law**

\-\-
**ILYA G. ZLATKIN**
*Managing Partner*
***ZLATKIN CANN ENTERTAINMENT***
4245 N. Knox Ave.
Chicago, IL 60641
**Phone:** 312.809.8022
**Email: ilya@zce.law**