# Exhibit B

**From:** Gary I. Blackman
**Sent:** 5/22/2026 11:25:48 AM
**To:** Ilya Zlatkin
**Cc:** Patrick R. Moran; Gary I. Blackman
**Subject:** SkribeAI Deposition Use [LP-ACTIVE.44919.44919.137461.FID1364752]

Ilya, I am not anti-technology but your use of SkribeAI for the upcoming deposition raises a number of concerns. Based on SkribeAI's description of itself as an AI-powered "Deposition Intelligence Platform" that permits users to search, analyze, summarize, and reuse testimony, we have significant concerns regarding confidentiality, data retention, unofficial recordings and transcripts, AI-generated derivative content, and compliance with the Protective Order and Rule 30 procedures. As proposed, its use appears to involve the creation, processing, storage, and analysis of testimony and exhibits by a third-party AI platform that may generate transcripts, summaries, analytics, searchable testimony databases, synced video/text functionality, and other derivative materials outside the traditional deposition process.

Before we can evaluate your proposal, please provide the following information:

1. Whether SkribeAI will create or maintain any audio or video recording, transcript, summary, analytics, searchable database, AI-generated notes, or other derivative content relating to the deposition.
2. Where such information will be stored, who will have access to it, how long it will be retained, whether it may be shared or exported, and when/how it will be destroyed.
3. Whether any testimony, transcripts, exhibits, prompts, metadata, or related information may be used for AI training, machine learning, product improvement, analytics, or any purpose beyond the specific deposition.
4. The identity of any third-party vendors, subprocessors, cloud providers, or affiliated entities that may receive, process, or store deposition-related information.
5. The applicable terms of service, privacy policy, data retention policy, and any confidentiality or enterprise security agreements governing the platform.
6. Whether SkribeAI analyzes, extracts, stores, processes, or utilizes voice characteristics, speaker identification data, voiceprints, or other biometric or voice-related information in connection with the deposition, and if so, how such information is collected, stored, retained, shared, and destroyed, including whether the platform is intended to comply with the Illinois Biometric Information Privacy Act ("BIPA").
7. What procedures are in place to preserve, authenticate, and protect the integrity of the deposition record, including any audio or video files, transcripts, edits, summaries, or derivative materials generated by the platform.

Given these confidentiality, privacy, data security, reliability, and procedural concerns, we do not presently consent to its use.

Gary



**Gary I. Blackman**
T 312 476 7536
M 312 371 8961

Levenfeld Pearlstein, LLC
120 S Riverside Plaza
Suite 1800
Chicago, IL 60606 USA
lplegal.com

   

**Sign up for LP's weekly newsletter, *LP3***

This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

| | |
|---|---|
| **From:** | Gary I. Blackman |
| **Sent:** | 6/8/2026 12:20:03 PM |
| **To:** | Ilya Zlatkin |
| **Cc:** | Patrick R. Moran; Gary I. Blackman |
| **Subject:** | RE: SkribeAI Deposition Use [LP-ACTIVE.44919.44919.137461.FID1364752] |

Ourconcerns remain the same and I don't think our questions have been answered. (Is there a judge in the ND Ill that has specifically approved this method?) To be honest, not sure why you want to fight this particular fight instead of just getting a traditional reporter but that's up to you. You'll need to file a motion. Gary



**Gary I. Blackman**
T 312 476 7536
M 312 371 8961

Levenfeld Pearlstein, LLC
120 S Riverside Plaza
Suite 1800
Chicago, IL 60606 USA
lplegal.com

   

**Sign up** for LP's weekly newsletter, *LP3*

This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

**From:** Ilya Zlatkin <ilya@zce.law>
**Sent:** Friday, June 5, 2026 2:55 PM
**To:** Gary I. Blackman <gblackman@lplegal.com>
**Cc:** Patrick R. Moran <pmoran@rfclaw.com>
**Subject:** Re: SkribeAI Deposition Use [LP-ACTIVE.44919.44919.137461.FID1364752]

Gary,

Your response from yesterday does not address how Remote Counsel, the platform MFB intends to use for Diane Krasznay's deposition, avoids the same data storage, processing, and security concerns you raised regarding SkribeAI. You seem to view the use of a court reporter as a cure-all, when the Federal Rules of Civil Procedure explicitly state that depositions can be conducted by nonstenographic means. And if you're "not inclined to spend any more time on this," I don't see how necessitating that I file a motion achieves that particular goal.

Patrick, please confirm your stance as well. If there's no agreement on our preferred use of SkribeAI, then we're filing a motion seeking confirmation from the court on Monday.

Best,
Ilya

On Thu, Jun 4, 2026 at 12:52 PM Gary I. Blackman <gblackman@lplegal.com> wrote:

I still have reservations. There are a few inconsistencies in the below answers regarding use of vendors and licenses. There are at least five vendors listed below (Zoom, Recall, AWS, Box, and Anthropic), all of which may have their own data privacy and information security policies in addition to those listed by Skribe AI itself. The responses first said data was stored only in AWS, then later said data was stored in both AWS and Box. In terms of even evaluating this request, it seems burdensome to force us to review the practices of this many vendors to determine whether there are sufficient protections for a deposition transcript and recording versus a traditional court reporter, especially if there is a protective order involved.

The use of the "optional AI features" during the testimony also raises some questions – those tools are necessarily running on the actual recording and transcription of the testimony, which implies some AI processing of those files in real time. Saying that the AI tools run on "Anthropic's enterprise API" doesn't necessarily mean that you have an enterprise license with Skribe AI, who in turn must have an enterprise license with Anthropic that also prohibits training on any data (the "we don't train on customer's deposition data" does not necessarily include any training done on prompts or other inputs with the optional AI tools). There are no provisions in Skribe's terms and conditions related to the optional AI features and their use of data.

I appreciate the time you've spent but we are objecting and are not inclined to spend any more time on this. You will need to seek leave of court. Or just use a court reporter.

Gary



**Gary I. Blackman**
T 312 476 7536
M 312 371 8961

Levenfeld Pearlstein, LLC
120 S Riverside Plaza
Suite 1800
Chicago, IL 60606 USA

lplegal.com

   

**Sign up** **for LP's weekly newsletter,** *LP3*

This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

**From:** Ilya Zlatkin <ilya@zce.law>
**Sent:** Thursday, May 28, 2026 7:22 AM
**To:** Gary I. Blackman <gblackman@lplegal.com>
**Cc:** Patrick R. Moran <pmoran@rfclaw.com>
**Subject:** Re: SkribeAI Deposition Use [LP-ACTIVE.44919.44919.137461.FID1364752]

Hi Gary,

Thank you, next week is fine. If you still have reservations about our use of SkribeAI, however, please also address how SkribeAI's features that you've flagged as concerning to you are different in the Remote Counsel platform that you're planning to use for Diane Krasznay's deposition. From my cursory review, the only substantive difference seems to be that Remote Counsel uses a court reporter. Information provided on Remote Counsel's website seems to suggest that the same data storage, processing, and security concerns would exist for Remote Counsel as for SkribeAI.

Best,
Ilya

On Thu, May 28, 2026 at 6:35 AM Gary I. Blackman <gblackman@lplegal.com> wrote:

> Thank you for the email. I can't confirm our position on one days notice. I'm also heading out of town. I'll get back to you next week. Gary
>
> Gary Blackman
> Work 312-476-7536
> Cell 312-371-8961



**Gary I. Blackman**
T 312 476 7536
M 312 371 8961

Levenfeld Pearlstein, LLC
120 S Riverside Plaza
Suite 1800
Chicago, IL 60606 USA
lplegal.com

   

**Sign up** for LP's weekly newsletter, *LP3*

This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

On May 27, 2026, at 1:03 PM, Ilya Zlatkin <ilya@zce.law> wrote:

Hi Gary and Patrick,

Thanks again for your good-faith engagement on this issue. I was able to get helpful responses from Skribe.

To ensure that I don't miss responding to any of the issues you brought up in your email, I've responded in line below in **red**.

Please confirm either way by tomorrow (5/28) as to whether we're in agreement on our use of the platform for Dr. Beckley's deposition.

Best,
Ilya

--
**ILYA G. ZLATKIN**
*Managing Partner*
***ZLATKIN CANN ENTERTAINMENT***
4245 N. Knox Ave.
Chicago, IL 60641
**Phone:** 312.809.8022
**Email: ilya@zce.law**

---

**From:** Ilya Zlatkin <ilya@zce.law>
**Sent:** Friday, May 22, 2026 3:00 PM
**To:** Gary I. Blackman <gblackman@lplegal.com>
**Cc:** Patrick R. Moran <pmoran@rfclaw.com>; Gary I. Blackman <gblackman@lplegal.com>
**Subject:** Re: SkribeAI Deposition Use [LP-ACTIVE.44919.44919.137461.FID1364752]

Hi Gary,

Thank you for responding regarding this matter and laying out your concerns. I'll respond substantively next week after the holiday.

Best,
Ilya

On Fri, May 22, 2026 at 11:26 AM Gary I. Blackman <gblackman@lplegal.com> wrote:

> Ilya, I am not anti-technology but your use of SkribeAI for the upcoming deposition raises a number of concerns. Based on SkribeAI's description of itself as an AI-powered "Deposition Intelligence Platform" that permits users to search, analyze, summarize, and reuse testimony, we have significant concerns regarding confidentiality, data retention, unofficial recordings and transcripts, AI-generated derivative content, and compliance with the Protective Order and Rule 30 procedures. As proposed, its use appears to involve the creation, processing, storage, and analysis of testimony and exhibits by a third-party AI platform that may generate transcripts, summaries, analytics, searchable testimony databases, synced video/text functionality, and other derivative materials outside the traditional deposition process.
>
> **At its core, Skribe is a court reporting company that records depositions non-stenographically using a human Digital Reporter, the same way many firms have been doing for years. They just bring pricing transparency and a modern web interface, plus they are an official Zoom ISV partner. So-called "generative AI" is not used to create the official deposition record.**
>
> Before we can evaluate your proposal, please provide the following information:
>
> 1. Whether SkribeAI will create or maintain any audio or video recording, transcript, summary, analytics, searchable database, AI-generated notes, or other derivative content relating to the deposition.
>
> **The process includes a video recording, a real-time rough transcript, and a final certified transcript. These are the same deliverables you would receive from most court reporting firms. Skribe also offers optional AI analytical tools that attorneys may use to review testimony. These tools do not create the transcript, do not alter the record, and are not part of the official proceedings.**

2. Where such information will be stored, who will have access to it, how long it will be retained, whether it may be shared or exported, and when/how it will be destroyed.

**Data is stored on Amazon Web Services (AWS), the same infrastructure used by major court reporting firms and many law firms. Only the ordering client has access. Opposing counsel may purchase a copy, just as with any court reporting firm. Clients may request deletion at any time. Skribe is SOC 2 and HIPAA compliant, with formal certification in progress.**

3. Whether any testimony, transcripts, exhibits, prompts, metadata, or related information may be used for AI training, machine learning, product improvement, analytics, or any purpose beyond the specific deposition.

**No. Skribe does not use customers' deposition data for AI training, machine learning, or product improvement. The optional AI features run on Anthropic's enterprise API. Data is processed on dedicated servers and is not used for external training or shared with third parties.**

4. The identity of any third-party vendors, subprocessors, cloud providers, or affiliated entities that may receive, process, or store deposition-related information.

**The deposition is recorded via Zoom with redundant backup recording by Recall. Data is stored on AWS and Box. Optional AI features use Anthropic's enterprise API.**

5. The applicable terms of service, privacy policy, data retention policy, and any confidentiality or enterprise security agreements governing the platform.

**Available at Skribe.ai. Skribe is happy to discuss enterprise security arrangements for matters with heightened confidentiality requirements.**

6. Whether SkribeAI analyzes, extracts, stores, processes, or utilizes voice characteristics, speaker identification data, voiceprints, or other biometric or voice-related information in connection with the deposition, and if so, how such information is collected, stored, retained, shared, and destroyed, including whether the platform is intended to comply with the Illinois Biometric Information Privacy Act ("BIPA").

**Skribe does not analyze, store, or utilize voiceprints, voice characteristics, or biometric information.**

7. What procedures are in place to preserve, authenticate, and protect the integrity of the deposition record, including any audio or video files, transcripts, edits, summaries, or derivative materials generated by the platform.
**Skribe uses redundant recording, maintains chain of custody for all digital files, and the deposition is certified by the Digital Reporter, who is a commissioned notary and trained in digital court reporting standards.**

Given these confidentiality, privacy, data security, reliability, and procedural concerns, we do not presently consent to its use.
**Please confirm by this Thursday (5/28) whether the above sufficiently addresses your concerns, and whether, in light of the above, you consent to use of the Skribe service. If not, then I will move to have the Court formally approve the method of deposition.**

Gary

**Gary I. Blackman**

T 312 476 7536
M 312 371 8961

Levenfeld Pearlstein, LLC
120 S Riverside Plaza
Suite 1800
Chicago, IL 60606 USA
lplegal.com

**Sign up for LP's weekly newsletter, *LP3***

This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

-
--
**ILYA G. ZLATKIN**
*Managing Partner*
***ZLATKIN CANN ENTERTAINMENT***
4245 N. Knox Ave.
Chicago, IL 60641
**Phone:** 312.809.8022
**Email: ilya@zce.law**

\-

\--

**ILYA G. ZLATKIN**
*Managing Partner*
***ZLATKIN CANN ENTERTAINMENT***
4245 N. Knox Ave.
Chicago, IL 60641
**Phone:** 312.809.8022
**Email: ilya@zce.law**

\--

**ILYA G. ZLATKIN**
*Managing Partner*
***ZLATKIN CANN ENTERTAINMENT***
4245 N. Knox Ave.
Chicago, IL 60641
**Phone:** 312.809.8022
**Email: ilya@zce.law**