**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MFB FERTILITY, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 23 C 3854 |
| v. | ) | |
| | ) | District Judge John J. Tharp Jr. |
| ACTION CARE MOBILE VETERINARY | ) | |
| CLINIC, LLC, | ) | Magistrate Judge Gabriel A. Fuentes |
| | ) | |
| Defendants. | ) | |

**ORDER**

Defendant has moved for leave to conduct certain depositions in this case through an artificial intelligence platform that is stated to create a recording and a transcript, but without a court reporter ("Motion"; D.E. 100). The Motion does not establish how the use of the platform will create a deposition record that can or will be certified in compliance with Fed. R. Civ. P. 28 and 30, stating little more than the vendor "is a digital court reporting company that uses human digital reporters to create the deposition record" and that its "deliverables include a video recording, a real-time rough transcript, and a final certified transcript, with certification by a commissioned notary digital reporter." Motion at 2-3.

"Certification of a deposition is not a trivial function." *Alcorn v. City of Chicago*, 336 F.R.D. 440, 442 (N.D. Ill. 2020).

> The process is expressly delineated in the Federal Rules of Civil Procedure. A court reporter is typically the officer appointed or designated under Rule 28, and must begin the deposition with an on-the-record statement that includes the court reporter's name and business address, the date, time and place of the deposition, the deponent's name, the court reporter's administration of the oath or affirmation to the deponent, and the identity of all persons present. Fed. R. Civ. P. 30(b)(5)(A). The court reporter is charged with ensuring that the deponent's and the attorney's appearance or demeanor is not distorted through recording techniques. Fed. R. Civ. P. 30(b)(5)(B). The court reporter also manages the review and edits to the

transcript. Fed. R. Civ. P. 30(e). After the deposition, the court reporter certifies in writing that the witness was duly sworn and that the deposition accurately records the witness's testimony. Fed. R. Civ. P. 30(f). That certificate must accompany the record of the deposition, and the officer must seal the deposition in an envelope or package with a marking of the deponent's name and send it to the deposing attorney. *Id.* The court reporter also retains the stenographic notes of the deposition or a copy of the recording of a deposition. Fed. R. Civ. P. 30(f)(3). These procedures are designed to ensure that a neutral individual administers the oath and that the deposition is an accurate reflection of the witness's testimony. It removes doubt as to whether a recording or transcript has been tampered with or edited by either party. The process also maintains the integrity of the deposition, which can involve managing changes to the transcript, custody of the deposition materials, and appearances on video.

*Id.* "[A] court reporter's role is more complex and nuanced than ... proofreading the material produced by [an AI transcription] and [] personally [] certifying the transcript as a verbatim recording. *Black v. City of San Diego*, No. 21-CV-01990-RBM-JLB, 2025 WL 1287747, at *3 (S.D. Cal. May 2, 2025), objections overruled, No. 3:21-CV-01990-RBM-JLB, 2025 WL 1908072 (S.D. Cal. July 10, 2025). "For example, court reporters have additional duties and responsibilities during the course of the deposition, such as reminding participants to not speak over one another, clarifying names, acronyms, and other unfamiliar terminology, and requesting the spelling of names and words, all with the goal of having a clear record." *Id.*

Moreover, "court reporters and videographers typically have different roles in a deposition and require different certifications and/or training." *Id.* Although a court reporter may be certified to record and transcribe a deposition stenographically, a video recording may require a different certification, such as a "certified videographer who has the appropriate training to serve as the Rule 28 officer, and ensure that a video deposition is properly recorded with established procedures to go on or off the record, limit noise and interruptions, address technical glitches, and frame the camera view on the witness" and "complete the necessary certification under the Federal Rules to affirm the accuracy of the video recording of the deposition." *Alcorn*, 336 F.R.D. at 443. *See also*

*Adams v. Co-op City Dep't of Pub. Safety*, No. 21CV2675DEHBCM, 2024 WL 1478897, at *5 n.4 (S.D.N.Y. Apr. 5, 2024) (detailing the different requirements for obtaining certified deposition transcripts and recordings under Rules 28 and 30); *Heard v. Cnty. of San Bernadino*, No. 5:20-CV-02335-JWH-KK, 2024 WL 4328896, at *4 (C.D. Cal. Mar. 25, 2024) (same).

The Motion's explanation of how Defendant's proposed software vendor will meet those requirements is almost cursory, and in any event not sufficiently persuasive to cause the magistrate judge, in the exercise of broad discretion over discovery management, *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013), to allow Defendant's proposed deposition procedure based on this record. A "lack of detail pervades" Defendant's motion, "which is almost entirely devoid of specifics about the procedures he seeks or how they would comport with Rule 30's requirements." *Snyder v. Lindblad Expeditions LLC*, No. 2:25-CV-01753-LK, 2026 WL 145503, at *3 (W.D. Wash. Jan. 20, 2026). Indeed, as in *Snyder*, Defendant does not specify whether it seeks an official recording by one or both methods – video and written transcription – nor does Defendant identify who would certify the recording and the written transcription. *See id*. As such, Defendant "has not shown that the depositions would comply with Court rules or that the resulting recordings would have sufficient indicia of reliability to be used as the 'official record.'" *Id. See also Thompson v. Collins*, No. 23-CV-00499-GKF-SH, 2025 WL 1467439, at *2 (N.D. Okla. May 21, 2025) (explaining prior denial of party's deposition notices due to her "unwillingness or inability to provide sufficient information from which the Court could find that her proposed notary public or private investigator was both qualified and willing to serve as an officer who would record the deposition by non-stenographic means, ensuring a lack of distortion, making the appropriate representations on the record, providing the required written certifications, and

3

appropriately retaining and providing copies of the recording") (citing Fed. R. Civ. P. 30(b)(5)(A)-(C), (c)(1), (f)(1), (f)(3)).

Further, Defendant's claims that Plaintiff's counsel's opposition to the procedure is "obstructionist" to the point of being sanctionable under Rule 37, Motion at 9, are rejected.

For the foregoing reasons, the Motion is denied. The denial is without prejudice, in the event Defendant wants to provide the kind of specific information missing from the Motion, and at this stage, Plaintiff has not yet been put to filing a response.

**SO ORDERED.**

**ENTER:**

**GABRIEL A. FUENTES**
**United States Magistrate Judge**

**DATED: June 16, 2026**

4