**THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| MFB Fertility Inc., | |
| Plaintiff, | Case No. 1:23-cv-03854 |
| v. | |
| Action Care Mobile Veterinary Clinic, LLC, | Dist. Judge John J. Tharp Jr. |
| Defendant. | Mag. Judge Gabriel A. Fuentes |

**ACTION CARE'S SECOND MOTION FOR COURT APPROVAL TO USE SKRIBE.AI
FOR DEPOSITIONS AND TO COMPEL DEPOSITION OF DR. AMY BECKLEY
USING SKRIBE.AI**

Defendant/Counter-plaintiff Action Care Mobile Veterinary Clinic, LLC ("Action Care" or "Defendant"), by its counsel, hereby submits its second motion ("Second Motion") to approve the use of the software Skribe.AI ("Skribe") for purposes of conducting depositions in this case and to compel Plaintiff/Counter-defendant MFB Fertility Inc. ("MFB") to cause MFB's founder, Dr. Amy Beckley ("Beckley"), to participate in a deposition using such software ("Beckley Deposition"), as follows:

**INTRODUCTION**

On June 13, 2026, Action Care, through its counsel, submitted its initial motion ("Initial Motion") seeking the same outcome with respect to the use of Skribe, including for the Beckley Deposition. ECF No. 100. On June 16, 2026, the Court issued an order denying the Initial Motion without prejudice ("Order"). ECF No. 102. The background information resulting in the filing of this Second Motion is substantially the same as the background for the Initial Motion. *See* Initial Motion, ¶¶ 1–13; *see also*, Declaration of Ilya G. Zlatkin, ¶¶ 1–15.

Per the Order, the Court denied Action Care's Initial Motion without prejudice, identifying specific information missing from the record. Specifically, the Court asked the following: (1) how

1

the proposed process creates a deposition record that can or will be certified in compliance with Rules 28 and 30 of the Federal Rules of Civil Procedure; (2) who serves as the deposition officer; (3) whether the official record is the recording, the transcript, or both, and who certifies each; and (4) whether the resulting record carries sufficient indicia of reliability to serve as the official record. Order at 1–3. Action Care addresses each question raised by the Court, as supported by and through the accompanying declaration of Skribe's Chief Executive Officer, Thomas J. Irby ("Skribe Decl."). Action Care further iterates the propriety of using Skribe's artificial intelligence features, which the Court did not flag in any manner in the Order. Accordingly, this Second Motion should be granted.

## COMPLIANCE WITH LOCAL RULE 37.2

As evidenced through the attached declaration of Action Care's counsel, Ilya G. Zlatkin, and correspondences incorporated therein, Action Care has satisfied the meet-and-confer requirement of Local Rule 37.2.

## ARGUMENT

I. ***The Federal Rules Permit Nonstenographic Audiovisual Depositions, and MFB's Email Objection Fails to Meet MFB's Burden Under the Same Rules.***

As Action Care previously stated in its Initial Motion, Rule 30(b)(3)(A) provides that, unless the Court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. Initial Motion, at ¶ 19. The noticing party chooses and bears the cost of the method. FED. R. CIV. P. 30(b)(3)(A). A party may record nonstenographically without first having to obtain permission of the court or agreement from other counsel, and objections can be presented to the Court under Rule 26(c). *See* FED. R. CIV. P. 30(b) advisory committee's note to 1993 amendment. The Court did not question whether nonstenographic depositions are permissible. Instead, it denied the Initial Motion for lack of detail regarding certification and officer

qualification. Order at 1–4. MFB presented its objections to Action Care in email form, as Action Care sought to proactively and collaboratively resolve the matter. *See* Zlatkin Decl., ¶¶ 3–11, Ex. B. As the putative objecting party, MFB would bear the burden of showing good cause for a protective order under Rule 26(c). MFB has not sought any such protective order, thereby failing to carry its burden, instead resting on generalized concerns the Court did not adopt. *Compare* Order, *with* Zlatkin Decl., Ex. B (Blackman objections).

## II. *This Second Motion Clarifies and Provides Requested Information per Court Order*

The Court's concern was not that nonstenographic depositions are impermissible, but that the Initial Motion did not sufficiently explain how the Skribe process satisfies the certification and officer requirements of Rules 28 and 30 of the Federal Rules of Civil Procedure. Order at 3 (quoting *Snyder v. Lindblad Expeditions LLC*, No. 2:25-CV-01753-LK, 2026 WL 145503, at *3 (W.D. Wash. Jan. 20, 2026)). The accompanying Skribe Declaration cures each identified deficiency.

### a. *The Skribe digital reporter qualifies as a deposition officer authorized under Rule 28 and is disinterested as required under Rule 28(c).*

The deposition is conducted before a Skribe digital reporter, who is a commissioned notary public authorized to administer oaths and take depositions, who verifies the deponent's identity on the record, and who is not related to, employed by, or financially interested in any party. FED. R. CIV. P. 28(a), (c); Skribe Decl. ¶¶ 4–6; *see also*, Initial Motion, ¶¶ 22–23 (addressing authorization of notaries public to administer oaths and take depositions in Illinois and Colorado). This answers the Court's question of who serves as the Rule 28 officer. *See* Order at 3 (citing *Thompson v. Collins*, No. 23-CV-00499-GKF-SH, 2025 WL 1467439, at *2 (N.D. Okla. May 21, 2025) (denial where proponent failed to show the proposed officer was "qualified and willing to serve")).

### b. *The official record and its certification are defined.*

For depositions conducted using Skribe, the official record is the audiovisual recording, the written transcript is verified as a true and verbatim record of that recording, and the same notary officer certifies both. Skribe Decl. ¶¶ 7–10. The officer certifies, consistent with Rules 28 and 30, that the witness was duly sworn and that the recording is "intelligible, accurate and trustworthy and is a true record of the testimony" under Rule 30(f)(1) of the Federal Rules of Civil Procedure. In turn, the officer's declaration of verbatim transcript certifies, in compliance with 28 U.S.C. § 1746, Rules 30 and 32(a) of the Federal Rules of Civil Procedure, and Rule 901(b)(1) of the Federal Rules of Evidence, that the transcript is a true, verbatim, and accurate record of that recording. Skribe Decl. ¶ 9. Accordingly, this answers the Court's questions as to whether Action Care seeks an official record "by one or both methods" and who would "certify the recording and the written transcription." Order at 3. This also addresses the concern that certifying a recording and a transcript can involve distinct functions. *See* Order at 2 (quoting *Alcorn v. City of Chicago*, 336 F.R.D. 440, 442–43 (N.D. Ill. 2020)).

### c. *The Skribe digital reporter performs the active functions of a deposition officer.*

As part of depositions conducted using Skribe, the digital reporter does all of the following: (1) makes the Rule 30(b)(5)(A)–(C) on-the-record statements; (2) confirms the parties' on-the-record stipulation to the remote, nonstenographic method; (3) ensures the deponent's and attorneys' appearance and demeanor are not distorted, as mandated by Rule 30(b)(5)(B); and (4) actively manages the record (*e.g.*, by requesting that participants not speak over one another, clarifying and spelling names and unfamiliar terms, tracking duration of examination per attorney, and marking exhibits). Skribe Decl. ¶¶ 11–14. That directly addresses the Court's concern, drawn from *Black v. City of San Diego*, No. 21-CV-01990-RBM-JLB, 2025 WL 1287747, at *3

4

(S.D. Cal. May 2, 2025), *objections overruled*, 2025 WL 1908072 (S.D. Cal. July 10, 2025), that a reporter's role "is more complex and nuanced than . . . proofreading" an automated transcript. *See* Order at 2.

> ### d. The record carries sufficient indicia of reliability to serve as the official record.

The Skribe digital reporter, in the capacity of a deposition officer, verifies the deponent's identity on the record. Skribe Decl. ¶¶ 4, 9. The testimony is recorded audiovisually with redundant backup and maintained chain of custody. *Id*. ¶¶ 15–16. The transcript is prepared through human review for conformity with the recording, and the digital reporter attests that the transcript is a true and correct copy of the electronic record with no post-creation alteration. *Id*. ¶ 17. The deponent may review and correct the record under Rule 30(e) of the Federal Rules of Civil Procedure, and the transcript is authenticated by the deposition officer's Section 1746 verbatim-transcript declaration. *Id*. ¶ 18. These safeguards supply the "indicia of reliability" the Court found lacking on the prior record. *See* Order at 3 (citing *Adams v. Co-op City Dep't of Pub. Safety*, No. 21-CV-2675-DEH-BCM, 2024 WL 1478897, at *5 n.4 (S.D.N.Y. Apr. 5, 2024); *Heard v. Cnty. of San Bernardino*, No. 5:20-CV-02335-JWH-KK, 2024 WL 4328896, at *4 (C.D. Cal. Mar. 25, 2024)). These processes also satisfy authentication under Rule 901(b)(1) of the Federal Rules of Evidence.

> ### III. Deposition Is Consistent with the Court's Encouragement of Remote Technology.

As set forth in the Initial Motion, the Court's standing order encourages videoconference depositions and references Judge Gilbert's rulings from *In re Broiler Chicken Antitrust Litigation*, No. 1:16-CV-08637, 2020 WL 3469166 (N.D. Ill. June 25, 2020) ("*Broiler Chicken*"). Initial Motion, ¶¶ 17–18. The procedure for depositions using Skribe is fully compatible with *Broiler Chicken* and with Rule 1's direction to secure the "just, speedy, and inexpensive" resolution of the case. Skribe has also indicated that Skribe is prepared to follow any additional remote-deposition protocol the Court may order. Skribe Decl. ¶ 20.

### IV. *The Court did not identify any issues concerning artificial intelligence capabilities offered by Skribe.*

In the Initial Motion, Action Care argued that the use of the artificial intelligence functionalities that Skribe offers are entirely appropriate for parties to use. *See* Initial Motion, ¶¶ 25–28. Specifically, the Court's standing order for civil cases incorporates the Illinois Supreme Court's policy on artificial intelligence use effective January 1, 2025 ("AI Policy"). The AI Policy "[e]mbrac[es] the advancements of artificial intelligence (AI)" and acknowledges that "[t]he integration of AI with the courts is increasingly pervasive, offering potential efficiencies and improved access to justice." The AI Policy further states that "[t]he use of AI by litigants, attorneys, judges, judicial clerks, research attorneys, and court staff providing similar support may be expected, **should not be discouraged**, and is authorized provided it complies with legal and ethical standards." (Emphasis added.) Same as before, Action Care wishes to make use of Skribe's additional AI features, which will enable Action Care to leverage ethically compliant technology in a cost-efficient manner.

### CONCLUSION

For these reasons, Action Care respectfully requests that the Court approve the use of Skribe to record depositions in this case, including the Beckley Deposition, by nonstenographic audiovisual means and compel the Beckley Deposition to proceed as noticed, or as may be re-noticed depending on the timelines associated in adjudication of this Second Motion.

Dated: June 18, 2026

Respectfully submitted,

**ZLATKIN CANN ENTERTAINMENT**

By: /s/ *Ilya G. Zlatkin*　　　　　　　
Ilya G. Zlatkin
ZLATKIN CANN ENTERTAINMENT
4245 North Knox Avenue
Chicago, Illinois 60641
Tel: (312) 809-8022
Fax: (312) 809-6918
ilya@zce.law

*Attorney for Defendant/Counter-plaintiff Action Care Mobile Veterinary Clinic, LLC*