## THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **MFB FERTILITY INC.,** | |
| Plaintiff, | Case No. 1:23-cv-03854 |
| v. | District Judge John J. Tharp Jr. |
| **ACTION CARE MOBILE VETERINARY CLINIC, LLC,** | Magistrate Judge Gabriel A. Fuentes |
| Defendant. | |

## DECLARATION OF THOMAS J. IRBY OF SKRIBE, INC. IN SUPPORT OF NONSTENOGRAPHIC AUDIOVISUAL DEPOSITION RECORDING

I, Thomas J. Irby, declare as follows:

1. "I am the Chief Executive Officer of Skribe, Inc. ("Skribe"). I submit this declaration to provide factual information about Skribe's digital reporting process in support of a party's request to record the oral deposition of Dr. Amy Beckley in this action by nonstenographic audiovisual means. I have personal knowledge of the facts stated, which are true and correct and, if called as a witness, could and would testify competently to them.

2. This declaration provides factual information only and is not offered as a legal opinion. Its purpose is to address the subjects the Court identified: (1) how the deposition record is created, (2) who serves as the deposition officer, and (3) how the recording and transcript are certified and preserved, so the Court can determine that the proposed procedure satisfies Federal Rules of Civil Procedure 28 and 30.

3. Skribe's process is designed to conduct a nonstenographic audiovisual deposition in compliance with Rules 28 and 30, by recording the deposition, Fed. R. Civ. P. 30(b)(3)(A), by remote means and taking place where the deponent answers the questions. *See* Fed. R. Civ. P. 30(b)(4).

### *The Deposition Officer*

4. The deposition is conducted before a Skribe digital reporter who is a commissioned notary public authorized by law to administer oaths and take depositions, and who therefore qualifies as an officer under Federal Rule of Civil Procedure 28(a). The

1

officer administers the oath on the record and verifies the deponent's identity on the record (for example, by reference to a government-issued identification).

5. The deposition officer is not a relative, employee, or attorney of any party; is not related to or employed by any party's attorney; and has no financial interest in the action, apart from ordinary compensation for deposition services. Fed. R. Civ. P. 28(c).

6. The digital reporter is a trained, neutral record professional who is present and active throughout the deposition; the deposition is not recorded by an unattended device. The digital reporter does not provide legal advice, does not participate in examining the witness, and does not alter testimony.

### *The Official Record and Its Certification*

7. The official record of the deposition is the audiovisual recording of the testimony. The final written transcript is prepared from that recording and the verbatim accuracy is verified. A single deposition officer, the notary digital reporter, certifies both the recording and the transcript.

8. After the witness is sworn, the officer records the testimony by the audiovisual method stated in the notice. Fed. R. Civ. P. 30(c)(1).

9. Upon completion of the transcript, the notary digital reporter executes the following certifications:

(a) a certification, consistent with Federal Rules of Civil Procedure 28, 30, and 30(f)(1), that the witness was duly sworn and that the nonstenographic audiovisual recording "is intelligible, accurate and trustworthy and is a true record of the testimony given by the witness," which also states the persons who attended and their time on the record, that the recording and certificate were delivered to the parties, and that the certificate may be filed with the Court under Rule 30;

(b) a declaration of verbatim transcript, executed under penalty of perjury pursuant to 28 U.S.C. § 1746(2), Federal Rules of Civil Procedure 30 and 32(a), and Federal Rule of Evidence 901(b)(1), that the transcript is a "true, verbatim, and accurate record of the testimony given during the official nonstenographic audio and video recording";

(c) a chain-of-evidence attestation that the transcript is a true and correct copy of the electronic record and that, at the time of printing, the record's security features indicated no changes or errors after the record's creation; and

(d) a witness verification, with the deponent's signed statement that the record is a true and accurate record of the testimony, except as noted on any statement of changes (a.k.a., "errata sheet").

10. The officer's certification therefore covers both the audiovisual recording and the written transcript, so that one qualified officer vouches for the accuracy of each.

### *On-the-Record Statements and Conduct of the Deposition*

11. At the outset, the officer confirms on the record that the deposition is being conducted remotely and recorded nonstenographically.

12. The officer states on the record the officer's name and business address; the date, time, and place (here, that the deposition is conducted by remote audiovisual means and the location where the deponent answers questions); the deponent's name; the administration of the oath or affirmation to the deponent; and the identity of all persons present. Fed. R. Civ. P. 30(b)(5)(A). At the conclusion, the officer states on the record that the deposition is complete and sets out stipulations, if any, concerning custody of the transcript and recording, exhibits, and witness review. Fed. R. Civ. P. 30(b)(5)(C).

13. The digital reporter ensures that the deponent's and the attorneys' appearance and demeanor are not distorted through recording technique. Fed. R. Civ. P. 30(b)(5)(B).

14. Consistent with the active functions of a deposition officer, the digital reporter manages the record throughout: confirming the recording is running, monitoring audio and audiovisual quality, identifying speakers, requesting that participants not speak over one another, clarifying and requesting the spelling of names and unfamiliar terms, tracking duration of examination per attorney, marking and tracking exhibits, and noting interruptions or technical issues: all to maintain a clear and accurate record.

### *Recording Integrity, Preservation, and Copies*

15. The deposition is recorded audiovisually with a redundant backup recording and Skribe maintains the chain of custody for the deposition files from recording through transcript production, certification, delivery, and retention.

16. Skribe retains a copy of the recording of the deposition and, when paid reasonable charges, will furnish a copy of the transcript or recording to any party or the deponent. Fed. R. Civ. P. 30(f)(3).

3

*Transcript Preparation and Witness Review*

17. The final transcript is prepared through a transcript-production workflow that includes human review by trained personnel for accuracy, completeness, speaker identification, and conformity with the audiovisual recording. The final transcript is not an unreviewed automated transcript. The notary digital reporter verifies the transcript "is a true, verbatim, and accurate record of the testimony given during the official nonstenographic audio and video recording."

18. Before going off the record, the officer advises the deponent on the record of the right to review the record and to provide a statement of changes, and notes the deponent's election. The deponent is then allowed the 30-day review period under Rule 30(e); any changes in form or substance are recorded on a statement of changes, and the deponent signs a verification that the record is a true and accurate record of the testimony, except as noted. Fed. R. Civ. P. 30(e).

19. A deposition conducted using Skribe is a human-managed, nonstenographic audiovisual deposition taken before an authorized deposition officer. Skribe's procedures are designed to satisfy Rules 28 and 30, including an authorized and disinterested officer, verification of the deponent's identity, administration of the oath, the required on-the-record statements, undistorted recording, active management of the record, human-reviewed transcript preparation, written certification of both the recording and the transcript, preservation of the record, and the furnishing of copies upon payment of reasonable charges.

20. If the Court prefers additional safeguards, Skribe can implement reasonable court-ordered protocol requirements, including any remote-deposition procedures used in this District, compatible with nonstenographic audiovisual recording under Rule 30(b)(3).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746."

Executed on June 18, 2026 in Austin, Travis County, Texas.

Thomas J. Irby, Chief Executive Officer
Skribe, Inc.

4