**THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| MFB Fertility Inc., | |
| Plaintiff/Counter-defendant, | Case No. 1:23-cv-03854 |
| v. | |
| Action Care Mobile Veterinary Clinic, LLC, | Dist. Judge John J. Tharp Jr. |
| Defendant/Counter-plaintiff. | Mag. Judge Gabriel A. Fuentes |

**<u>ACTION CARE'S REPLY IN SUPPORT OF ITS SECOND MOTION FOR COURT
APPROVAL TO USE SKRIBE.AI FOR DEPOSITIONS AND TO COMPEL
DEPOSITION OF DR. AMY BECKLEY USING SKRIBE.AI</u>**

i

**TABLE OF CONTENTS**

**INTRODUCTION** ...................................................................................................................1

**ARGUMENT**......................................................................................................................2

    *I.    MFB Has Forfeited Any Objection Under Rules 28 and 30.*...........................................2

    *II.   MFB's Objection to Skribe's Optional AI Features Provides No Basis to Deny the Second
Motion.* ...............................................................................................................................3

        *a.    MFB's asserted confidentiality risk is speculative and would be insufficient for any protective
order.*...........................................................................................................................4

        *b.   The Federal Rules of Civil Procedure permit Action Care to create and make use of unofficial
recordings and transcriptions of the deposition.* ...............................................................5

        *c.    The authorities MFB cites actually support Action Care's use of Skribe.* .................................6

        *d.   MFB's own conduct undercuts its data-privacy objection.*...........................................9

        *e.    Approving Skribe serves Rule 1 and the proportionality the Federal Rules of Civil Procedure
require.*.........................................................................................................................9

**CONCLUSION** .................................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Albrecht as Next Friend for N.S.S. v. Dick's Sporting Goods, Inc.*,
No. 21 C 2016, 2022 WL 2356416 (N.D. Ill. June 30, 2022)......................................................10

*Alcorn v. City of Chicago*,
336 F.R.D. 440 (N.D. Ill. 2020) ..................................................................................................6

*Cordero v. Olson Assocs. P.C.*,
No. 2:23-CV-00756, 2025 WL 1435807 (D. Utah May 19, 2025)...............................................6

*Crothersville Lighthouse Tabernacle Church, Inc. v. Church Mut. Ins. Co.*,
168 F.4th 483 (7th Cir. 2026) .....................................................................................................2

*First Wisconsin Mortg. Tr. v. First Wisconsin Corp.*,
584 F.2d 201 (7th Cir. 1978).....................................................................................................10

*G&S Holdings LLC v. Cont'l Cas. Co.*,
697 F.3d 534 (7th Cir. 2012).......................................................................................................2

*Gulf Oil Co. v. Bernard*,
452 U.S. 89 (1981) ......................................................................................................................4

*Hamer v. Neighborhood Hous. Servs. of Chi.*,
583 U.S. 17 (2017).......................................................................................................................3

*In re Broiler Chicken Antitrust Litig.*,
No. 1:16-CV-08637, 2020 WL 3469166 (N.D. Ill. June 25, 2020)............................................5

*In re Caesars Ent. Operating Co., Inc.*,
584 B.R. 847 (Bankr. N.D. Ill. 2018)..........................................................................................4

*Patterson Dental Supply, Inc. v. Pace*,
No. 19-CV-1940 (JNE/LIB), 2020 WL 10223626 (D. Minn. Nov. 5, 2020) ..............................5

*Reliable Money Ord., Inc. v. McKnight Sales Co.*,
704 F.3d 489 (7th Cir. 2013).......................................................................................................7

*U.S. v. Fullwood*,
No. 12-10890, 2013 WL 1774717 (E.D. Mich. Apr. 25, 2013)...................................................7

*Williams v. City of Chicago*,
No. 23 CV 14905, 2025 WL 3072652 (N.D. Ill. Nov. 4, 2025) ..................................................9

*Wilson v. Olathe Bank*,
184 F.R.D. 395 (D. Kan. 1999).....................................................................................................4

*Zurbriggen v. Twin Hill Acquisition Co., Inc.*,
No. 17 C 05648, 2020 WL 4349891 (N.D. Ill. July 29, 2020) ...................................................2

**Rules**

Fed. R. Civ. P. 1...........................................................................................................................9
Fed. R. Civ. P. 26.........................................................................................................................9
Fed. R. Civ. P. 28....................................................................................................................passim
Fed. R. Civ. P. 30....................................................................................................................passim

N.D. Ill. LR 83.50 ..............................................................................................................8


## **Other Authorities**

ABA Formal Opinion 512 .................................................................................................6
ABA Model R. of Prof'l Conduct......................................................................................7
Ill. R. of Prof'l Conduct.....................................................................................................7
Ill. Sup. Ct's AI Policy ......................................................................................................8

Defendant/Counter-plaintiff Action Care Mobile Veterinary Clinic, LLC ("Action Care" or "Defendant"), by its counsel, respectfully submits this reply in support of its Second Motion for Court Approval to Use Skribe.AI ("Skribe") for Depositions and to Compel the Deposition of Dr. Amy Beckley ("Second Motion") [ECF No. 103]. Action Care replies to the Response in Opposition to the Second Motion ("MFB Resp.") [ECF No. 108] filed by Plaintiff/Counter-defendant MFB Fertility Inc. ("MFB" or "Plaintiff"), as follows:

## INTRODUCTION

When it issued its order of June 16, 2026 ("Order") [ECF No. 102] denying Action Care's initial motion seeking the same relief ("Initial Motion") [ECF No. 100], the Court did so for a limited set of reasons. The Court required additional details confirming that the proposed deposition procedure complies with Federal Rules of Civil Procedure 28 and 30 and yields a reliable official record. Order at 1–3. Action Care's Second Motion and the accompanying Declaration of Skribe's Chief Executive Officer, Thomas J. Irby ("Skribe Decl.") [ECF No. 103-1], squarely provided that required detail.

MFB does not argue that the proposed protocol violates Rule 28, Rule 30, or any other governing authority. Instead, MFB offers only a noncommittal assertion that the showing "may or may not be sufficient," while advancing no substantive deficiency. *See* MFB Resp. at 1. The omission is dispositive. MFB has effectively conceded the only issues identified in the Order.

Unable to contest the legitimacy of the proposed deposition protocol, MFB pivots to a wholly different issue – Skribe's optional AI analytical features. These features were not flagged by the Court when ruling on the Initial Motion, form no part of the official record, and have no bearing on compliance with Rule 28 or Rule 30. MFB's diversion should be rejected. Regardless, as addressed herein and the accompanying Supplemental Declaration of Thomas J. Irby of Skribe,

1

Inc. ("Suppl. Irby Decl."),[1] Action Care's proposed uses of Skribe's optional AI features comport with all governing standards and advance the goals of a just, speedy, and inexpensive determination. The Second Motion should be granted.

## **ARGUMENT**

### *I.     MFB Has Forfeited Any Objection Under Rules 28 and 30.*

The Order identified a limited set of deficiencies in the Initial Motion. These can be boiled down into a single concern: the absence of sufficient detail demonstrating compliance with Rule 28 and Rule 30. Action Care cured that deficiency in full. The Second Motion and the Skribe Declaration established, point by point,[2] how the noticed procedure comports with Rules 28 and 30, as well as how the "official record" created using Skribe is tamper-resistant and supplies the necessary "indicia of reliability." *See* Second Motion at 3–5; Skribe Decl. ¶¶ 4–20.

MFB does not challenge any of these facts. It does not identify a single element of noncompliance. MFB's statement that the showing "may or may not be sufficient" is not an argument – it is an abdication. The Seventh Circuit has "repeatedly held that a party waives an argument by failing to make it before the district court." *G&S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012); *see also*, *Crothersville Lighthouse Tabernacle Church, Inc. v.*

---

[1] "While litigants may not raise new arguments for the first time in a reply brief, where the reply affidavit merely responds to matters placed in issue by the opposition brief and does not spring upon the opposing party new reasons for granting a motion, reply papers – both briefs and affidavits – may properly address those issues." *Zurbriggen v. Twin Hill Acquisition Co., Inc.*, No. 17 C 05648, 2020 WL 4349891, at *2 n.4 (N.D. Ill. July 29, 2020) (THARP, J.) (cleaned up). The Supplemental Irby Declaration helps address points brought up in MFB's Response.

[2] **Officer and oath.** The deposition is conducted before a commissioned notary public authorized to administer oaths, who verifies the deponent's identity and administers the oath on the record. FED. R. CIV. P. 28; Skribe Decl. ¶¶ 4–6. **Deposition-managing (officer) functions.** The notary digital reporter performs the active, on-the-record functions of a deposition officer, including the Rule 30(b)(5) opening statements, identifying speakers, requesting that participants not speak over one another, and ensuring that the appearance and demeanor of the witness and counsel are not distorted. FED. R. CIV. P. 30(b)(5); Skribe Decl. ¶¶ 12–14. **Witness review.** The deponent retains the full 30-day review-and-signature right. FED. R. CIV. P. 30(e); Skribe Decl. ¶ 18. **Certification.** A single qualified officer certifies both the audiovisual recording and the written transcript, and verifies that the transcript is a true, verbatim, and accurate record of the testimony. FED. R. CIV. P. 30(f)(1); Skribe Decl. ¶¶ 7, 9, 17. **Chain of custody and retention.** The recording is preserved with a maintained chain of custody, and the officer retains the recording and furnishes copies of the transcript or recording upon request. FED. R. CIV. P. 30(f)(3); Skribe Decl. ¶¶ 15–16.

*Church Mut. Ins. Co.*, 168 F.4th 483, 490 (7th Cir. 2026) (a party "may waive an issue or argument in many ways, including by failing to raise the issue or argument in the district court, either at all or in a timely fashion.") (cleaned up). At a minimum, MFB has forfeited the argument. *See Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 20 n.1 (2017) ("The terms waiver and forfeiture – though often used interchangeably by jurists and litigants – are not synonymous. Forfeiture is the failure to make the timely assertion of a right; waiver is the intentional relinquishment or abandonment of a known right.") (cleaned up). MFB's assertion that Action Care's showing "may or may not be sufficient" – without any supporting analysis – falls squarely within these principles, effecting a forfeiture or a waiver. Either way, having failed to contest the dispositive issue identified by the Court, MFB cannot prevent relief by changing the subject. The Court may – and should – treat compliance with Rules 28 and 30 as uncontested and grant the Second Motion on that basis alone.

## II. *MFB's Objection to Skribe's Optional AI Features Provides No Basis to Deny the Second Motion.*

Prior to Action Care's filing of the Initial Motion, MFB's counsel had objected via email to Action Care's proposed use of Skribe, citing various concerns relating to data privacy. *See* ECF No. 103-4. Subsequent communications from MFB's counsel, however, belied that all of MFB's concerns would presumably be addressed if Action Care "just use[d] a court reporter." *Id*. MFB now reveals that its concerns as to Action Care's proposed omission of a court reporter were all pretextual. Having made no substantive argument objecting to nonstenographic recording of depositions, MFB now instead pivots to attacking Action Care's proposed use of Skribe's optional AI analytical tools. Setting aside that (i) the Court did not raise AI tools, confidentiality risks, or privilege concerns in its Order and (ii) MFB, as the objecting party, has the burden of seeking a protective order from a proposed deposition method, MFB's objections still fail at every level.

3

### a. MFB's asserted confidentiality risk is speculative and would be insufficient for any protective order.

A party seeking to prohibit an otherwise permissible deposition method bears the burden of showing good cause under Rule 26(c). Second Motion at 2 (citing FED. R. CIV. P. 30(b) advisory committee's note to 1993 amendment). MFB has not sought a protective order and instead relies on generalized privacy concerns that the Court did not identify in its Order. In any event, MFB has not established good cause.

MFB's confidentiality objection fails because it is entirely speculative. A party seeking to prohibit an otherwise permissible deposition method must demonstrate good cause with "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Wilson v. Olathe Bank*, 184 F.R.D. 395, 397 (D. Kan. 1999) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)); *see also*, *In re Caesars Ent. Operating Co., Inc.*, 584 B.R. 847, 851 (Bankr. N.D. Ill. 2018) (imposing identical standard for protective orders seeking to prevent document disclosure). The "speculative possibility" of harm "constitutes no good cause" to override the deposing party's choice of deposition method. *Wilson*, 184 F.R.D. at 398. A finding to the contrary would otherwise "devour the choice" the Federal Rules confer. *Id*. The injury in question must be "clearly defined and serious," and the allegations of injury should be "supported, if possible, by affidavits and concrete examples." *In re Caesars*, 584 B.R. at 851 (internal quotation marks omitted). "All doubts about whether material should be kept confidential must be resolved in favor of disclosure." *Id*. at 852. MFB identifies no actual confidentiality breach, no deficiency in Skribe's safeguards, and no evidence that use of Skribe is likely to result in disclosure of protected information. Courts routinely reject such speculative objections to technology-enabled depositions. *See Patterson Dental Supply, Inc. v. Pace*, No. 19-CV-1940 (JNE/LIB), 2020 WL 10223626, at *6 n.2 (D. Minn. Nov. 5, 2020) (citing *In re Broiler*

4

*Chicken Antitrust Litig.*, No. 1:16-CV-08637, 2020 WL 3469166, at *4 (N.D. Ill. June 25, 2020)). Because MFB offers only conjecture, its confidentiality concerns provide no basis to deny the Second Motion.

### b. The Federal Rules of Civil Procedure permit Action Care to create and make use of unofficial recordings and transcriptions of the deposition.

Rule 30 explicitly permits the making of unofficial recordings and transcriptions of a deposition for the parties' own purposes, independent of the official record. Specifically, Rule 30(b)(3)(A) provides that the noticing party states the method of recording the testimony – "audio, audiovisual, or stenographic" – and then the rule separately provides that "[a]ny party may arrange to transcribe a deposition." Meanwhile, Rule 30(b)(3)(B) allows any party to designate additional methods to create records or transcripts at its own cost. Recording and transcription are distinct acts. *See* FED. R. CIV. P. 30(b)(3)(B) ("[party designating additional method] bears the expense of the additional record **or** transcript unless the court orders otherwise.") (emphasis added); FED. R. CIV. P. 30 advisory committee's note to 2007 amendment ("The right to arrange a deposition transcription should be open to any party, regardless of the means of recording and regardless of who noticed the deposition."). Action Care's election to record testimony audiovisually and nonstenographically, while arranging for separate transcription, rests comfortably within the procedures permitted under Rule 30.

This same distinction between recording and transcription disposes of MFB's objection to the AI-based analytical features. The official record is what the Rule 28 officer creates and certifies under Rule 30. Second Motion at 4. As many courts have found, Rules 28 and 30 require "only that a qualified officer create the official, admissible deposition recording or transcript," and that "nothing prohibits counsel from separately recording depositions for personal use, such as trial preparation." *Cordero v. Olson Assocs. P.C.*, No. 2:23-CV-00756, 2025 WL 1435807, at *2

(D. Utah May 19, 2025) (collecting cases); *see also*, *Alcorn v. City of Chicago*, 336 F.R.D. 440, 444 (N.D. Ill. 2020) (with respect to unofficial and inadmissible recordings of depositions, "the Court sees no harm in allowing a recording to take place simply for use by the attorneys for their own internal trial preparation"). Skribe's optional analytical features are nothing more than Action Care's permitted means of transcribing and working with the testimony for Action Care's own use. They do not create or alter the certified record, and they are consistent with the rules governing the deposition. Suppl. Irby Decl. ¶¶ 2–4. Whether Action Care elects to use optional analytical tools on its own copy of the record is a matter of Action Care's litigation preparation, not of the record's reliability.[3]

### c. *The authorities MFB cites actually support Action Care's use of Skribe.*

Failing to identify any violation of Rules 28 or 30, MFB instead seeks to invoke ABA Formal Opinion 512, rules of professional conduct, and the Illinois Supreme Court's AI Policy. None of these provides a basis to prohibit Action Care's proposed use of Skribe, as none of them prohibits the use of AI-assisted litigation tools. To the contrary, each contemplates that lawyers may use such tools when they do so competently and with appropriate safeguards for confidential information. Action Care has submitted evidence regarding Skribe's security measures, confidentiality protections, access controls, and data practices. MFB identifies no ethical rule that Action Care would violate by using Skribe and provides no evidence of any concrete risk to protected information.

As an initial matter, the duties MFB invokes, including competence, confidentiality, and supervision, concern a lawyer's obligations to the lawyer's own client. As far as choices made by Action Care's counsel are concerned, Action Care, not MFB, benefits from the protections offered

---

[3] Indeed, MFB has the exact same rights. Nothing is stopping MFB, at its own cost, from arranging for transcription or other unofficial recording, stenographic or otherwise, of depositions noticed by Action Care.

by those duties. *See U.S. v. Fullwood*, No. 12-10890, 2013 WL 1774717, at *5 (E.D. Mich. Apr. 25, 2013) ("The fact that a Rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rule.") (quoting ABA Model R. of Prof'l Conduct pmbl. & scope ¶ 20). MFB does not explain how those duties create a basis to prohibit an otherwise permissible deposition procedure.

The Seventh Circuit is in accord. Where an alleged ethical breach neither prejudices an attorney's client nor undermines the integrity of the proceedings, "state bar authorities are generally better positioned to address the matter through disciplinary proceedings, rather than the courts." *Reliable Money Ord., Inc. v. McKnight Sales Co.*, 704 F.3d 489, 499 (7th Cir. 2013). Indeed, rules of professional conduct – including the Illinois Rules – "can be subverted when they are invoked by opposing parties as procedural weapons." *Id.* (quoting ABA Model R. of Prof'l Conduct pmbl. & scope ¶ 20; Ill. R. of Prof'l Conduct pmbl. & scope ¶ 20). MFB identifies no actual ethical violation and instead seeks to prohibit a technology based on speculation about what might occur in the future.

In fact, each authority MFB invokes actually authorizes the very use MFB attacks. Begin with ABA Formal Opinion 512. It does not prohibit the use of AI. To the contrary, Opinion 512 contemplates that lawyers may use AI-based tools throughout litigation – including technology-assisted review, analytics, and tools that help predict how a matter may be resolved – and treats their competent, supervised use as consistent with, not contrary to, professional responsibility. ABA Formal Op. 512, at 1. The record reflects that Action Care evaluated Skribe's confidentiality, security, and data-handling practices before proposing its use. *See* ECF No. 103-4. Nothing in Opinion 512 suggests that such use would be improper.

7

The governing rules of professional conduct point the same way. This District applies the ABA Model Rules as its disciplinary rules, and a lawyer admitted in Illinois is governed by the Illinois Rules of Professional Conduct, as adopted by the Illinois Supreme Court, on any matter the Model Rules do not address or with which they are inconsistent. N.D. Ill. LR 83.50. Action Care's counsel is licensed by the Illinois Supreme Court and has conformed to both. Likewise, MFB identifies no provision of either the Model Rules or the Illinois Rules that would prohibit Action Care's proposed use of Skribe. These Rules require competent and responsible use of technology, not its avoidance.

Finally, the Illinois Supreme Court's AI Policy – the very policy the Court's standing order incorporates – affirmatively endorses this use. As Action Care has already posited multiple times, the Policy authorizes AI use by litigants and attorneys, directs that such use "should not be discouraged," and holds users responsible for reviewing their own final work product. It also recognizes that the responsible integration of AI offers "potential efficiencies and improved access to justice." MFB does not explain how Action Care's proposed use conflicts with that Policy.

In short, every authority MFB marshals actually cuts against MFB. Nothing about Skribe's optional analytical features departs from recognized practice. The record establishes that Skribe: (1) treats data as confidential; (2) does not use it to train AI models; (3) employs access controls and safeguards; and (4) deletes data upon request. Suppl. Irby Decl. ¶¶ 5–8. Skribe has also affirmatively indicated a willingness to comply with the Agreed Confidentiality Order entered in this case. Suppl. Irby Decl. ¶ 9. These protections fully address any legitimate concern. Because no authority MFB cites supports severing the optional AI features from an otherwise proper deposition method, the Court should approve Action Care's proposed use of Skribe in full.

8

### d. MFB's own conduct undercuts its data-privacy objection.

Action Care has submitted sworn evidence addressing Skribe's handling of confidential information and the integrity of the official record. MFB offers no contrary evidence. Nor does MFB explain why the privacy concerns it raises regarding Skribe would not also apply to technology platforms used by its own reporting vendor for depositions noticed by MFB. *See* ECF No. 103-4. Absent such a showing, MFB's objections remain speculative, endorse a double standard, and provide no basis to prohibit Action Care's chosen technologies or deposition method.

### e. Approving Skribe serves Rule 1 and the proportionality the Federal Rules of Civil Procedure require.

Approval of Skribe and all of its features advances the principles embodied in Rules 1 and 26. Rule 1 directs that the Federal Rules be applied to secure the just, speedy, and inexpensive determination of actions, and Rule 26(b)(1) makes proportionality – expressly including "the parties' resources" and "whether the burden or expense of the proposed discovery outweighs its likely benefit" – central to discovery. *Williams v. City of Chicago*, No. 23 CV 14905, 2025 WL 3072652, at *2 (N.D. Ill. Nov. 4, 2025). Skribe enables Action Care to obtain a reliable, rules-compliant deposition record at substantially lower cost than traditional alternatives. MFB identifies no violation of the Federal Rules and no concrete risk that would justify foreclosing that efficiency. Denying Action Care access to a less expensive, rules-compliant deposition platform based on speculative concerns would be inconsistent with the proportionality and cost-effectiveness principles that govern modern discovery. *See id.* ("[Rule 26(b)(1)] obligates the parties and the court to assess deposition requests based on a cost-benefit analysis.").

MFB also cites its counsel's experience and his firm's internal AI policy. Neither establishes a legal standard governing the use of Skribe in this case. *See Albrecht as Next Friend for N.S.S. v. Dick's Sporting Goods, Inc.*, No. 21 C 2016, 2022 WL 2356416, at *5 (N.D. Ill.

9

June 30, 2022) (explaining that Illinois courts "have repeatedly rejected the notion that a [private company's] internal policies create a legal duty or new standard of care" and collecting cases). The relevant question is whether Action Care's proposed procedure complies with the Federal Rules and applicable ethical obligations. For the reasons discussed above, it does. Different firms responsibly achieve compliance and efficiency in different ways. What the Rules require is that all counsel understand and responsibly use their chosen tools, not that a small firm replicate the internal governance apparatus of a large one. *Cf. First Wisconsin Mortg. Tr. v. First Wisconsin Corp.*, 584 F.2d 201, 222 (7th Cir. 1978) (CASTLE, J., concurring) ("Large clients, as well as large firms, should not be shielded from the results of properly applied ethical principles.").

## CONCLUSION

MFB does not contest the issue that matters. It has abandoned any challenge under Rules 28 and 30 – the sole basis for the Court's prior pause – and instead advances a tangential objection that is procedurally improper and substantively meritless. Action Care respectfully requests that the Court grant its Second Motion, approve Action Care's proposed use of Skribe and all of its features, and compel the deposition of Dr. Beckley via Skribe, as to be re-noticed by Action Care.

Dated:  July 8, 2026

Respectfully submitted,

**ACTION CARE MOBILE VETERINARY CLINIC, LLC**

By: /s/ *Ilya G. Zlatkin*
Ilya G. Zlatkin
ZLATKIN CANN ENTERTAINMENT
4245 North Knox Avenue
Chicago, Illinois 60641
Tel: (312) 809-8022
ilya@zce.law

*Counsel for Defendant/Counter-plaintiff Action Care Mobile Veterinary Clinic, LLC*