**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| MFB FERTILITY INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 1:23-cv-03854 |
| | § | Hon. John J. Tharp Jr. |
| ACTION CARE MOBILE | § | Hon. Gabriel A. Fuentes |
| VETERINARY CLINIC, LLC, | § | |
| | § | |
| *Defendant.* | § | |

**BRIEF OF REMOTE LEGAL COURT REPORTING, LLC AS *AMICUS CURIAE* IN SUPPORT OF DEFENDANT'S SECOND MOTION FOR COURT APPROVAL**

Remote Legal Court Reporting, LLC is a court reporting company that offers technology-enabled, nonstenographic remote deposition services. Its personnel provide accurate and cost-effective transcription services across the United States, including in the Northern District of Illinois. Remote Legal has a substantial interest in ensuring that courts recognize that federal law permits modern court reporting technologies, including nonstenographic methods. No party's counsel authored or funded this brief. No person or entity other than Remote Legal and its counsel contributed to its preparation or submission.

**ARGUMENT[1]**

Remote Legal agrees with Defendant's arguments in favor of the motion. It submits this brief to highlight that the Federal Rules of Civil Procedure allow a

---

[1] This brief omits internal citations, internal alterations, and quotation marks in quoted materials.

1

deposition to be taken before a qualified digital reporter, and that sound policy supports the Rules' approach.

## I.     The Rules require a qualified human officer but do not require stenographic recordings or transcriptions.

The Court invited briefing on whether a party may "use an artificial intelligence platform in lieu of a court reporter to conduct depositions." Dkt. 106. That question involves two separate issues: First, before whom may a deposition proceed? Second, how can a deposition be recorded and transcribed?

A deposition "must be conducted before an officer appointed or designated under Rule 28." Fed. R. Civ. P. 30(b)(5)(A). That officer need not be a stenographic court reporter. Rather, a domestic deposition may proceed before "(A) an officer authorized to administer oaths either by federal law or by the law in the place of examination; or (B) a person appointed by the court where the action is pending to administer oaths and take testimony." *Id.* 28(a)(1). The only limit is that a "deposition must not be taken before a person who is any party's relative, employee, or attorney; who is related to or employed by any party's attorney; or who is financially interested in the action." *Id.* 28(c).

Remote deposition platforms such as Skribe and Remote Legal employ digital reporters who satisfy these criteria. Relevant here, every deposition on Skribe's platform is conducted before a commissioned notary who can administer oaths "by the law in the place of examination." *Id.* 28(a)(1)(A); *see also* Dkt. 103-1 at 2. These digital reporters are not associated with any party. Dkt. 103-1 at 2.

2

Similarly, a deposition may be recorded and transcribed by nonstenographic means. The 1993 amendment to Rule 30 expressly authorized nonstenographic deposition recording without prior court approval or opposing counsel's agreement. Fed. R. Civ. P. 30 advisory committee's note to 1993 amendment. Following this amendment, depositions may "be recorded by audio, audiovisual, or stenographic means." *Id.* 30(b)(3)(A). The Rule 28 officer is responsible for ensuring that the "deponent's and attorneys' appearance or demeanor" are not "distorted through recording techniques." *Id.* 30(b)(5)(B). As for transcription, "[a]ny party may arrange to transcribe a deposition." Fed. R. Civ. P. 30(b)(3)(A). That is true regardless of whether the deposition was recorded stenographically or through some other means. *Id.* Still, parties should transcribe audio or audiovisual recordings because a party offering testimony in a "nontranscript form" generally must also provide "a transcript" of the portions offered before a court may consider it. *Id.* 32(c).

Remote deposition platforms such as Skribe and Remote Legal also satisfy these requirements. They provide accurate audiovisual recording along with reliable transcriptions derived from them. Here, Skribe's digital reporters ensure that the audiovisual recording "is intelligible, accurate and trustworthy and is a true record of the testimony." Dkt. 103-1 at 2. They also ensure that the final transcript is "true, verbatim, and accurate." *Id.* For example, unlike unreviewed AI-generated outputs, Remote Legal's transcripts are produced through a multi-step process in which reporters, often working with trained transcriptionists, scopists, and proofreaders, review the record and prepare, proofread, and finalize the transcript. The deponent

3

then reviews the transcript, notes any changes, and signs a verification that the transcript is accurate. *Id.* at 4.

In sum, the Federal Rules of Civil Procedure allow remote deposition platforms to take, record, and transcribe testimony. Rule 28 provides that a person who may administer oaths—such as a notary—is a qualified officer in a deposition. And Rule 30 allows that officer to record and transcribe that deposition audiovisually.

## II. Sound policy supports allowing nonstenographic deposition recordings.

Moreover, remote deposition platforms provide crucial services to litigants. Their transcription services are cheaper than stenographic transcription yet are equally—if not more—reliable. And they are increasingly essential to the timely functioning of the justice system as the number of shorthand court reporters decreases.

First, nonstenographic remote deposition platforms outcompete traditional stenographic reporting on price. On average, Remote Legal's nonstenographic services are 45% cheaper than comparable stenographic offerings. *See All-Inclusive Pricing*, REMOTE LEGAL, https://remotelegal.com/pricing/ (last visited Aug. 10, 2026). That price differential increases parties' access to justice, particularly for economically disadvantaged parties.

Second, remote deposition platforms do not sacrifice quality. One way that services like Remote Legal safeguard quality is through reliable personnel: Remote Legal is controlled and owned by an attorney, and its personnel must be certified by the American Association of Electronic Reporters and Transcribers. That certification

4

involves examination of legal procedures, reporting protocols, and ethical standards, as well as continuing education requirements.[2] Skribe similarly employs notaries to ensure that its personnel are reliable. *See* Dkt. 103-1 at 2. Standard discovery procedures also ensure the quality of nonstenographic recordings and transcriptions. For example, all parties must be notified in advance that a deposition will be recorded using a remote deposition platform. Fed. R. Civ. P. 30(b)(3). If desired, "any party may designate another method for recording the testimony in addition to" a service such as Skribe or Remote Legal. *Id.* 30(b)(3)(B). Regardless, the deponent will have the opportunity to review the nonstenographic transcript, make corrections, and sign an errata sheet affirming that the transcript was a true record of the testimony. *Id.* 30(e).

Finally, restricting remote deposition platforms would worsen the impact of the increasing shortage of stenographers, threatening due process rights. In the last decade alone, the number of stenographers in the United States has declined by 21%.[3] That trend will soon accelerate: "[E]nrollment in stenography schools has plummeted by 74%, and nearly half of stenography programs have closed altogether." *Id.* Companies like Skribe and Remote Legal step into that gap by providing accurate,

---

[2] *See Certification Exams*, AM. ASS'N ELEC. REPORTERS & TRANSCRIBERS, https://aaert.org/become-certified/certification-program/ (last visited Aug. 10, 2026; *Certification Renewal Process, Reinstatement, & CEUs*, AM. ASS'N ELEC. REPORTERS & TRANSCRIBERS, https://aaert.org/become-certified/ceus-recertification/ (last visited Aug. 10, 2026).

[3] *Industry Report Shows Growing Need for More Court Reporters and Rise of Digital Reporting as a Scalable Solution*, AM. ASS'N ELEC. REPORTERS & TRANSCRIBERS, https://aaert.org/industry-report (last visited Aug. 10, 2026).

timely legal transcripts. Without their operations, legal systems will likely struggle to produce timely, sufficient records of proceedings.

## CONCLUSION

This Court should grant Defendant's motion (Dkt. 103).

Respectfully submitted,

*/s/Michelle Stratton*
Michelle Stratton (admitted *pro hac vice*)
Christian McGuire (admitted *pro hac vice*)
MURPHY BALL STRATTON LLP
1001 Fannin St., Suite 720
Houston, Texas 77002
(832) 726-8321
mstratton@mbssmartlaw.com
cmcguire@mbssmartlaw.com

*/s/ Bradley C. Williams*
Agelo L. Reppas (ADRC No. 6272923)
Bradley Williams (ADRC No. 6344728)
BATESCAREY LLP
191 N. Wacker Dr., Suite 2400,
Chicago, Illinois 60606
(312) 762-3270
areppas@batescarey.com
bwilliams@batescarey.com

*Counsel for Amicus Curiae*
*Remote Legal Court Reporting, LLC*

6

## CERTIFICATE OF SERVICE

The undersigned, an attorney, does hereby certify that on August 10, 2026, they caused a true and correct copy of the foregoing to be served upon all parties by electronic mail and this Court's ECF system.

/s/ *Bradley C. Williams*
Bradley C. Williams