**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MFB FERTILITY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 23 C 3854 |
| v. | ) | |
| | ) | District Judge John J. Tharp Jr. |
| ACTION CARE MOBILE VETERINARY | ) | |
| CLINIC, LLC, | ) | Magistrate Judge Gabriel A. Fuentes |
| | ) | |
| Defendants. | ) | |

# ORDER

On June 16, 2026, the Court issued an order denying Defendant Action Care Mobile Veterinary Clinic, LLC's ("Action Care") motion for court approval to use the software Skribe.AI ("Skribe") to record depositions and to compel the founder of Plaintiff MFB Fertility, Inc. ("MFB"), Dr. Amy Beckley, to sit for a deposition in which Action Care used Skribe. ("Initial Motion"; D.E. 100 at 2.) The Court found that Action Care did not establish how Skribe would create and certify a deposition record in compliance with Federal Rules of Civil Procedure 28 and 30 and denied the Initial Motion without prejudice. ("June 16 Order"; D.E. 102 at 4.) On June 18, Action Care renewed its motion. ("Motion"; D.E. 103 at 6.) The Motion is now fully briefed. ("Response"; D.E. 108; and "Reply"; D.E. 109.) Three amici curiae submitted briefs after the Court solicited amicus briefing from interested persons and organizations (D.E. 106): (1) U.S. Legal Support, Inc., Esquire Deposition Solutions, Veritext, LLC, and Magna Legal Services ("Court Reporting Services" or "U.S. Legal, et al."; D.E. 126); (2) Remote Legal Court Reporting, LLC ("Remote Legal"; D.E. 127); and (3) Council for Advancement of Professionals, Technology, and Unbiased Reporting ("CAPTUR"; D.E. 128).

## BACKGROUND

On May 1, 2026, Action Care informed MFB's counsel that it intended to conduct Beckley's deposition using Skribe, which Action Care's counsel described as:

> the same [as] deposition via Zoom ... but the only difference is that there is no court reporter. Instead, there is a certified notary that administers the oaths and handles the technical side of the deposition. A rough transcript is created using automatic speech recognition (ASR) software, after which, within a week, a real person reviews the rough transcript, matches it all to the video recordings, and then certifies as to the accuracy of the final transcript.

Initial Motion, Ex. 1: Declaration of Action Care Counsel Ilya Zlatkin ("Zlatkin Decl."), Ex. A (email correspondence). On May 22, MFB's counsel objected to Action Care's use of Skribe, questioning whether it complied with Rule 30 and whether "Skribe.AI's description of itself as an AI-powered 'Deposition Intelligence Platform' that permits users to search, analyze, summarize, and reuse testimony" meant that Skribe "involves the creation, processing, storage, and analysis of testimony and exhibits by a third-party AI platform that may generate transcripts, summaries, analytics, searchable testimony databases, synced video/text functionality, and other derivative materials outside the traditional deposition process." Zlatkin Decl., Ex. B (email correspondence).[1]

On May 27, Zlatkin responded to MFB's counsel, stating that Skribe recorded depositions non-stenographically using a "human digital reporter" who is "trained in digital court reporting standards" and that Skribe "offers optional AI analytical tools that attorneys may use to review testimony," which "run on Anthropic's enterprise API." *Id.*[2] Zlatkin stated that Skribe's AI tools "do not create the transcript, do not alter the record, and are not part of the official proceedings." *Id.* "The deposition is recorded via Zoom with redundant backup recording by Recall. Data is

---

[1] The parties use the term "AI" to refer generally to the use of artificial intelligence.

[2] Anthropic is the company that owns the API (Application Programming Interface), or AI assistant, Claude.

stored on AWS and Box." *Id*. Furthermore, Zlatkin stated that Skribe's "formal certification [was] in progress." *Id*.

On June 4, 2026, MFB's counsel informed Zlatkin that it continued to object to his use of Skribe because:

> There are at least five vendors listed ... (Zoom, Recall, AWS, Box, and Anthropic), all of which may have their own data privacy and information security policies in addition to those listed by Skribe AI itself... The use of the 'optional AI features' during the testimony also raises some questions – those tools are necessarily running on the actual recording and transcription of the testimony, which implies some AI processing of those files in real time. Saying that the AI tools run on 'Anthropic's enterprise API' doesn't necessarily mean that you have an enterprise license with Skribe AI, who in turn must have an enterprise license with Anthropic that also prohibits training on any data... There are no provisions in Skribe's terms and conditions related to the optional AI features and their use of data.

*Id*. On June 5, Zlatkin responded that "[i]f there's no agreement on our preferred use of Skribe AI, then we're filing a motion seeking confirmation from the court on Monday." *Id*. The parties did not reach agreement (Zlatkin Decl. at ¶¶ 8-10), and the Initial Motion followed on June 13.

In the Initial Motion, Action Care largely ignored MFB's primary objection to its use of Skribe, that is, the *AI portion* of using Skribe. Instead, it argued that MFB's "objections to Action Care's intention to use Skribe are based solely on Action Care's intention to avoid the use of a court reporter, rather than any genuine data privacy, maintenance, or security concerns." Initial Motion at 7. As to "concerns about Action Care's use of Skribe's artificial intelligence features," Action Care's counsel stated that based on his review of the Illinois Supreme Court's policy on AI and his talks with Skribe's representatives, he "believes that the use of Skribe's artificial intelligence features will comport with all applicable rules and counsel's obligations." *Id*. at 8-9.

The Court found the Initial Motion insufficient on its face, as it did not establish that a Skribe-conducted deposition would comply with Rules 28 and 30. June 16 Order at 2. Contrary to Action Care's assertions in the instant Motion, the Court did not "limit[]" or circumscribe the

grounds upon which MFB could object to Action Care's use of Skribe to record deposition testimony. Motion at 1-2. The Court did not "raise" the "propriety of using Skribe's artificial intelligence features," *id*., because the Initial Motion failed under the Rules and because Action Care's Initial Motion barely touched the issue.

**ANALYSIS**

In the instant renewed Motion, Action Care again focuses its argument on whether using Skribe met the requirements of Rules 28 and 30. Action Care confirms that it intends to use Skribe's "additional AI features" but provides no additional argument in support of that proposal. Motion at 6. MFB's objection to Skribe continues to focus on Action Care's stated intent to use Skribe's optional AI features, which MFB argues "is designed not merely to record testimony, but to analyze testimony and assist counsel during an active deposition" for the "strategic benefit of one party during the examination" with the use of "an AI platform that receives, processes, analyzes, and generates analytical outputs from confidential deposition testimony in real time." Response at 2, 4-5. MFB represents that it would not object to Action Care's use of Skribe to conduct a non-stenographic deposition if Action Care's counsel "simply agree[d] not to use Skribe's 'AI-Powered Analysis' and 'Deposition Intelligence' features, or any comparable real-time AI analytical functionality, in connection with the depositions in this matter," which are, "by Action Care's own description and by Skribe's own marketing, entirely 'optional.'" ("MFB Reply to Amici"; D.E. 131 at 4.)

**I. Action Care May Use Skribe to Record Depositions Non-Stenographically.**

Under Federal Rule of Civil Procedure 30(b)(3), "testimony may be recorded by audio, audiovisual, or stenographic means." Fed. R. Civ. P. 30(b)(3). Notwithstanding Action Care's lengthy arguments that its use of Skribe would comply with the federal rules, as MFB presents no

concerns that Skribe's audiovisual recording and transcript will meet the requirements of the federal rules and be able to serve as the official record, *see* MFB Reply to Amici at 4 and Response at 1, the Court is not called upon to resolve any real dispute about whether Skribe's method of nonstenographically recording depositions is somehow improper under Rules 28 or 30. Indeed, while the amici for the large court reporting firms state that Skribe's digital reporting methods differ in certain ways from their own digital court reporting services,[3] they broadly agree that digital court reporting in the manner attested to in the declaration of Skribe's CEO ("Skribe Decl."; Motion, Ex. 1 at ¶¶ 3-4, 6, 12)[4] would satisfy Rules 28 and 30. *See* Remote Legal Br. at 2-3 (comparing the statements in the Skribe Declaration to the practices of its own digital court reporting services); U.S. Legal, et al. Br. at 1-3 (explaining ways in which digital court reporting generally meets the requirements of the federal rules, which overlaps with the statements in the

---

[3] The amici cite two primary ways in which Skribe differs from their own digital court reporting services. First, every amici requires their digital court reporters to be certified by the American Association of Electronic Reporters and Transcribers, which was the nationally recognized credentialing organization for professionals engaged in digital reporting and transcription until it merged recently to form CAPTUR. *See* Remote Legal Br. at 4, 6; U.S. Legal, et al. Br. at 5-6; CAPTUR Br. at 1, 11. By contrast, the Skribe CEO attests only that the Skribe digital reporter is "a trained, neutral record professional." Skribe Decl. at ¶ 6. Second, although the audiovisual recording will be the "official" record of the deposition, Skribe produces a transcript using automatic speech recognition technology followed by human review, which transcript the notary digital reporter then verifies. Skribe Decl. ¶ 17. By contrast, amici U.S. Legal, et al. and CAPTUR state that in "traditional" digital court reporting, the same individual who captured and managed the record also verifies the written transcript. CAPTUR Br. at 9, 15-17; U.S. Legal, et al. Br. at 2, 7-8.

[4] Skribe's CEO attested that a Skribe digital reporter is a commissioned notary public under Rule 28, who records the audiovisual deposition non-stenographically in a remote location, but remains "present" throughout the deposition, including administering the oath on the record and making the required Rules 30(b)(5)(A) and 30(b)(5)(C) on-the-record statements and verifications. Skribe Decl. at ¶¶ 4, 6, 11-12. Further, the Skribe CEO attests that its digital reporters meet Rule 30(b)(5)(B)'s requirement to ensure that the "deponent's and attorneys' appearance or demeanor must not be distorted through recording techniques," because they "manage[] the record throughout: confirming the recording is running, monitoring audio and audiovisual quality, identifying speakers, requesting that participants not speak over one another, clarifying and requesting the spelling of names and unfamiliar terms, tracking duration of examination per attorney, marking and tracking exhibits, and noting interruptions or technical issues." *Id.* at ¶¶ 13-14. In addition, the Skribe digital reporter certifies both that the audiovisual recording "is intelligible, accurate and trustworthy and is a true record of the testimony given by the witness," and that the written transcript is a "true, verbatim, and accurate record of the testimony given during the official non-stenographic audio and video recording." *Id.* at ¶¶ 7, 9.

Skribe Declaration); CAPTUR Br. at 11-17 (explaining that the Skribe Declaration appeared to meet the requirements of the federal rules, despite Skribe's differences from other digital court reporting services). In light of the amici briefing and the lack of objection from MFB, the Court partially grants Action Care's Motion, insofar as it seeks the Court's permission to use Skribe to non-stenographically record depositions in this case.

## II. Action Care's Use of Skribe's AI "Optional" Functionality During Depositions Is Another Matter Entirely.

Although Skribe may be used to record depositions in this case, the Court will *not* compel MFB to submit to Action Care's use of Skribe's AI functionality during the depositions. MFB contends that Action Care's use of what it calls Skribe's "optional" AI platform tools raises legal and ethical concerns that "confidential testimony and exhibits are being submitted to a third-party AI platform," and that such materials could be "discoverable" and "impact attorney-client privilege, work-product protection, confidentiality obligations, and compliance with the Protective Order." Response at 4-5. In its Reply, Action Care argues that MFB's concerns about its use of those AI tools are speculative, and submits a supplemental declaration from Skribe's CEO, purporting to contain sufficient "evidence regarding Skribe's security measures, confidentiality protections, access controls, and data practices" to rebut MFB's concerns. Reply at 6. Specifically, Skribe's CEO attested that:

- Skribe's AI features "do not create, certify, or alter the official deposition record;"
- "materials an individual attorney or law firm uploads to use the optional AI tools, including search and analytical features, are retained only as needed and deleted upon request;"
- "Skribe does not use any data provided by users of its platform to train any AI models;" and
- Skribe "will handle any materials designated confidential" according to the protective order in the case.

*Id.*, Ex. 1 (Skribe AI Decl.) at ¶¶ 2, 7-9. Action Care contends that "Skribe's optional analytical [AI] features are nothing more than Action Care's permitted means of transcribing and working with the testimony for Action Care's own use," like the permitted practice of "separately recording depositions for personal use, such as trial preparation." Reply at 5-6.

In the end, the briefing from Action Care on how it will use Skribe's AI tools left the Court with more questions than useful answers, and the Court will not exercise its broad discretion over discovery management, *see Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013), to compel MFB to submit to it over objection. Using an AI tool to analyze a deposition in real time, while the deposition is ongoing, is *not* the same as making a second recording for an attorney's own use. Action Care has stated that it will use Skribe's AI tools, which use a third-party AI platform to analyze materials, *in addition* to simply recording the deposition. Although Skribe commits to handling confidential materials pursuant to the protective order entered in this case (D.E. 82), that order does not say anything about the use of AI.[5] And although Skribe attests that it will delete materials "upon request" and that it "does not use any data provided by users of its platform to train any AI models," Action Care's briefing and declarations do not make clear whether Skribe uses publicly accessible third party AI platforms or large language models which

[5] The Court notes that court-ordered or party-agreed provisions in protective orders concerning the use of AI tools with information designated as confidential are not uncommon. *See*, *e.g.*, *United States v. The New York and Presbyterian Hospital*, No. 26-CV-02480-PAE-OTW, 2026 WL 2547094, at *9 (S.D.N.Y. Aug. 28, 2026); *Kerry Zask & William Zask v. Kohl's Corp*., No. 25-CV-948-JPS, 2026 WL 2531856, at *5 (E.D. Wis. Aug. 27, 2026); *Kenari v. Vons Companies Inc*., No. 26-CV-01630-BJC-JLB, 2026 WL 2324898, at *3 (S.D. Cal. Aug. 11, 2026); *In re Skyworks Solutions, Inc. v. Securities Litig*., No. 8:25-CV-00411-DOC-JDE, 2026 WL 2281374, at *9 (C.D. Cal. Aug. 7, 2026); *STT Webos Inc., v. Bytedance Ltd., et al*., 2026 WL 2138557, at *13 (N.D. Cal. July 24, 2026); *Orechovesky v. BNY Admin. Servs., LLC*, No. 1:25-CV-08517-MMG, 2026 WL 1725149, at *4 (S.D.N.Y. June 15, 2026); *Morgan v. V2X, Inc*., No. 25–CV–01991–SKC–MDB, 2026 WL 864223, at *1 (D. Colo. Mar. 30, 2026).

have their own policies on the use and deletion of uploaded materials. *See* Skribe AI Decl. at ¶¶ 2, 7-9; *see also* "Def. Reply to Amici"; D.E. 130 at 9.

Accordingly, the Court will not order MFB to subject itself blindly to Action Care's use of Skribe's third-party AI platform and its tools to analyze depositions in real time. The Court denies the Motion insofar as it seeks to compel MFB to submit to Action Care's use of Skribe's AI "optional" functionality during depositions, but the Motion is granted insofar as Action Care may non-stenographically record the deposition consistent with what the amici have described as accepted industry practice. The Court's decision in this matter is based on the particular aspects of the parties' submissions in this case and should not be construed more broadly.

**CONCLUSION**

For the foregoing reasons, Action Care's Motion (D.E. 103) is granted in part and denied in part. The Court grants the Motion insofar as Action Care seeks permission to use Skribe to nonstenographically record depositions in this matter but denies the Motion insofar as it seeks to compel MFB to subject itself to Action Care's use of Skribe's optional AI functions during the depositions. The Court orders the parties to file a joint status report by noon on September 15, 2026, laying out the remaining fact discovery to be completed in this case, proposing a deadline for fact discovery closure, and proposing an expert discovery schedule, if any.

**SO ORDERED.**

**ENTER:**



**GABRIEL A. FUENTES**
**United States Magistrate Judge**

**DATED: September 9, 2026**